UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

        Plaintiff,

vs.                                    Case No.  04-CV74932
                                       Hon. Anna Diggs Taylor
                                       Magistrate Judge Donald A. Scheer

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana Corporation, JERMAINE O'NEAL,
and ANTHONY JOHNSON,
Jointly and Severally,

        Defendants.

_____/

L.S. CHARFOOS P11799              DICKINSON WRIGHT PLLC
JASON J. THOMPSON P47184         LAWRENCE G. CAMPBELL (P11553)
Charfoos & Christensen, P.C.     BRIAN M. AKKASHIAN (P55544)
Attorneys for Plaintiff          RICHARD M. APKARIAN JR. (P66206)
5510 Woodward Avenue             Attorneys for Defendant Jermaine O'Neal
Detroit, MI  48202               500 Woodward, Suite 4000
(313) 875-8080                   Detroit, MI  48226-3425
                                 (313) 223-3500


                                 MUNGER, TOLLES & OLSON LLP
                                 WILLIAM D. TEMKO
                                 JOSEPH YBARRA
                                 Admission Pending
                                 Co-Counsel for Defendant Jermaine O'Neal
                                 355 South Grand Avenue
                                 35th Floor
                                 Los Angeles, California  90071
                                 (213) 683-9266

_____/


**DEFENDANT JERMAINE O'NEAL'S ANSWER TO PLAINTIFF'S COMPLAINT**

Dockets.Justia.com

Now comes Defendant Jermaine O'Neal (hereinafter referred to as 'Defendant O'Neal"), by and through his attorneys, Dickinson Wright PLLC and Munger, Tolles & Olson LLP, and states the following for his Answer to Plaintiff's Complaint:

1. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 1 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

2. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 2 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

3. Admitted.

4. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 4 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

5. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 5 of Plaintiff's Complaint to the extent they contain a legal conclusion to which no answer is required. To the extent that this Court deems an answer required, Defendant O'Neal admits only that he is a member of the Indiana Pacers basketball team and that he played in a basketball game against the Detroit Pistons on November 19, 2004, at the Palace of Auburn Hills, which is located in Auburn Hills, Michigan.

6. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 6 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

7.  In response to paragraph 7 of Plaintiff's Complaint, Defendant O'Neal admits that there was a basketball game between the Detroit Pistons and the Indiana Pacers on the night of Friday, November 19, 2004.  Defendant O'Neal neither admits nor denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

8.  In response to paragraph 8 of Plaintiff's Complaint, Defendant O'Neal is unable to form an answer because Plaintiff's use of the phrase "certain players" is vague and ambiguous.  To the extent  this Court deems an answer required,  Defendant O'Neal denies the allegations contained in paragraph 8 of Plaintiff's Complaint to the extent they are applicable to him.  Defendant O'Neal neither admits nor denies the allegations contained in paragraph 8 of Plaintiff's Complaint which are applicable to the other named Defendants or concern the conduct of third parties because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

9.  Defendant O'Neal neither admits nor denies the allegations contained in paragraph 9 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant O'Neal admits only that the referees terminated the game prior to the end of regulation.  Defendant O'Neal neither admits nor denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

11. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 11 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

12. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 12 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

13. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 13 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

14. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 14 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

15. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 15 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

16. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 16 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

17. Defendant O'Neal denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 18 of Plaintiff's Complaint because he is unable to identify Plaintiff and

therefore lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

19. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 19 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

20. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 20 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

21. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 21 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

22. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 22 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

23. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 23 of Plaintiff's Complaint to the extent they contain Plaintiff's request for relief to which no answer is required.  To the extent that this Court deems an answer required, Defendant O'Neal neither admits nor denies the allegations contained in paragraph 23 of Plaintiff's Complaint because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

## COUNT I – ASSAULT AND BATTERY

24. Defendant O'Neal restates and realleges his answers to paragraphs 1 through 23 of Plaintiff's Complaint as though fully set forth herein.

25. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 25 of Plaintiff's Complaint to the extent they contain a legal conclusion to which no answer is required. To the extent that this Court deems an answer required, Defendant O'Neal denies the allegations contained in paragraph 25 of Plaintiff's Complaint to the extent they are applicable to him. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 25 of Plaintiff's Complaint which are applicable to the other named Defendants or Plaintiff because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

26. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 26 of Plaintiff's Complaint to the extent they contain a legal conclusion to which no answer is required. To the extent that this Court deems an answer required, Defendant O'Neal denies the allegations contained in paragraph 26 of Plaintiff's Complaint to the extent they are applicable to him. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 26 of Plaintiff's Complaint which are applicable to the other named Defendants because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

27. Defendant O'Neal denies the allegations contained in paragraph 27 of Plaintiff's Complaint to the extent they are applicable to him. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 27 of Plaintiff's Complaint which are applicable to the other named Defendants or Plaintiff because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant Jermaine O'Neal respectfully requests that this Court enter a judgment in favor of Defendant O'Neal and against Plaintiff, dismissing Plaintiff's

Complaint against Defendant O'Neal with prejudice, and awarding Defendant O'Neal his costs, attorney fees, and any other relief this Court deems appropriate.

