UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

       Plaintiff,                                   Case No. 04-CV-74932

-vs-                                           Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS     Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

       Defendants.

---

| L.S. CHARFOOS (P11799) | Potter, DeAgostino, Campbell & O'Dea |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | Attorney for Indiana Pacers |
| 5510 Woodward Avenue | 2701 Cambridge Court, Suite 223 |
| Detroit, Michigan 48202 | Auburn Hills, Michigan 48326 |
| (313) 875-8080/FAX 8522 | (248) 377-1700/FAX 0051 |

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
Attorneys for Anthony Johnson
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7651

---

**DEFENDANT INDIANA PACERS' ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES AND
RELIANCE UPON JURY DEMAND**

     NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER,

DeAGOSTINO, CAMPBELL & O'DEA, and for its Answer to Plaintiff's Complaint, states as

follows:

     1.      In response to the allegations contained in paragraph 1 of Plaintiff's Complaint,

Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

2.      In response to paragraph 2 of Plaintiff's Complaint, Defendant admit the allegations contained therein.

3.      In response to the allegations contained in paragraph 3 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

4.      In response to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

5.      In response to paragraph 5 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

6.      In response to the allegations contained in paragraph 6 of Plaintiff's Complaint, Defendant denies for the reason they are untrue.

7.      In response to the allegations contained in paragraph 7 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

8.      In response to the allegations contained in paragraph 8 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

9.      In response to the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief.

2

Defendant leaves Plaintiff to his proofs.

10.     In response to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

11.     In response to the allegations contained in paragraph 11 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

12.     In response to the allegations contained in paragraph 12 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

13.     In response to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

14.     In response to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

15.     In response to the allegations contained in paragraph 15 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

16.     In response to paragraph 16 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief.  Defendant leaves Plaintiff to his proofs.

17.     In response to paragraph 17 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief.  Defendant leaves Plaintiff to his proofs.

18.     In response to paragraph 18 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

19.     In response to paragraph 19 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

20.     In response to paragraph 20 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

21.     In response to paragraph 21 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

22.     In response to paragraph 22 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

23.     In response to paragraph 23 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

## COUNT I - ASSAULT AND BATTERY

24.    Defendant repeats and realleges Paragraphs 1 through 23 of its Answer as though more fully set forth herein.

25.    In response to the allegations contained in paragraph 25 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

26.    In response to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

27.    In response to the allegations contained in paragraph 27 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

## COUNT II - WANTON AND WILLFUL MISCONDUCT

28.    Defendant repeats and realleges Paragraphs 1 through 27 of its Answer as though more fully set forth herein.

29.    In response to the allegations contained in paragraph 29 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

30.    In response to the allegations contained in paragraph 30 of Plaintiff's Complaint, Defendant neither admits nor denies due to lack of information upon which to form a belief. Defendant leaves Plaintiff to his proofs.

## RELIEF SOUGHT

31.    Defendant repeats and realleges Paragraphs 1 through 30 of its Answer as though more fully set forth herein.

32.    No answer is required.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and award Defendant costs, interest and attorneys' fees so wrongfully incurred.

POTTER, DeAGOSTINO, CAMPBELL & O'DEA


s/STEVEN M. POTTER (P33344)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated:  March 15, 2005        spotter@potterlaw.com


## AFFIRMATIVE DEFENSES

NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER, DeAGOSTINO, CAMPBELL & O'DEA, and hereby submits the following as its Affirmative Defenses:

1.    That Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

2.    That Plaintiff's injuries and damages, if any, were not caused in whole or in part by any acts of negligence of Defendant herein, but instead were caused in whole or in part by the

6

negligence and/or comparative negligence of Plaintiff.

3.      That Plaintiff's injuries and damages, if any, were not caused in whole or in part by any act of negligence on the part of Defendant, but instead were caused in whole or in part by actions of third-parties over whom this Defendant had no control.

4.      That this Defendant relies upon all defenses, limitations and/or set offs provided under the Michigan Tort Reform Act, Public Act 178, 1986.

5.      That non-parties to this action, as set forth pursuant to the identification of any non-parties at fault (which is incorporated by reference and made a part hereof), were negligent in causing or creating conditions initiating the incident which was a and/or the proximate cause of Plaintiff's claimed damages.

6.      That as to this Defendant, this action was filed after March 28, 1996; therefore, all provisions of Public Act 161 apply to this Defendant together with all provisions of the Tort Reform that have taken effect.  By way of illustration, but not limitation, this Defendant cites MCL 600.1629(1), 600.2957(3), 600.6304(3), 600.2960, 600.2947(6), 600.2955, 600.2946(2), 600.2947(5), 600.2946(a), 600.2955(a), 600.2947(4), 600.2945(j), 600.2948(2), 600.2947(1), 600.2945(a), 600.1621, 600.1627, 600.1629, 600.1641, 600.2946, 600.2948, 600.2956, 600.6304, 600.6312, 600.2958, 600.2959, 600.2947, 600.2949(a), 600.2957, 600.6306, and all other provisions that could in any way have any applicability to this matter.

7.      That Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

8.      That Plaintiff has failed to mitigate his damages.

9.      That Defendant reserves the right to amend these Affirmative Defenses as additional

facts become known throughout the course of discovery.

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

s/STEVEN M. POTTER (P33344)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated: March 15, 2005                    spotter@potterlaw.com

## RELIANCE UPON JURY DEMAND

NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER,

DeAGOSTINO, CAMPBELL & O'DEA, and hereby relies upon the Demand for Jury filed by

Plaintiff in the above-captioned cause of action.

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

s/STEVEN M. POTTER (P33344)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated: March 15, 2005                    spotter@potterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: N/A, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: L.S. CHARFOOS/JASON J. THOMPSON, 5510 Woodward Avenue, Detroit, MI 48202 and THOMAS W. CRANMER/MATTHEW F. LEITMAN, 150 W. Jefferson, Suite 2500, Detroit, Michigan 48226.

s/STEVEN M. POTTER (P33344)
Attorney for Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com