UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,                                          Case No. 04-CV-74932

-vs-                                                       Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS     Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

_____

| | |
|---|---|
| L.S. CHARFOOS (P11799) | Potter, DeAgostino, Campbell & O'Dea |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | Attorney for Indiana Pacers |
| 5510 Woodward Avenue | 2701 Cambridge Court, Suite 223 |
| Detroit, Michigan 48202 | Auburn Hills, Michigan 48326 |
| (313) 875-8080/FAX 8522 | (248) 377-1700/FAX 0051 |

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
Attorneys for Anthony Johnson
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7651

_____

**DEFENDANT INDIANA PACERS' MOTION TO DISMISS
PUNITIVE AND EXEMPLARY DAMAGES CLAIMS
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER,

DeAGOSTINO, CAMPBELL & O'DEA, and move this Honorable Court to dismiss Plaintiff's

claims for punitive and exemplary damages for the reason that Plaintiff's Complaint fails to state

a claim for which punitive or exemplary damages can be granted as more fully set forth in the brief

accompanying this Motion.

      In accordance with E.D. Mich. LR 7.1, counsel for Defendant Indiana Pacers contacted Plaintiff's counsel regarding the nature of the instant motion and its legal basis. Counsel requested but did not obtain concurrence in the relief sought by the motion.

                                                 Respectfully submitted,

                                                 POTTER, DeAGOSTINO, CAMPBELL & O'DEA

                                               s/RICK J. PATTERSON (P55706)
                                             Attorney for Defendant Indiana Pacers
                                             2701 Cambridge Court, Suite 223
                                             Auburn Hills, Michigan 48326
                                             (248) 377-1700
Dated: March 16, 2005                       rjpatterson@potterlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,                                                          Case No. 04-CV-74932

-vs-                                                                   Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS     Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

___

| | |
|---|---|
| L.S. CHARFOOS (P11799) | Potter, DeAgostino, Campbell & O'Dea |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | Attorney for Indiana Pacers |
| 5510 Woodward Avenue | 2701 Cambridge Court, Suite 223 |
| Detroit, Michigan 48202 | Auburn Hills, Michigan 48326 |
| (313) 875-8080/FAX 8522 | (248) 377-1700/FAX 0051 |

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
Attorneys for Anthony Johnson
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7651

___

**BRIEF IN SUPPORT OF MOTION TO DISMISS PUNITIVE
AND EXEMPLARY DAMAGES CLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES .................................................. ii

CONCISE STATEMENT OF ISSUES PRESENTED ................................ v

STATEMENT OF CONTROLLING AUTHORITY ................................... vi

PLAINTIFF'S ALLEGATIONS ............................................... 1

STANDARD OF REVIEW .................................................... 1

ARGUMENT .............................................................. 2
    I.    Punitive Damages ............................................ 2
    II.   Exemplary Damages ........................................... 3

RELIEF REQUESTED ...................................................... 7

# INDEX OF AUTHORITIES

**Federal Cases**

Advocacy Org. For Patients & Providers v. Auto Club Ins. Ass'n,
    176 F.3d 315 (6th Cir. 1999) .......................................... 1

Blakely v. United States, 276 F.3d 853 (6th Cir. 2002) ................................. 2

Boyee v. Coopers & Lybrand C.P.A.,
    272 F.3d 326 (6th Cir. 2001) .......................................... 1

Fidel v. Farley, 392 F.3d 220 (6th Cir. 2004) ...................................... 2

Himmel v. Ford Motor Co., 342 F3d 693 (6th Cir. 2003) .............................. 2

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434 (6th Cir. 1988) .............. 1, 2

**Michigan Cases**

Beath v. Rapid R. Co., 119 Mich 512, 78 NW 537 (1899) ............................ 5

Bailey v. Graves, 411 Mich 510, 309 NW2d 166 (1981) ............................. 4

Fay v. Swan, 44 Mich 544, 7 NW 215 (1880) ....................................... 5

