RECEIPT NUMBER

200 518506-DT

ORIGINAL 9.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHARLES HADDAD,

      Plaintiff,

vs.

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an
Indiana corporation, JERMAINE O'NEAL and
ANTHONY JOHNSON, Jointly and Severally,

      Defendants.

```
JUDGE : Taylor, Anna Diggs
DECK  : S. Division Civil Deck
DATE  : 12/20/2004 @ 13:59:30
CASE NUMBER : 2:04CV74932
CMP CHARLES HADDA VS. INDIANA
PACERS, ET AL (SI) JMC
```

MAGISTRATE JUDGE DONALD A. SCHEER

_____/

**L.S. CHARFOOS P11799**
**JASON J. THOMPSON P47184**
Charfoos & Christensen, P.C.
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI  48202
(313) 875-8080

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil
action arising out of the same transaction or occurrence
alleged in this complaint.

_____

L.S. CHARFOOS P 11799
JASON J. THOMPSON p47184
Attorney for Plaintiff

**NOW COMES** Plaintiff, by and through his attorneys, CHARFOOS &

CHRISTENSEN, P.C., and for her cause of action against the Defendants, jointly and

severally, states the following:

## The Parties

1.    Plaintiff Charles Haddad is, and was at all times pertinent, a citizen and resident of Burt, Michigan.

2.    Defendant Indiana Pacers is an assumed name for Pacers Basketball Corporation, an Indiana corporation, with its principal place of business in Indianapolis, Indiana.

3.    Defendant Jermaine O'Neal is, and was at all times pertinent, a resident of Indianapolis, Indiana.

4.    Defendant Anthony Johnson is, and was at all times pertinent, a resident of Indianapolis, Indiana.

5.    On November 19, 2004, Defendants O'Neal and Johnson, as employees and/or agents of Defendant Indiana Pacers, were engaged in professional basketball competition with The Detroit Pistons at the Palace of Auburn Hills, in Auburn Hills, Michigan.

## Jurisdiction and Venue

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the Plaintiff is a citizen of a different state than Defendants, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

**<u>Claims for Relief</u>**

**<u>FACTS</u>**

7.      On Friday, November 19, 2004, Plaintiff, a season ticket holder, was in attendance at the basketball game between the Detroit Pistons and Defendant Indiana Pacers.

8.      Certain players of the Indiana Pacers, as the game was ending, wrongfully removed themselves from the playing court and entered into the stands where fans were assembled.

9.      A brawl of some celebrity ensued.

10.     The brawl, not having anything to do with the flow of the game, resulted in the games termination.

11.     During the melee Ron Artest, one of the players, came down on the court, heading toward patrons near the basket.

12.     One of the patrons was a Mr. Shackleford, who was moving forward, when he came into confrontation with Ron Artest.

13.     An exchange of fisticuffs appeared to have occurred between Ron Artest and Patron, Mr. Shackleford.

14.     Plaintiff Charles Haddad was behind Mr. Shackleford, and during the fight between Messrs. Artest and Shackleford, Plaintiff was knocked down by Ron Artest.

15.     Before he could get up, and while he was still face-down, Plaintiff was jumped upon by Defendant Anthony Johnson, and pounded repeatedly in the back

3

of his neck, head, kidneys and other proximate anatomical areas for a period of time. Palace security guards had to pull Defendant Mr. Johnson off Plaintiff.

16.    Plaintiff was obviously physically injured by the attack of Defendant Johnson, and had to be helped to his feet by the security guards.

17.    While he was being helped to his feet and while still groggy, unbelievably Defendant Jermaine O'Neal came running from middle court toward the helpless Plaintiff, and struck him barehanded with a windup punch that has been seen and replayed on videotape around the world. He flattened Plaintiff, as that terminology is used in the sport of boxing.

18.    The punch by Defendant O'Neal was to Plaintiff's face.

19.    Plaintiff had to be moved from the Palace by stretcher to an EMS-type vehicle, and then transported to the nearest emergency room, which was Pontiac Osteopathic Hospital.

