UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**FILED**

CHARLES HADDAD,

        Plaintiff,

v.

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an
Indiana corporation, JERMAINE O'NEIL and
ANTHONY JOHNSON, Jointly and Severally.

        Defendants.

'05 MAR 16 PM2:14

Case No: 2:04CV74932
The Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

---

| | |
|---|---|
| L.S. Charfoos (P11799)<br>Jason J. Thompson (P47184)<br>Attorneys for Plaintiff<br>Charfoos & Christensen, P.C.<br>5510 Woodward Avenue<br>Detroit, Michigan 48202<br>Telephone: (313) 875-8080 | Thomas W. Cranmer (P25252)<br>Matthew F. Leitman (P48999)<br>Attorneys for Defendant Anthony Johnson<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 496-7651 |

---

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT ANTHONY JOHNSON

Defendant Anthony Johnson, by his attorneys Miller Canfield Paddock and Stone, for his

Answer and Affirmative Defenses to the Complaint, says as follows:

    1.    Defendant lacks information or knowledge sufficient to form a belief as to the

truth of the allegations.

    2.    Defendant lacks information or knowledge sufficient to form a belief as to the

truth of the allegations.

    3.    Defendant lacks information or knowledge sufficient to form a belief as to the

truth of the allegations.

    4.    Defendant admits only that he maintains a home in Indiana, but he denies as

BHLID:462966.1\127325-00001

1

Dockets.Justia.com

untrue that he is a resident of Indiana.

5.    Defendant admits only that on November 19, 2004, he was a member of the Indiana Pacers professional basketball team and that he was in Auburn Hills, Michigan on that day. Defendant denies the remaining allegations as untrue.

6.    At this time, Defendant lacks information or knowledge sufficient to determine whether there is complete diversity of citizenship such that this Court has subject matter jurisdiction.

7.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

8.    Defendant admits only that certain members of the Indiana Pacers entered the stands of the Palace of Auburn Hills, and he denies the remaining allegations as untrue.

9.    Defendant admits only that an altercation occurred, and he denies the remaining allegations as untrue.

10.    Defendant admits only that the altercation began before the expiration of playing time in the game and that the game did not resume after the altercation. Defendant denies the remaining allegations as untrue.

11.    Defendant admits only that during (or in temporal proximity to) the altercation, Ron Artest was on the basketball court. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

12.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

13.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

14.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

15.    Defendant denies the allegations as untrue.

16.    Defendant denies that he attacked Plaintiff and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

17.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

18.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

19.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

20.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

21.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

22.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

23.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

## Count I
## Assault and Battery

24.     Defendant incorporates and re-alleges his answers to the allegations in paragraphs 1-23.

25.     Defendant lacks information or knowledge sufficient to form a belief as to whether Plaintiff was a season ticket holder, and he denies the remaining allegations as untrue.

26.     Defendant denies as untrue that he committed any assault and battery for which he and/or the Pacers may be held liable.

27.     Defendant denies the allegations as untrue.


## Count II
## Wanton and Willful Misconduct

28.     Defendant incorporates and re-alleges his answers to the allegations in paragraphs 1-27.

29.     Defendant denies the allegations as untrue.

30.     Defendant admits only that he was an employee of the Indiana Pacers on or about November 19, 2004, and he denies the remaining allegations as untrue.


## AFFIRMATIVE DEFENSES

In further answer and by way of affirmative defense, Defendant states that he will rely upon the following, if applicable, and if supported by facts to be determined through appropriate discovery:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff was a trespasser and was in an area of the Palace in which he had no legal right to be at the time of his alleged injury.

3.     Defendant was acting in self defense and/or in the defense of others.

4.     Plaintiff's Complaint is barred (in whole or in part) by the doctrine of comparative negligence.

5.     Plaintiff assumed the risk of injury by his actions, and/or Plaintiff impliedly or actually consented to Defendant's actions by his actions.

6.     As indicated on Plaintiff's ticket to the basketball game, Plaintiff expressly assumed the risk to which he was exposed and/or waived or released any claim he may have against Defendant.

7.     Plaintiff has failed to mitigate damages.

8.     Plaintiff's Complaint is barred for the reason that Plaintiff has failed to comply with the requirements of the Michigan Tort Reform Act.

9.     Plaintiff's injury was based, in whole or in part on an impaired ability to function due to the influence of intoxicating liquor or controlled substance and, as a result of that impaired ability, plaintiff was 50% or more the cause of the incident that resulted in his alleged injury.

10.    Plaintiff is not entitled to exemplary damages under Michigan law.

11.    A demand is hereby made for a reply to these affirmative defenses.

12.    Defendants reserve the right to amend these affirmative defenses as additional defenses become known through discovery.

Dated: March 15, 2005

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: _____

       Thomas W. Cranmer (P25252)
       Matthew F. Leitman (48999)
       Attorneys for Defendant Anthony Johnson
       150 West Jefferson, Suite 2500
       Detroit, MI 48226
       Telephone: (313) 496-7651

ORIGINAL

FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHARLES HADDAD,
    Plaintiff,

v.

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an
Indiana corporation, JERMAINE O'NEIL and
ANTHONY JOHNSON, Jointly and Severally.
    Defendants.

Case No: 2:04CV74932
The Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

MAR 16 P12:14

U.S. DIST. COURT
EAST. DIST. MICH
DETROIT

---

L.S. Charfoos (P11799)
Jason J. Thompson (P47184)
Attorneys for Plaintiff
Charfoos & Christensen, P.C.
5510 Woodward Avenue
Detroit, Michigan 48202
Telephone: (313) 875-8080

Thomas W. Cranmer (P25252)
Matthew F. Leitman (P48999)
Attorneys for Defendant Anthony Johnson
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7651

---

## PROOF OF SERVICE

STATE OF MICHIGAN      )
                                      )ss.
COUNTY OF OAKLAND   )

Alisha C. Kaszubski, being first duly sworn, deposes and says that she is employed by Miller Canfield Paddock & Stone, P.L.C., and that on behalf of Defendant Anthony Johnson on the 15th day of March, 2005, in regard to the above-captioned action she then and there deposited a copy of **Answer and Affirmative Defenses of Defendant Anthony Johnson** in a United States Post Office Department mail receptacle in the City of Troy, Michigan, with first class postage thereon fully prepaid plainly addressed as follows:

L.S. Charfoos (P11799)
Jason J. Thompson (P47184)
Charfoos & Christensen, P.C.
5510 Woodward Avenue
Detroit, Michigan 48202

Steven M. Potter, Esq.
Potter, DeAgostino, Campbell & O'Dea
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326

Alisha C. Kaszubski
Alisha C. Kaszubski

Subscribed and sworn to before me, a
Notary Public, in and for the said County
and State, this 15th day of March, 2005.

Notary Public/My commission expires;

JACKLYN LEE BISOGNI
Notary Public, Oakland County, MI
My Commission Expires Apr. 7, 2006

BHLIB:466920.1\127325-00001