UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

                          Plaintiff,

vs.                                          Civil Action
                                          No. 04-CV74932

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an      Hon. Anna Diggs Taylor
Indiana corporation, JERMAINE O'NEAL and      Mag. Judge Donald A. Scheer
ANTHONY JOHNSON, Jointly and Severally,

      Defendants.
_____/

| | |
|---|---|
| **L.S. CHARFOOS (P11799)** <br> **JASON J. THOMPSON (P47184)** <br> Charfoos & Christensen, P.C. <br> Attorneys for Plaintiff <br> 5510 Woodward Avenue <br> Detroit, MI  48202 <br> (313) 875-8080 | **THOMAS W. CRANMER (P25252)** <br> **MATTHEW F. LEITMAN (P48999)** <br> Miller, Canfield, Paddock & Stone, P.L.C. <br> Attorneys for Defendant Anthony Johnson <br> 150 West Jefferson, Suite 2500 <br> Detroit, MI  48226 <br> (313) 496-7651 |
| **LAWRENCE G. CAMPBELL (P11553)** <br> **BRIAN M. AKKASHIAN (P55544)** <br> **RICHARD M. APKARIAN, JR. (P66206)** <br> Dickinson Wright PLLC <br> Attorneys for Defendant Jermaine O'Neal <br> 500 Woodward Avenue, Suite 4000 <br> Detroit, MI  48226-3425 <br> (313) 223-3500 | **WILLIAM D. TEMKO** <br> **JOSEPH YBARRA** <br> Admission Pending <br> Munger, Tolles & Olson LLP <br> Co-Counsel for Defendant Jermaine O'Neal <br> 355 South Grand Avenue, 35th Floor <br> Los Angeles, CA   90071 <br> (213) 683-9266 |

_____/

# PLAINTIFF'S RESPONSE TO DEFENDANT INDIANA PACERS' MOTION TO DISMISS PUNITIVE AND EXEMPLARY DAMAGES CLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(6)

**NOW COMES** Plaintiff, by and through his attorneys, CHARFOOS & CHRISTENSEN, P.C., and responding to Defendant's Motion to Dismiss Punitive and Exemplary

Damages Claims Pursuant to Fed.R.Civ.P. 12(b)(6), requests that this Honorable Court deny Defendant's motion for the reasons set forth below and in the accompanying brief.

Defendant's motion seeks two remedies: it seeks to preclude recovery, as a matter of law, for any punitive damages or exemplary damages under the facts of this case.

First, Plaintiff agrees that punitive damages are not available in this case. *See*, *e.g.*, *McFadden v. Tate*, 350 Mich. 84; 85 N.W.2d 181 (1957). Plaintiff has no objection to the dismissal of any punitive damage claims in this case; whether or not such a dismissal is formally accomplished, Plaintiff will not seek punitive damages in this case.

As to exemplary damages, however, Defendant incorrectly cites Michigan law. Defendant's entire argument is essentially based upon the black letter rule set out in *Veselenac v. Smith*, 414 Mich. 567, 576-77; 327 N.W.2d 261 (1982). *Veselenac* stands for the ironclad proposition that double damages are not available in a case where mental distress damages caused by the injury itself are also awarded.

However, Plaintiff properly pleaded that exemplary damages are available under the facts of this case, where such "compensates a plaintiff for the humiliation, sense of outrage and indignity resulting from injustices maliciously, wilfully, and wantonly inflicted by the defendant." *McPeak v. McPeak*, (on remand), 233 Mich. App. 483, 490; 597 N.W.2d 180 (1999). Further, a plaintiff seeking exemplary damages for such conduct on the part of the defendant does not need to present direct evidence of injury to his or her feelings, but instead, if such are natural and proximate in view of the nature of defendant's conduct, they can automatically be awarded by the jury. *Id.*

Certainly, there will come a point in this litigation where Plaintiff will have to choose whether to proceed under the auspices of exemplary damages, or under the auspices of pain and suffering pursuant to personal injury. However, a 12(B)(6) motion is not the time to force Plaintiff to make such a decision. It is well settled that a 12(B)(6) motion tests only whether the plaintiff has stated a claim for which the law provides relief. *Gazette v. City of Pontiac*, 41 F.3d 1061 (6th Cir. 1994). The issue is not whether a plaintiff will ultimately prevail, but whether a claimant is entitled to offer evidence to support the claims. *Id*.

Essentially, what Defendant is attempting to do is force Plaintiff to opt between two prongs of an alternative pleading. However, when faced with a 12(B)(6) motion, it is not this Court's position to force Plaintiff to choose one of two alternative theories at this point in the proceeding. Rule 8 explicitly allows for alternative pleading, and a pleading does not become deficient by reason of a party having made alternative, or even contradictory, claims. *Detroit Tigers, Inc. v. Ignite Sports Media, L.L.C.*, 203 F. Supp. 2d 789, 793 (E.D. Mich. 2002). As such, as to Plaintiff's claim for exemplary, such is well grounded in Michigan law, and supported by the facts as set out in the Complaint. It is not capable of being dismissed at this time.

                CHARFOOS & CHRISTENSEN, P.C.

By:    s/Jason J. Thompson P47184
        5510 Woodward Avenue
        Detroit, MI  48202
        (313) 875-8080
        jthompson@c2law.com
        P47184

Dated: April 6, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2005, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Richard M. Apkarian; Steven M. Potter, and Hideaki Sano. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Thomas W. Cranmer, 150 W. Jefferson, Suite 2500, Detroit, Michigan 48226 and Matthew F. Leitman, 840 W. Long Lake Road, Suite 200, Troy, Michigan 48098-6358.

By: s/Jason J. Thompson P47184
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080
jthompson@c2law.com
P47184