UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

-vs-

INDIANA PACERS, an assumed name a/k/a PACERS
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

Case No. 04-CV-74932

Hon. ANNA DIGGS TAYLOR

Mag. Judge Donald A. Scheer

---

L.S. CHARFOOS (P11799)
JASON J. THOMPSON (P47184)
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, Michigan 48202
(313) 875-8080/FAX 8522

LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN, JR. (P66206)
Attorneys for Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

WILLIAM D. TEMKO
JOSEPH YBARRA
Co-Counsel for Jermaine O'Neal
355 S. Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266

Potter, DeAgostino, Campbell & O'Dea
STEVEN M. POTTER (P33344)
Attorney for Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700/FAX 0051

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Attorneys for Anthony Johnson
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7651

---

**REPLY BRIEF IN SUPPORT OF
DEFENDANT INDIANA PACERS' MOTION TO DISMISS
PUNITIVE AND EXEMPLARY DAMAGES CLAIMS
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Plaintiff agrees that he is not entitled to punitive damages in this case, therefore,

Defendant's motion with regard to punitive damages must be granted. With regard to exemplary damages, Plaintiff asserts that Defendant has incorrectly cited Michigan law. To the contrary, Defendant's Brief set forth the applicable passages from <u>Veselenak v Smith</u>, 414 Mich 567, 573; 327 NW2d 261 (1982), that demonstrate that Plaintiff's claim for exemplary damages should be dismissed from this action.

Plaintiff contends that "<u>Veselenak</u> stands for the ironclad proposition that double damages are not available in a case where mental distress damages caused by the injury itself are also awarded" (Plaintiff's Response, p. 2). While it is true that the Michigan Supreme Court did not permit the recovery of double damages, <u>Veselenak</u> set forth that "[a] close reading of the early exemplary damages cases also suggest that these unusual damages may have been used to supply a remedy for mental injury not otherwise recognized." <u>Id</u>. at 573. The court continued by noting that actual damages now include compensation for mental injury. <u>Id</u>. at 574. Lastly, the court held that exemplary damages are not proper when the plaintiff is being compensated for all mental distress injuries through the award of actual damages. <u>Id</u>. at 576-577.

Subsequent to <u>Veselenak</u>, the Michigan Supreme Court held that **"when compensatory damages can make the injured party whole, the Court has denied exemplary damages."** <u>Hayes-Albion Corp. v Kuberski</u>, 421 Mich 170, 178; 364 NW2d 609 (1984). Based on the foregoing, the law in Michigan is not simply that double recovery is not available when mental distress damages are awarded. <u>Veselenak</u> and <u>Hayes-Albion Corp.</u> establish that when the award of actual damages includes compensation for mental distress damages the award of exemplary damages is improper. Defendant is asking this Court to dismiss any claim for exemplary damages because Plaintiff's claim for actual damages under his assault and battery claim will make the

injured party whole.

Plaintiff asserts that it has properly pled a claim for exemplary damages based on his allegations of humiliation, sense of outrage and indignity allegedly resulting from Defendant's wilful and wanton conduct and cites McPeak v. McPeak (on remand), 233 Mich App 483, 490; 597 NW2d 180 (1999).  Unfortunately for Plaintiff, McPeak offers no support for his claims in this matter.  McPeak involved a claim of undue influence brought by the children of the decedent's first marriage against decedent's second wife for changing the insurance beneficiary on a life insurance policy.  The court in McPeak held that exemplary damages were appropriate in the equitable action.  Id. at 489.  The critical distinction between the instant matter and McPeak is that the equitable claims asserted in McPeak did not provide for the award of actual damages that include mental distress damages while Plaintiff's claim for assault and battery in the instant matter does provide for actual damages that include mental distress damages.  In other words, the plaintiffs in McPeak would not have been awarded mental distress damages absent exemplary damages whereas Plaintiff can seek mental distress damages as part of his actual damages for the alleged assault and battery.  Because Plaintiff's claim for assault and battery will fully compensate Plaintiff for any mental distress damages, his claim for exemplary damages is improper and should be dismissed.  Hayes-Albion Corp. v Kuberski, 421 Mich at 178.

Plaintiff acknowledges that recovery of actual damages and exemplary damages would be improper by stating that he will have to choose whether to seek actual damages or exemplary damages (Plaintiff's Brief, p. 3).  Plaintiff attempts to survive the instant motion by stating that such a choice is nothing more than choosing between alternative pleadings.  Count II of Plaintiff's Complaint does not set forth an alternative pleading or cause of action, it simply sets forth an

allegation that Defendants Johnson and O'Neal's actions constitute wanton and willful misconduct and that those Defendants were employees and/or agents of Defendant Pacers (Brief in Support of Defendant Indiana Pacer's Motion to Dismiss, Exhibit A, Complaint ¶¶ 29-30).  Willful and wanton misconduct, standing alone, is not a cause of action but a standard of conduct.  Alleging a standard of conduct does not equate with alternative pleading and the allegations in Count II simply restate the assault and battery claim with willful and wanton conduct.  These allegations are not an alternative pleading.  Plaintiff's Complaint improperly seeks recovery of compensatory damages under Count II, which would be labeled exemplary damages, that will be fully addressed by any award of actual damages in Count I.

Exemplary damages are permissible when mental distress damages are not otherwise available but the instant matter does not present such a case.  Plaintiff cites no authority to support his proposition that a plaintiff can choose exemplary damages when actual damages will compensate the plaintiff for his or her mental distress damages.  Plaintiff seeks exemplary rather than actual damages in an effort to improperly inflate his recovery based on the connotation that exemplary damages are punitive in nature.  However, exemplary damages cannot be considered to punish or make an example of a party.  Wise v Daniel, 221 Mich 229, 233; 190 NW2d 746 (1922).  More importantly, exemplary damages are not available when actual damages can full compensate Plaintiff for any damages.  Hayes-Albion Corp. v Kuberski, 421 Mich at 178.  Defendant is not seeking to force Plaintiff to choose between alternative pleadings. Defendant seeks dismissal of an improper claim for exemplary damages because the award of actual damages under Plaintiff's assault and battery claim will fully compensate Plaintiff for any mental distress damages.  The instant action involves a claim where mental distress damages are recoverable as

part of actual damages under the assault and battery claim and can make Plaintiff whole, therefore, Plaintiff's claim for exemplary damages based on the same conduct is improper and must be dismissed.  <u>Hayes-Albion Corp. v Kuberski</u>, 421 Mich at 178.

WHEREFORE, Defendant Indiana Pacers respectfully requests that this Honorable Court grant its Motion to Dismiss Punitive and Exemplary Damages Claims Pursuant to Fed.R.Civ.P. 12(b)(6) and strike Plaintiff's claims for punitive and exemplary damages from his Complaint.

      Respectfully submitted,

      POTTER, DeAGOSTINO, O'DEA & PATTERSON

      s/RICK J. PATTERSON (P55706)
      Attorney for Defendant Indiana Pacers
      2701 Cambridge Court, Suite 223
      Auburn Hills, Michigan 48326
      (248) 377-1700

Dated:  April 12, 2005      rjpatterson@potterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: JASON J. THOMPSON; RICHARD M. APKARIAN, JR.; HIDEAKI SANO, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: WILLIAM D. TEMPKO/JOSEPH YBARRA, 355 S. Grand Ave., 35th Floor, Los Angeles, California 90071.

      s/RICK J. PATTERSON (P55706)
      Attorney for Defendant Indiana Pacers
      2701 Cambridge Court, Suite 223
      Auburn Hills, Michigan 48326
      (248) 377-1700
      rjpatterson@potterlaw.com