UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

CHARLES HADDAD,

        Plaintiff,

vs.

INDIANA PACERS, an assumed, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana corporation, JERMAINE O'NEAL
and ANTHONY JOHNSON, Jointly and
Severally,

        Defendants.
                                    /

Civil Action No. 04-CV74932

Hon. Anna Diggs Taylor
Mag. Judge Donald A. Scheer

L.S. CHARFOOS (P11799)
JASON J. THOMPSON (P47184)
Charfoos & Christensen, P.C.
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN, JR. (P66206)
Dickinson Wright PLLC
Attorneys for Defendant Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

STEVEN M. POTTER (P33344)
Potter, De Agostino, Campbell & O'Dea
Attorneys for the Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651

WILLIAM D. TEMKO
JOSEPH YBARRA
Admission Pending
Munger, Tolles & Olson LLP
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9266

                                    /

**DEFENDANT ANTHONY JOHNSON'S MOTION FOR STAY OF PROCEEDINGS
PENDING FINAL DISPOSITION OF PARALLEL CRIMINAL
<u>PROCEEDINGS, OR FOR STAY OF DISCOVERY IN THE ALTERNATIVE</u>**

Dockets.Justia.com

Defendant Anthony Johnson ("Johnson"), by and through his attorneys, Miller, Canfield, Paddock and Stone, P.L.C., moves for a stay of all proceedings in this civil action pending the final disposition of the parallel criminal proceeding initiated by the State of Michigan against Johnson, or for stay of discovery in the alternative.  In support of his motion, Johnson says as follows:

1. This litigation relates to what Plaintiff Charles Haddad ("Haddad") characterizes as a "brawl" that occurred at the Palace of Auburn Hills on November 19, 2004 between various members of the Indiana Pacers and fans of the Detroit Pistons.  (Compl. ¶¶ 7-19.)  Haddad alleges that during the course of the brawl, he "was jumped upon by Defendant Anthony Johnson, and pounded repeatedly in the back." (Compl. ¶ 15.)  Haddad seeks to hold Johnson, among others, liable for assault and battery and has prayed for an award of compensatory and exemplary damages.  (Compl. ¶¶ 20-23.)  Among other things, Haddad seeks damages for alleged "severe and significant injuries, not the least of which are concussion, damage to the head, face, cheek, gums and brain, as well as injuries to the back and kidney area" that he claims he suffered as a result of the alleged conduct of Johnson.  (Compl. ¶¶ 20-23.)

2. The State of Michigan (the "State") has initiated criminal proceedings against Johnson that arise out of the exact events underlying Haddad's civil claims. (Crim. Compl., Ex. A.)  In fact, the State's criminal case against Johnson for misdemeanor assault and battery is based on the same alleged conduct about which Haddad complains of here. (Ex. A, Count 8.)  The State's case, number 04-010552, is currently pending in Oakland County District Court.  The case is scheduled for trial in August of 2005.

3. As a practical matter, Johnson cannot defend against Haddad's frivolous claims without explaining his actions to the fact finder via his own testimony.

4. This Court should stay all proceedings in this action, in order to preserve Johnson's ability to effectively defend himself in the parallel criminal action and to preserve his Fifth Amendment right against self-incrimination. Stated simply, without a stay, Johnson will be forced to choose between invoking his Fifth Amendment right against self-incrimination and defending himself against Haddad's suit which seeks untold money damages from Johnson.

5. "Granting a stay of a civil proceeding to await the outcome of a pending parallel criminal investigation is appropriate '"when the interest of justice seem to require such action."'" *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y 1992). A court should consider the following factors in deciding whether to stay a civil case pending the resolution of related criminal proceedings: 1) the extent of the overlap between the issues in the criminal proceedings and the civil case, 2) the status of the criminal case, 3) the private interest of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay, 4) the private interests of and burden on the defendant, 5) the interests of the courts, and 6) the public interest. *LaBianca*, 801 F. Supp. at 1010; *Trustees of Plumbers Pen. Fund v. Transworld Mech., Inc*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). An analysis of these factors in the instant case demonstrates that Johnson is entitled to a stay of this proceeding. *See, e.g., In Re Par Pharm., Inc*. 133 F.R.D. 12, 13 (S.D.N.Y. 1990); *United States v Certain Real Property & Premises Known as 1344 Ridge Road*, 751 F. Supp. 1060, 1063 (E.D.N.Y. 1989).

6. The extent of the overlap between the civil and criminal proceedings is "the most important factor" for a court to consider in determining whether to issue a stay. *Trustees of Plumbers*, 886 F. Supp. at 1139; *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2002

2

WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002) (Ex. B).  Moreover, "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter."  *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993); *Trustees of Plumbers*, 886 F. Supp. at 1139-40; *see also In re Worldcom, Inc. Sec. Litig.*, 2002 WL 31729501, at *4.

