UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

vs.

Case No. 04-CV74932
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana Corporation, JERMAINE O'NEAL,
and ANTHONY JOHNSON,
Jointly and Severally,

    Defendants.
_____/

CHARFOOS & CHRISTIANSON, P.C.
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

POTTER, DEAGOSTINO, CAMPBELL & O'DEA
STEVEN M. POTTER (P33344)
Attorney for Indiana Pacers
2701 Cambride Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700

MILLER, CANFIELD, PADDOCK and STONE, PLC
THOMAS W. CRAMMER (P25252)
MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651

DICKINSON WRIGHT PLLC
LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN JR. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
WILLIAM D. TEMKO
JOSEPH YBARRA
Admission Pending
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9266

_____/

## **DEFENDANT JERMAINE O'NEAL'S MOTION FOR STAY OF PROCEEDINGS**

    For his Motion for Stay of Proceedings, Defendant Jermaine O'Neal relies on the facts and law in his accompanying Brief in Support.

1

dockets.Justia.com

Respectfully Submitted,

DICKINSON WRIGHT PLLC


By:  /s Richard M. Apkarian Jr.
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
    Richard M. Apkarian Jr. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
William D. Temko
Joseph J. Ybarra
Application for Pro Hac Vice Pending
Co-Counsel for Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266

Dated: May 11, 2005

UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

vs.                                                                              Case No.  04-CV74932
                                                                                        Hon. Anna Diggs Taylor
                                                                                       Magistrate Judge Donald A. Scheer

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana Corporation, JERMAINE O'NEAL,
and ANTHONY JOHNSON,
Jointly and Severally,

    Defendants.
_____/

CHARFOOS & CHRISTIANSON, P.C.
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI  48202
(313) 875-8080

POTTER, DEAGOSTINO, CAMPBELL & O'DEA
STEVEN M. POTTER (P33344)
Attorney for Indiana Pacers
2701 Cambride Court, Suite 223
Auburn Hills, MI  48326
(248) 377-1700

MILLER, CANFIELD, PADDOCK and STONE, PLC
THOMAS W. CRAMMER (P25252)
MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 496-7651

DICKINSON WRIGHT PLLC
LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN JR. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
WILLIAM D. TEMKO
JOSEPH YBARRA
Admission Pending
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue
35th Floor
Los Angeles, California  90071
(213) 683-9266

_____/

**DEFENDANT JERMAINE O'NEAL'S**
**BRIEF IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS**

I.  **INTRODUCTION AND BACKGROUND FACTS**

This lawsuit is one of several civil actions arising out of the well-publicized brawl that occurred near the conclusion of the November 19, 2004 basketball game between the Detroit Pistons and the Indiana Pacers at the Palace of Auburn Hills. The Oakland County Prosecutor has brought criminal charges against several persons involved in the incident, including Pacer players, Ron Artest ("Artest"), Anthony Johnson ("Johnson"), David Harrison ("Harrison"), Jermaine O'Neal ("O'Neal") and Stephen Jackson ("Jackson"). The Plaintiff in this matter, Charles Haddad ("Plaintiff" or "Haddad"), also faced criminal charges for his role in the brawl.[1] The Pacer players, starting with Artest, are scheduled to be tried separately for their alleged criminal conduct at the 52-3 District Court in Rochester, Michigan, beginning on August 1, 2005. Artest will be followed by Johnson, Harrison, O'Neal and Jackson, consecutively.

It is undisputed that the pending criminal proceedings are inextricably intertwined with the facts and allegations at issue in this civil lawsuit. As mentioned, O'Neal faces criminal charges as a result of his alleged conduct during the incident. He is also a Defendant in this case. While the criminal charges are pending, however, O'Neal must preserve his Fifth Amendment privilege against self-incrimination. Therefore, at this time, O'Neal is unable to defend properly against Plaintiff's claims or respond to discovery requests because such information could be used against him in the pending criminal case. Moreover, if O'Neal were to assert the Fifth Amendment in response to

---

[1]  Haddad pleaded no contest to violating a local ordinance against entering a performance space. On March 16, 2005, he was sentenced to probation and community service.

4

Plaintiff's discovery requests, he could risk foregoing a meaningful defense to Plaintiff's claims.

Accordingly, O'Neal respectfully requests that this Court order a stay of these proceedings pending the resolution of the criminal proceedings. Since the criminal trials are scheduled for August of 2005, Plaintiff will not be prejudiced by the short delay.

## II.   LEGAL ARGUMENT

### A.   The Court Has Discretion to Issue a Stay Order

This Court has discretion to order a stay of these civil proceedings pending the resolution of parallel criminal proceedings. *See* Gebhardt v. O'Rourke, 444 Mich. 535, 551 (1994); *see also*, Landis v. North American Co, 299 U.S. 248, 254-55 (1936). Indeed, an order of stay is necessary to protect the rights of criminal defendants and to preserve judicial resources:

> As pointed out by defendants, situations are numerous where a criminal matter is pending before a court, and a related civil suit arising out of that criminal matter is also pending. Commonly, the court presented with the civil suit will yield to the criminal matter, allowing it to proceed so that the rights of the criminal defendant will not be infringed. Thus, the civil and criminal cases proceed along separate tracks, without danger that the two will collide producing waste of judicial resources or unfairness to the criminal defendant.