## COUNT II – WANTON AND WILLFUL MISCONDUCT

28. Defendant O'Neal restates and realleges his answers to paragraphs 1 through 27 of Plaintiff's Complaint as though fully set forth herein.

29. Defendant O'Neal denies the allegations contained in paragraph 29 of Plaintiff's Complaint to the extent they are applicable to him.  Defendant O'Neal neither admits nor denies the allegations contained in paragraph 29 of Plaintiff's Complaint which are applicable to Defendant Johnson because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

30. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 30 of Plaintiff's Complaint to the extent they contain a legal conclusion to which no answer is required.   To the extent that this Court deems an answer required, Defendant O'Neal denies the allegations contained in paragraph 30 of Plaintiff's Complaint to the extent they are applicable to him.  Defendant O'Neal neither admits nor denies the allegations contained in paragraph 30 of Plaintiff's Complaint which are applicable to the other named Defendants because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

## RELIEF SOUGHT

31. Defendant O'Neal restates and realleges his answers to paragraphs 1 through 30 of Plaintiff's Complaint as though fully set forth herein.

32. Defendant O'Neal neither admits nor denies the allegations contained in paragraph 32 of Plaintiff's Complaint to the extent they contain Plaintiff's request for relief

to which no answer is required.  To the extent that this Court deems an answer required, Defendant O'Neal denies the allegations contained in paragraph 32 of Plaintiff's Complaint to the extent they are applicable to him.  Defendant O'Neal neither admits nor denies the allegations contained in paragraph 32 of Plaintiff's Complaint which are applicable to the other named Defendants because he lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

WHEREFORE, Defendant Jermaine O'Neal respectfully requests that this Court enter a judgment in favor of Defendant O'Neal and against Plaintiff, dismissing Plaintiff's Complaint against Defendant O'Neal with prejudice, and awarding Defendant O'Neal his costs, attorney fees, and any other relief this Court deems appropriate.

Respectfully Submitted,

DICKINSON WRIGHT PLLC


By:      /s/  Richard M. Apkarian
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
    Richard M. Apkarian Jr. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500


MUNGER, TOLLES & OLSON LLP
William D. Temko
Joseph Ybarra
Admission Pending
Co-Counsel for Jermaine O'Neal
355 South Grand Avenue
35th Floor
Los Angeles, California  90071
(213) 683-9266

Dated:  March 16, 2005

## <u>DEFENDANT JERMAINE O'NEAL'S AFFIRMATIVE AND SPECIAL DEFENSES</u>

Now comes Defendant Jermaine O'Neal (hereinafter referred to as 'Defendant O'Neal"), by and through his undersigned counsel, and for his Affirmative and Special Defenses states as follows:

1.  Plaintiff's Complaint and each purported cause of action contained therein fail to state a claim upon which relief may be granted, and Defendant O'Neal is entitled to judgment as a matter of law.

2.  Plaintiff is not entitled to any damages, and any claim for punitive damages is not warranted and would violate due process.

3.  Plaintiff has failed, in whole or in part, to mitigate his alleged damages or injuries, if any.

4.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

5.  Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

6.  Plaintiff's claims are barred, in whole or in part, by Plaintiff's voluntary assumption of risk.

7.  Plaintiff's claims are barred, in whole or in part, or must be setoff, by the doctrines of contribution and/or indemnification.

8.  Plaintiff's claims are barred because Defendant O'Neal acted, at all relevant times, in a careful, reasonable, and prudent manner.

9.  Plaintiff's claims are barred because Defendant O'Neal acted, at all relevant times, in good faith, in self-defense and/or the defense of others.

10. Any injuries, loss or damages suffered by Plaintiff were proximately caused by Plaintiff's own carelessness and/or negligence, or the carelessness and/or negligence of others for which Defendant O'Neal is not responsible.

11. Plaintiff's claims are barred because no causal relationship exists between any injuries, loss or damages, if any, suffered by Plaintiff and the alleged negligent or wrongful actions, if any, of Defendant O'Neal.

12. If there was any negligence or other fault proximately causing Plaintiff's alleged injuries, loss or damages, if any, Plaintiff's alleged injuries, loss or damages were proximately caused, in whole or in part, by the acts or omissions of Plaintiff and/or others for which Defendant O'Neal is not responsible.

13. Defendant O'Neal reserves the right to assert such other affirmative and special defenses as may become known through the course of discovery.

Respectfully Submitted,

DICKINSON WRIGHT PLLC


By: ___/s/  Richard M. Apkarian_____
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
    Richard M. Apkarian Jr. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500


MUNGER, TOLLES & OLSON LLP
William D. Temko
Joseph Ybarra
Admission Pending
Co-Counsel for Jermaine O'Neal
355 South Grand Avenue
35th Floor
Los Angeles, California  90071
(213) 683-9266


Dated:  March 16, 2005


BLOOMFIELD  28552-1  677396v1