Gilbert v. Daimler Chrysler Corporation,
    470 Mich 749, 685 NW2d 391 (2004) ..................................... 2

Grenawalt v. Nyhuis, 335 Mich 76, 55 NW 736 (1952) .............................. 5

Hayes-Albion Corp. v. Kuberski,
    421 Mich 170, 364 NW2d 609 (1984) ..................................... 4

Hyatt v. Adams, 16 Mich 179 (1867) ............................................ 5

Kewin v. Massachusetts Mutual Life Ins.,
    409 Mich 401, 295 NW2d 50 (1980) ...................................... 3

Veselenak v. Smith, 414 Mich 567,  327 NW2d 261 (1982) ...................... 3, 4, 5, 6

Warren v. Cole, 15 Mich 265 (1867) ............................................ 5

Wise v. Daniel, 221 Mich 229, 190 NW 746 (1922) .................................. 3-4

**Federal Statutes and Rules of Civil Procedure**

28 U.S.C. § 1332 .................................................................... 2

Fed.R.Civ.P. 12(b)(6) ........................................................ 1, 2, 6, 7

**Michigan Statutes**

MCL 15.240 ......................................................................... 2

MCL 15.273 ......................................................................... 3

MCL 324.20119 ...................................................................... 3

MCL 324.21319a ..................................................................... 3

MCL 333.26219a ..................................................................... 3

MCL 408.488 ........................................................................ 3

MCL 436.1305 ....................................................................... 3

MCL 436.1403 ....................................................................... 3

MCL 436.1809 ....................................................................... 2

MCL 445.1824 ....................................................................... 2

MCL 600.2907a ...................................................................... 3

MCL 600.2911 ..................................................................... 2, 3

MCL 600.2917 ..................................................................... 2, 3

MCL 600.2953a ...................................................................... 3

MCL 600.2954 ....................................................................... 3

MCL 600.2962 ....................................................................... 3

MCL 600.2962a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MCL 691.1610 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MCL 722.907 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MCL 750.147 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MCL 750.539h . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**CONCISE STATEMENT OF ISSUES PRESENTED**

**I.**

HAS PLAINTIFF FAILED TO STATE A CLAIM FOR PUNITIVE DAMAGES BASED ON THE FAILURE TO IDENTIFY OR EVEN ALLEGE ANY STATUTORY PROVISION THAT PERMITS THE AWARD OF PUNITIVE DAMAGES IN THIS MATTER?

    Defendant answers "Yes"

    Plaintiff answers "No"

**II.**

HAS PLAINTIFF FAILED TO STATE A CLAIM FOR EXEMPLARY DAMAGES WHERE NO STATUTORY SECTION AUTHORIZES THE AWARD OF EXEMPLARY DAMAGES FOR PLAINTIFF'S CLAIMS AND ANY MENTAL ANGUISH AND DISTRESS DAMAGES WILL BE FULLY COMPENSATED THROUGH THE AWARD OF THE ACTUAL DAMAGES ALLEGED BY PLAINTIFF?

    Defendant answers "Yes"

    Plaintiff answers "No"

**STATEMENT OF CONTROLLING AUTHORITY**

Boyee v. Coopers & Lybrand C.P.A., 272 F.3d 326 (6th Cir. 2001). When deciding a motion under Fed.R.Civ.P. 12(b)(6), "the court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."

Blakely v. United States, 276 F.3d 853 (6th Cir. 2002). The court need not accept as true legal conclusions or unwarranted factual inferences when reviewing a motion under Rule 12(b)(6).

Himmel v. Ford Motor Co., 342 F3d 693 (6th Cir. 2003). A court having diversity jurisdiction must apply the law of the forum state.

Gilbert v. Daimler Chrysler Corporation, 470 Mich 749, 685 NW2d 391 (2004). "[C]ourts must be mindful of the fact that punitive damages are available in Michigan *only* when expressly authorized by the Legislature."