20.    Plaintiff has suffered severe and significant injuries, not the least of which are concussion, damage to the head, face, cheek, gums and brain, as well as injuries to the back and kidney area.

21.    Plaintiff is still under medical treatment as a result of those injuries.

22.    Plaintiff has lost substantial amounts of time from work, and will continue to do so for the foreseeable future.

4

23.     Plaintiff has suffered pain and distress from his physical injuries, emotional distress, humiliation and anguish, medical expenses, and Plaintiff requests punitive and exemplary damages allowed under law.

## COUNT I – ASSAULT AND BATTERY

24.     Plaintiff incorporates all allegations in the preceding paragraphs of his Complaint, as though fully set forth herein.

25.     On November 19, 2004, Plaintiff, a season ticket holder, was intentionally, brutally and viciously assaulted and beaten by Defendants Johnson and O'Neal while they were in the course of their employment with Defendant Indiana Pacers.

26.     The acts of assault and battery by Defendants Johnson and O'Neal were committed within the scope of their employment and/or agency with Defendant Indiana Pacers.

27.     As a proximate result of the assault and battery inflicted upon him, Plaintiff has suffered numerous injuries and damages.

## COUNT II – WANTON AND WILLFUL MISCONDUCT

28.     Plaintiff incorporates all allegations in the preceding paragraphs of his Complaint, as though fully set forth herein.

29.     The attacks by Defendants Johnson and O'Neal were intentional, and as such constitute wanton and willful misconduct.

30.    At the time of these attacks, Defendants Johnson and O'Neal were employees and/or agents of Defendant Indiana Pacers.

## RELIEF SOUGHT

31.    Plaintiff incorporates all allegations in the preceding paragraphs of his Complaint, as though fully set forth herein.

32.    As a result of the assault and battery, and wanton and willful conduct of Defendants, Plaintiff requests monetary damages as follows:

(a)    Compensatory damages against Defendants in an amount deemed appropriate by the trier of the facts, including, without limitation, medical and medical-related expenses, loss of earnings, earning capacity, etc.

(b)    Punitive or exemplary damages as allowed by law.

(c)    Pre-judgment and post-judgment interest, and all damages allowed by law.

(d)    Damages for past and future mental and emotional distress.

(e)    Such other and further relief as the Court deems just and proper.

CHARFOOS & CHRISTENSEN, P.C.

By:_____
  L. S. CHARFOOS P11799
  JASON J. THOMPSON P47184

6

Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI   48202
(313) 875-8080

Dated:  December 20, 2004

## DEMAND FOR JURY TRIAL

    **NOW COMES** Plaintiff, by and through his attorneys, CHARFOOS &

CHRISTENSEN, P.C., and demands trial by jury in the above-entitled cause of action.

CHARFOOS & CHRISTENSEN, P.C.

By:_____
    L. S. CHARFOOS (P11799)
    JASON J. THOMPSON P47184
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI   48202
(313) 875-8080

Dated:  December 20, 2004

ORIGINAL

JS-44 (Rev. 11799)

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: **Oakland**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

CHARLES HADDAD

(b) County of Residence of First Listed    Burt, MI

(C) Attorney's (Firm Name, Address, and Telephone Number)
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
5510 Woodward Ave., Detroit, MI 48202

### DEFENDANTS

# 04-74932

INDIANA PACERS, an assumed name,
a/k/a PACERS BASKETBALL CORPORATION,
an Indiana corportion, JERMAINE
O'NEAL AND ANTHONY JOHNSON, J/S
County of Residence of First Listed    Indianapolis, IN

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

MAGISTRATE JUDGE DONALD A. SCHEER
ANNA DIGGS TAYLOR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item 111)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment and Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault Libel And Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury- Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21; 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 (specify) Transferred from another district
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY (See instructions):
N/A

JUDGE

DOCKET NUMBER

DATE
December 20, 2004

SIGNATURE OF ATTORNEY OF RECORD

## RSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?                  ☐ Yes
                                                                                 ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other       ☐ Yes
            court, including state court? (Companion cases are matters in which   ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :
_____