7. Here, the State has indicted Johnson based on the same alleged conduct that is the subject matter of Haddad's civil claims.  Under such circumstances, "denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination."  *Volmar*, 152 F.R.D. at 39.

8. A balancing of the respective interests of Johnson and Haddad similarly supports Johnson's request for a stay.  Johnson faces the risk of substantial prejudice without at stay.  As described above, proceeding with this civil action presents a substantial risk of undermining Johnson's privilege against self-incrimination.  It "might also expand the rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, expose the basis of [his] defense to the prosecution in advance of trial, or otherwise prejudice [his] case."  *Volmar*, 152 F.R.D. at 39.

9. By contrast, Haddad faces no material prejudice from the anticipated delay in this case.  *See, e.g., Trustees of Plumbers*, 886 F. Supp. at 1139 (finding that a one year delay did not "unreasonably prolong" a parallel civil case); *LaBianca*, 801 F. Supp. at 1010 (finding that an approximately seven month delay was not prejudicial).  Moreover, whatever interest Haddad has in moving forward – prompt resolution of his claims, reducing the risk of lost evidence or diminished memories – is plainly trumped by Johnson's interest in protecting his constitutional right against self-incrimination.  *Volmar*, 152 F.R.D. at 40; *National Discount Corp. v. Baugh*, 13 F.R.D. 236,

3

237 (E.D. Mich. 1952); *Trustees of Plumbers*, 886 F. Supp. at 1139-1141; *LaBianca*, 801 F. Supp. at 1010; *Dienstag v. Bronson*, 49 F.R.D. 327, 329 (S.D.N.Y 1969); *Certain Real Property & Premises Known as 1344 Ridge Road*, 751 F. Supp. at 1063.

10.   This Court's interest in judicial efficiency supports the granting of a stay. *See, e.g., LaBianca*, 801 F. Supp. at 1010; *Volmar*, 152 F.R.D. at 39. There is an exact overlap between many, if not all, of the issues in this action and the criminal proceeding, and resolution of the criminal cases will undoubtedly reduce the number of contested issues in this litigation and avoid needless duplication of discovery. The existence of outstanding indictments against many key witnesses, including Ron Artest, also weighs in favor of staying this proceeding as discovery at this juncture is likely to be unproductive.

11.   The public interest would be unharmed if this proceeding is stayed. This case is simply a personally injury suit that does not implicate the public interest in any material fashion. *See, e.g., Certain Real Property & Premises Known as 1344 Ridge Road*, 751 F. Supp. at 1062. In any case, any interest that the public may have will be adequately protected by the criminal proceeding. *Volmar*, 152 F.R.D. at 40; *Trustees of Plumbers*, 886 F. Supp. at 1140.

12.   Johnson has not sought concurrence from Plaintiff in the relief sought herein because the Court has indicated that the relief sought by Johnson cannot be obtained through concurrence of the parties. Defendants Jermaine O'Neal and Indiana Pacers have given their concurrence to the relief sought herein.

WHEREFORE, Johnson respectfully requests that this Court enter an order (1) staying this action until final resolution of all trial and appellate proceedings in the parallel criminal case against Johnson and granting any other relief that it deems appropriate, or, in the alternative, (2)

4

staying all discovery in this action until the final resolution of all trial and appellate proceedings in the parallel criminal case against Johnson and granting any other relief that it deems appropriate.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK and STONE, P.L.C.

        By: s/Hideaki Sano
            Thomas W. Cranmer (P25252)
            Matthew F. Leitman (P48999)
            Hideaki Sano (P61877)
        Attorneys for Defendant Anthony Johnson
        150 West Jefferson, Suite 2500
        Detroit, MI 48226
        (313) 496-7651
        sano@millercanfield.com

Dated May 11, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

CHARLES HADDAD,

        Plaintiff,

vs.

INDIANA PACERS, an assumed, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana corporation, JERMAINE O'NEAL
and ANTHONY JOHNSON, Jointly and
Severally,

        Defendants.
        _____/

Civil Action No. 04-CV74932

Hon. Anna Diggs Taylor
Mag. Judge Donald A. Scheer

L.S. CHARFOOS (P11799)
JASON J. THOMPSON (P47184)
Charfoos & Christensen, P.C.
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN, JR. (P66206)
Dickinson Wright PLLC
Attorneys for Defendant Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

STEVEN M. POTTER (P33344)
Potter, De Agostino, Campbell & O'Dea
Attorneys for the Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651

WILLIAM D. TEMKO
JOSEPH YBARRA
Admission Pending
Munger, Tolles & Olson LLP
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9266

_____/

**DEFENDANT ANTHONY JOHNSON'S BRIEF IN
SUPPORT OF HIS MOTION FOR STAY OF PROCEEDINGS PENDING
THE FINAL DISPOSITION OF PARALLEL CRIMINAL PROCEEDINGS,
OR, IN THE ALTERNATIVE, FOR STAY OF DISCOVERY**

**CONCISE STATEMENT OF ISSUE PRESENTED**

Should the Court grant Defendant Anthony Johnson a stay of the instant proceeding in order to protect his constitutional right against self-incrimination given the pendency of a parallel criminal proceeding relating to the precise subject matter of this litigation?