Gebhardt, *supra* at 550.

### B.   O'Neal's Fifth Amendment Privilege Against Self-Incrimination Necessitates a Stay of This Case

The Oakland County Prosecutor has brought criminal charges against many individuals involved in the November 19, 2004 Palace brawl, including the two individual Defendants in this case, O'Neal and Johnson. Their criminal trials will likely occur in

August of 2005.[2] In this civil proceeding, Plaintiff alleges that Defendants, including O'Neal and Johnson, are responsible for the alleged injuries that Plaintiff suffered during the same incident. Due to the gravity of the criminal charges, the criminal proceedings must take precedence over Plaintiff's action. Thus, a stay of this case is necessary to avoid infringing on O'Neal's Fifth Amendment right against self-incrimination.

The Fifth Amendment provides that no person shall be compelled in any criminal case to be a witness against himself. People v. Wynaard, 462 Mich. 659, 671 (2000) Abela v. Martin, 380 F.3d 915 (6th Cir.2004). This privilege also applies to civil proceedings. A party or witness in a civil action may assert the Fifth Amendment where discovery inquiries might subject him to criminal prosecution. Berney v. Volk, 341 Mich. 647, 651 (1955), In re Morganroth, 718 F.2d 161, 164-165 (6th Cir.1983)

While the criminal proceedings are pending, O'Neal cannot actively defend against Plaintiff's claims or engage in meaningful discovery. If O'Neal were forced to participate in discovery at this time, his statements could be used as evidence in the criminal proceedings. *See* United States v Kordel, 397 U.S. 1 (1970). Due to the gravity of the criminal charges, O'Neal must steadfastly assert the Fifth Amendment privilege, otherwise he risks a waiver and full disclosure. Meyer v. Walker Land Reclamation, Inc., 103 Mich.App. 526, 532 (1981); Brown v. United States, 356 U.S. 148 (1958).

Although O'Neal is entitled to exercise his constitutional right against self-incrimination, the assertion of the privilege without a stay of these civil proceedings

---

[2]   As set forth, *supra*, the criminal trials will begin on August 1, 2005 at the 52-3 District Court, starting with Ron Artest and to be followed by Anthony Johnson, David Harrison, Jermaine O'Neal and Stephen Jackson, consecutively.

6

would present serious repercussions. Should O'Neal invoke the privilege without a stay, he risks foregoing any meaningful defense to Plaintiff's claims. Moreover, remaining silent in response to Plaintiff's discovery requests could result in an adverse inference from the jury. Phillips v. Deihm, 213 Mich.App. 389, 400 (1995).

O'Neal should be entitled to defend himself zealously against the criminal charges and Plaintiff's civil claims. Without the requested stay, O'Neal would be put in an unenviable position: assert the privilege and risk foregoing a meaningful defense to Plaintiff's civil claims, or waive the privilege and risk disclosure of protected information to be used against him in the pending criminal case. O'Neal should not be forced to choose between his Fifth Amendment right and the active defense of Plaintiff's claims. The importance of preserving his Fifth Amendment right, as well as having the opportunity to defend against Plaintiff's claims, requires a stay of these proceedings.[3] In addition, given the August 2005 criminal trial dates, Plaintiff will not be prejudiced by the short delay of these proceedings.

### III. CONCLUSION

Based on the foregoing, Defendant Jermaine O'Neal respectfully requests that this Court grant his Motion for Stay of Proceedings.

---

[3] Defendant Anthony Johnson has filed a similar Motion for Stay before this Court. Indeed, a stay of these proceedings pending the resolution of the criminal matters would be in this Court's and all parties' interests.

Respectfully Submitted,

DICKINSON WRIGHT PLLC


By: /s Richard M. Apkarian Jr.
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
    Richard M. Apkarian Jr. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
William D. Temko
Joseph J. Ybarra
Application for Pro Hac Vice Pending
Co-Counsel for Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266

Dated: May 11, 2005

## PROOF OF SERVICE

STATE OF MICHIGAN   )
                             ) SS.
COUNTY OF OAKLAND  )

Richard M. Apkarian Jr., being first duly sworn, deposes and says that on the 11th day of May, 2005, he caused to be served a copy of Defendant Jermaine O'Neal's Motion for Stay of Proceedings, Brief in Support of Motion, and this Proof of Service via electronically filing on Jason J. Thompson, Steven M. Potter, and Hideaki Sano.

                                           /s/ Richard M. Apkarian

BLOOMFIELD 28552-1 691445v1