Hayes-Albion Corp. v. Kuberski, 421 Mich 170, 364 NW2d 609 (1984). "[W]hen compensatory damages can make the injured party whole, the Court has denied exemplary damages."

Veselenak v. Smith, 414 Mich 567, 327 NW2d 261 (1982). Exemplary damages are a class of compensatory damages intended to compensate for injury to feelings and are not intended to punish. Actual damages now include compensation for mental distress and anguish. The Supreme Court further held that

> juries are not asked to differentiate between mental states, such as shame, mortification, humiliation and indignity. Juries are asked to compensate mental distress and anguish which flow naturally from the alleged misconduct and may be described in such terms as shame, mortification, humiliation and indignity. In addition, if the plaintiff is being compensated for *all* mental distress and anguish, it matters not whether the source of the mental distress and anguish is the injury itself or the way in which the injury occurred.

**Plaintiff's Allegations**

The instant action arises out of the incident that occurred at the Palace of Auburn Hills on November 19, 2004 during the basketball game between the Detroit Pistons and the Indiana Pacers. Plaintiff's Complaint in this matter alleges damages that include: pain and distress from physical injuries, emotional distress, humiliation and anguish, and "punitive and exemplary damages allowed under law" (Exhibit A, ¶ 23). In addition, Plaintiff's Relief Sought includes a request for monetary damages regarding allegations of past and future mental and emotional distress and "[p]unitive or exemplary damages allowed by law" (Exhibit A, ¶ 32(b) and (d)).

Plaintiff's Complaint sets forth two counts: (1) assault and battery and (2) wanton and willful misconduct. Plaintiff's Complaint is void of any allegations setting forth a statutory section under the Michigan Compiled Laws that provides for punitive or exemplary damages relating to claims of assault and battery or wanton and willful misconduct.

**Standard of Review**

A motion under Fed.R.Civ.P. 12(b)(6) seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Boyee v. Coopers & Lybrand C.P.A., 272 F.3d 326, 360 (6th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. For Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). The court need not accept as true legal conclusions or unwarranted factual inferences when reviewing a motion under Rule

12(b)(6). Blakely v. United States, 276 F.3d 853, 863 (6th Cir. 2002). "'[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.'" Fidel v. Farley, 392 F.3d 220, 226 (6th Cir. 2004) (quoting Scheid v. Fanny Farmer Candy Shops, Inc. at 436).

**Argument**

Plaintiff brings the instant action in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. A court having diversity jurisdiction must apply the law of the forum state. Himmel v. Ford Motor Co., 342 F3d 693 (6th Cir. 2003). Thus, Plaintiff's claims for punitive and exemplary damages are governed by Michigan law. As set forth below, Michigan law does not provide for the recovery of punitive or exemplary damages under the circumstances of this case.

**I.     Punitive Damages**

Under Michigan law, punitive damages are only permitted when specifically authorized by statute. In Gilbert v. Daimler Chrysler Corporation, 470 Mich 749, 685 NW2d 391 (2004), the Michigan Supreme Court stated that "courts must be mindful of the fact that punitive damages are available in Michigan *only* when expressly authorized by the Legislature." Id. at 765 (emphasis in original). Michigan statutes authorizing the award of punitive damages include: MCL 15.240 (Freedom of Information Act), MCL 436.1809 (Liquor Control Code), MCL 445.1824 (Credit Services Protection Act), MCL 600.2911 (Libel or slander), MCL 600.2917 (Shoplifting), MCL 750.147 (Denial of public accommodations) and MCL 750.539h (Eavesdropping). Plaintiff's allegations of assault and battery and wanton and willful misconduct do not fall under any of the Michigan statutes providing for punitive damages, therefore, Plaintiff has failed to set forth a claim for punitive damages and dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is proper.