2

## **MOST CONTROLLING AUTHORITY**

1. *Trustees of Plumbers Pen. Fund v. Transworld Mech., Inc*, 886 F. Supp. 1134 (S.D.N.Y. 1995).

2. *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y 1992); and

3. *National Discount Corp. v. Baugh*, 13 F.R.D. 236 (E.D. Mich. 1952).

2

For his brief in support of his motion for stay, Johnson relies on his motion and the legal authority and arguments made therein.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK and STONE, P.L.C.

By: _____s/Hideaki Sano_____
 Thomas W. Cranmer (P25252)
 Matthew F. Leitman (P48999)
 Hideaki Sano (P61877)
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651
sano@millercanfield.com

Dated May 11, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

CHARLES HADDAD,

            Plaintiff,

vs.                                             Civil Action No. 04-CV74932

INDIANA PACERS, an assumed, a/k/a      Hon. Anna Diggs Taylor
PACERS BASKETBALL CORPORATION,    Mag. Judge Donald A. Scheer
an Indiana corporation, JERMAINE O'NEAL
and ANTHONY JOHNSON, Jointly and
Severally,

            Defendants.
_____/

| | |
|---|---|
| L.S. CHARFOOS (P11799) | THOMAS W. CRANMER (P25252) |
| JASON J. THOMPSON (P47184) | MATTHEW F. LEITMAN (P48999) |
| Charfoos & Christensen, P.C. | HIDEAKI SANO (P61877) |
| Attorneys for Plaintiff | Miller, Canfield, Paddock and Stone, P.L.C. |
| 5510 Woodward Avenue | Attorneys for Defendant Anthony Johnson |
| Detroit, MI 48202 | 150 West Jefferson, Suite 2500 |
| (313) 875-8080 | Detroit, MI 48226 |
| | (313) 496-7651 |
| LAWRENCE G. CAMPBELL (P11553) | |
| BRIAN M. AKKASHIAN (P55544) | WILLIAM D. TEMKO |
| RICHARD M. APKARIAN, JR. (P66206) | JOSEPH YBARRA |
| Dickinson Wright PLLC | Admission Pending |
| Attorneys for Defendant Jermaine O'Neal | Munger, Tolles & Olson LLP |
| 500 Woodward Avenue, Suite 4000 | Co-Counsel for Defendant Jermaine O'Neal |
| Detroit, MI 48226-3425 | 355 South Grand Avenue, 35th Floor |
| (313) 223-3500 | Los Angeles, CA 90071 |
| | (213) 683-9266 |
| STEVEN M. POTTER (P33344) | |
| Potter, De Agostino, Campbell & O'Dea | |
| Attorneys for the Indiana Pacers | |
| 2701 Cambridge Court, Suite 223 | |
| Auburn Hills, MI 48326 | |
| (248) 377-1700 | |

_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 11, 2005, ,** I electronically filed:

1

- <u>Defendant Anthony Johnson's Motion For Stay of Proceedings Pending Final Disposition of Parallel Criminal Proceedings, Or For Stay Of Discovery In The Alternative with Exhibit A and Exhibit B;</u>

- <u>Defendant Anthony Johnson's Brief In Support Of His Motion For Stay of Proceeding Pending The Final Disposition Of Parallel Criminal Proceedings, Or, In The Alternative, For Stay Of Discovery;</u>

- <u>Certificate of Service</u>

with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Brian M. Akkashian (bakkashian@dickinsonwright.com; Richard M. Apkarian (rapkarian@dickinsonwright.com); Steven M. Potter (spotter@potterlaw.com) and Jason J. Thompson (jthompson@c2law.com),  and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants:     none     .

       MILLER, CANFIELD, PADDOCK and STONE, P.L.C.


       By:          s/Hideaki Sano
         Thomas W. Cranmer (P25252)
         Matthew F. Leitman (P48999)
         Hideaki Sano (P61877)
       Attorneys for Defendant Anthony Johnson
       150 West Jefferson, Suite 2500
       Detroit, MI 48226
       (313) 496-7651
       sano@millercanfield.com