2

**II.     Exemplary Damages**

Plaintiff seeks to recover exemplary damages allowed under law.  As with punitive damages, Plaintiff has failed to identify any Michigan statute that provides for the recovery of exemplary damages with regard to his allegations.  Michigan statutes authorizing the award of exemplary damages include: MCL 15.273 (Open Meetings Act), MCL 324.20119 and 324.21319a (Environmental Protection Act), MCL 333.26219a (Low-Level Radioactive Waste), MCL 408.488 (Wages and Fringe Benefits), MCL 436.1305 and 436.1403 (Liquor Control Code), MCL 600.2907a (Real Property Recordings), MCL 600.2911 (Libel and Slander), MCL 600.2917 (Shoplifting), MCL 600.2953a (motion picture recording violation), MCL 600.2954 (Stalking), MCL 600.2962 and 600.2962a (unauthorized cable or satellite television and telecommunication service), MCL 691.1610 (Drug Dealer Liability Act), MCL 722.907 (Parental Rights Restoration Act).  None of these statutes provide for recovery of exemplary damages with regard to Plaintiff's assault and battery or wanton and willful misconduct claims.

Since no Michigan statute provides for the recovery of exemplary damages under the facts of this case, Plaintiff must set forth allegations justifying the recovery of exemplary damages under the common law of Michigan.  The theory supporting exemplary damages is that the nature of the defendant's conduct intensifies the injury and justifies the award of additional compensation for the harm to plaintiff's feelings.  Kewin v. Massachusetts Mutual Life Ins., 409 Mich 401, 419; 295 NW2d 50 (1980). Exemplary damages are a class of compensatory damages intended to compensate for injury to feelings and are not intended to punish.  Veselenak v. Smith, 414 Mich 567, 573; 327 NW2d 261 (1982).  As stated in Wise v. Daniel, 221 Mich 229, 233; 190 NW 746 (1922):

> Exemplary damages are of necessity intangible in nature and therefore, cannot well be considered apart from those matters which are capable of exact pecuniary valuation. They may enlarge the compensatory allowance, but **they are not to be considered as authorizing a separate sum by way of example or punishment** (emphasis added).

The Michigan Supreme Court in <u>Bailey v. Graves</u>, 411 Mich 510, 309 NW2d 166 (1981), set forth that "an award of exemplary damages is justifiable only where it is first shown that defendant's conduct was malicious, or so willful and wanton as to demonstrate a reckless disregard of the plaintiff's rights." <u>Bailey</u> at 515. The Michigan Supreme Court continued by noting that "a determination of malicious or willful and wanton conduct on the part of the defendants was a sina qua non to the award of exemplary damages." <u>Id</u>. Lastly, the court stated:

> The fact that a tort is committed intentionally does not mean that it was committed with malice or reckless disregard of the rights of others, or wantonly, as necessary to permit exemplary damages. In addition, to hold the contrary would be to permit exemplary damages in most assaults, for example, which obviously is not what exemplary damages are intended for.

<u>Bailey</u> at 515-516. "Due to the required mental element, negligence is not sufficient to justify an award of exemplary damages." <u>Veselenak</u> at 575.

Plaintiff in the instant matter has alleged damages that include emotional distress, humiliation and anguish, and "punitive and exemplary damages allowed under law" (Exhibit A, ¶ 23). The Michigan Supreme Court in <u>Hayes-Albion Corp. v. Kuberski</u>, 421 Mich 170, 178; 364 NW2d 609 (1984) held that **"when compensatory damages can make the injured party whole, the Court has denied exemplary damages."** Defendant Indiana Pacers have filed the instant motion not because Plaintiff has failed to allege willful and wanton conduct but because Plaintiff's claims for actual damages will fully compensate Plaintiff for his alleged mental distress and mental

4

anguish damages. The Michigan Supreme Court in <u>Veselenak</u> set forth the following analysis regarding the award of exemplary damages:

> A close reading of the early exemplary damages cases also suggest that these unusual damages may have been used to supply a remedy for mental injury not otherwise recognized. Actual damages compensated for economic loss, but not for non-economic loss. In addition, the award of actual damages seemed to preclude the award of additional compensation for non-economic loss. <u>Warren v. Cole</u>, 15 Mich 265 (1867); <u>Hyatt v. Adams</u>, 16 Mich 179 (1867). Assuming actual damages were not provable but mental injury certain, exemplary damages became available to compensate the injured party. <u>Fay v. Swan</u>, 44 Mich 544, 7 NW 215 (1880).
>
> As proof of actual damages is no longer a bar to the award of exemplary damages, so too actual damages, where properly pled, now include compensation for shame, mortification, mental pain and anxiety, <u>Beath v. Rapid R. Co.</u>, 119 Mich 512, 78 NW 537 (1899), and for annoyance discomfiture and humiliation, <u>Grenawalt v. Nyhuis</u>, 335 Mich 76, 55 NW 736 (1952). **In short, actual damages now include compensation for mental distress and anguish.**

<u>Veselenak</u> at 573-574 (emphasis added).

With regard to the propriety of awarding both actual and exemplary damages to a plaintiff, the court stated as follows:

> Amicus curiae Michigan Trial Lawyers Association contends that ordinary damages and exemplary damages are not redundant. It maintains that a distinction may be drawn between "mental distress intrinsic to the injury itself (no matter how it occurred) and mental distress emanating from the manner in which the injury occurred." In addition, it claims that ordinary damages for shame and mortification and exemplary damages for humiliation and indignity are compensating "distinct wrongs."
>
> These distinctions are, at least, legally unsound. Semantic niceties aside, juries are not asked to differentiate between mental states, such as shame, mortification, humiliation and indignity. Juries are asked to compensate mental distress and anguish which flow naturally from the alleged misconduct and may be described in such terms as shame, mortification, humiliation and indignity. In addition, if the plaintiff is being compensated for *all* mental distress and anguish, it matters not whether the source of the mental distress and anguish is the injury itself or the way in which the injury occurred.

Veselenak at 576-577 (emphasis in original).

In the instant matter, Plaintiff's claim for actual damages will fully compensate Plaintiff for any alleged mental distress or anxiety damages that can be established. The trier of fact will be able to award damages to compensate Plaintiff for any and all mental distress damages as part of Plaintiff's claim for actual damages regarding emotional distress, humiliation and anguish. As pointed out in Veselenak, a jury is not asked to differentiate between mental anguish damages caused by the alleged injuries and the mental distress damages caused by the manner in which the alleged injuries occurred. Plaintiff's claim for exemplary damages would require the jury to make distinctions between types of mental distress and anguish damages that the Michigan Supreme Court has held the jury is not required to make. The jury will be asked to determine the total amount of Plaintiff's mental distress and anguish damages, if any, as part of his actual damages, therefore, no claim for exemplary damages exists.

In addition, there is no statutory provision permitting the award of exemplary damages for the intentional tort of assault and battery or claims of willful and wanton misconduct. Plaintiff's claim for exemplary damages is an improper claim to seek a double recovery because his claim for actual damages will compensate him for *all* alleged mental distress damages. Veselenak, supra. Accordingly, Plaintiff has failed to state a claim for exemplary damages separate and distinct from his claim for actual damages and dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(6).

**Relief Requested**

WHEREFORE, Defendant Indiana Pacers respectfully requests that this Honorable Court grant its Motion to Dismiss Punitive and Exemplary Damages Claims Pursuant to Fed.R.Civ.P. 12(b)(6) and strike Plaintiff's claims for punitive and exemplary damages from his Complaint.

POTTER, DeAGOSTINO, CAMPBELL & O'DEA


Dated: March 16, 2005

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: N/A, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: L.S. CHARFOOS/JASON J. THOMPSON, 5510 Woodward Avenue, Detroit, MI 48202 and THOMAS W. CRANMER/MATTHEW F. LEITMAN, 150 W. Jefferson, Suite 2500, Detroit, Michigan 48226.
.

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com