UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

        Plaintiff,

vs.

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an
Indiana corporation, JERMAINE O'NEAL and
ANTHONY JOHNSON, Jointly and Severally,

    Defendants.

Civil Action
No. 04-CV74932

Hon. Anna Diggs Taylor
Mag. Judge Donald A. Scheer

_____/

**L.S. CHARFOOS (P11799)**
**JASON J. THOMPSON (P47184)**
Charfoos & Christensen, P.C.
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

**LAWRENCE G. CAMPBELL (P11553)**
**BRIAN M. AKKASHIAN (P55544)**
**RICHARD M. APKARIAN, JR. (P66206)**
Dickinson Wright PLLC
Attorneys for Defendant Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

**THOMAS W. CRANMER (P25252)**
**MATTHEW F. LEITMAN (P48999)**
Miller, Canfield, Paddock & Stone, P.L.C.
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651

**WILLIAM D. TEMKO**
**JOSEPH YBARRA**
Admission Pending
Munger, Tolles & Olson LLP
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9266

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT ANTHONY JOHNSON'S
## MOTION TO STAY PROCEEDINGS PENDING FINAL DISPOSITION
## OF PARALLEL CRIMINAL PROCEEDINGS, OR STAY OF DISCOVERY

**NOW COMES** Plaintiff, by and through his attorneys, CHARFOOS & CHRISTENSEN, P.C., and in response to Defendant Anthony Johnson's Motion to Stay Proceedings Pending Final Disposition of Parallel Criminal Proceedings, or For Stay of

Discovery In the Alternative, requests that this Honorable Court deny Defendant's motion for the reasons set forth in Plaintiff's Response and accompanying Brief.

1. Admit.
2. Deny as stated.
3. Deny.
4. Deny.
5. Neither admit nor deny.
6. Neither admit nor deny.
7. Neither admit nor deny.
8. Deny.
9. Deny.
10. Deny.
11. Deny.
12. Deny.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Defendant Johnson's Motion in its entirety.

                CHARFOOS & CHRISTENSEN, P.C.

                By:   s/Larry Charfoos (P11799)
                        5510 Woodward Avenue
                        Detroit, MI   48202
                        (313) 875-8080

Dated: May 27, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

                Plaintiff,

vs.

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an
Indiana corporation, JERMAINE O'NEAL and
ANTHONY JOHNSON, Jointly and Severally,

        Defendants.
_____/

Civil Action
No. 04-CV74932

Hon. Anna Diggs Taylor
Mag. Judge Donald A. Scheer

**L.S. CHARFOOS (P11799)**
**JASON J. THOMPSON (P47184)**
Charfoos & Christensen, P.C.
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI  48202
(313) 875-8080

**LAWRENCE G. CAMPBELL (P11553)**
**BRIAN M. AKKASHIAN (P55544)**
**RICHARD M. APKARIAN, JR. (P66206)**
Dickinson Wright PLLC
Attorneys for Defendant Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500

**THOMAS W. CRANMER (P25252)**
**MATTHEW F. LEITMAN (P48999)**
Miller, Canfield, Paddock & Stone, P.L.C.
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 496-7651

**WILLIAM D. TEMKO**
**JOSEPH YBARRA**
Admission Pending
Munger, Tolles & Olson LLP
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9266
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT ANTHONY JOHNSON'S**
**MOTION TO STAY PROCEEDINGS PENDING FINAL DISPOSITION**
**OF PARALLEL CRIMINAL PROCEEDINGS, OR STAY OF DISCOVERY**

3

--

## **Most Controlling Authority**

1. *Baxter v. Palmigiano,* 425 U.S. 308; 96 S. Ct. 1551 (1976).

2. *United States of America v. Certain Real Property 566 Hendrickson Blvd.,* 986 F. 2d 1993 (6th Cir. 1993).

3. *Danish News Co. v. City of Ann Arbor,* 517 F.Supp. 86 (E.D. Mich. 1981).

4. *S.E.C. v. Novaferon Labs, Inc.,* 941 F.2d 1210 (Unpublished)( 6th Cir. 1991).

## INTRODUCTION

Defendant Johnson's Motion to Stay seeks to delay this litigation for an untold number of years until the verdict and probable appeal of the criminal case against the Defendants resolves itself. The reason Defendant Johnson gives for the necessity of delay is that the Federal District Courts of New York look unfavorably upon forcing a civil defendant to either actively defend a civil lawsuit or invoke his Fifth Amendment right to avoid incriminating himself. Defendant Johnson's argument lacks merit for a number of reasons.

First, the Sixth Circuit Court of Appeals does not see a problem with forcing a defendant to choose between actively defending a civil case and invoking the Fifth Amendment. This is no doubt why Defendant Johnson's brief almost exclusively cites case law from the Federal District Courts in New York. Second, the Sixth Circuit Court of Appeals and the Federal District Court for the Eastern District of Michigan only allow the fifth amendment issue to delay civil litigation after the defendant proves that it cannot respond to <u>any</u> discovery. A blanket objection to all discovery based upon the Fifth Amendment is not allowed. Lastly, the Sixth Circuit Court of Appeals and Federal District Court for the Eastern District of Michigan uniformly refuse to allow a defendant facing both civil and criminal

litigation to delay the civil litigation past the criminal trial and all the way through the appellate process.

For these reasons, Defendant Johnson's Motion should be denied in its entirety.

## ARGUMENT

### I. DEFENDANT JOHNSON HAS FAILED TO PROVIDE A SUFFICIENT BASIS TO GRANT THE STAY

The United States Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. *Baxter v. Palmigiano*, 425 U.S. 308; 98 S. Ct. 1551 (1976). In fact, the Constitution and federal law do not prohibit forcing a defendant to choose between preserving his Fifth Amendment privilege and losing his civil suit. *United States v. Certain Real Property 566 Hendrickson Blvd.,* 986 F.2d 990, 997 (6th Circuit 1993).

However, courts have the discretion to stay civil proceedings in the interest of justice. *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C.Cir. 1980). In deciding the issue, the Sixth Circuit and Federal District Court for the Eastern District of Michigan only allow a stay if the defendant states with precision how he would be prejudiced if the civil action went forward while the criminal action is pending. *Certain Real Property,* 986 F.2d at 997. In the case at bar, Defendant fails to satisfy this threshold showing.

Defendant first attempts to argue that this case should be stayed because Mr. Johnson will be prejudiced if he is forced to choose between invoking the Fifth Amendment and defending himself in this civil suit. However, as set forth above in *Certain Real Property, supra,* Defendant's argument has been outright rejected by the Sixth Circuit. Other courts have been equally as hostile to Defendant's argument. *See, e.g. Keating v. Office of Thrift Supervision,* 45 F.3d 322, 326 (9th Cir. 1994)(Defendant has no right not to be forced to choose between testifying in civil matter and asserting the Fifth Amendment privilege).

Next, Defendant suggests that moving forward with this case could prejudice the Defendant because it "might expand the rights of criminal discovery beyond the limits of Rule 16(b)…" (Def. Mot. p. 3). However, the courts, including the Sixth Circuit, have also rejected Defendant's second argument. *S.E.C. v. Novaferon Labs. Inc.*, 941 F.2d 1210, \*\*2 (Unpublished 6th Cir. 1991)(Citing *S.E.C. v. Dresser Industries, Inc., supra*). (*Novaferon* Attached as Exhibit A). "Civil and criminal actions may be brought either simultaneously or successively and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *Id.*

Other Courts have similarly rejected this argument. *See*, S.*E.C.*, 628 F.2d at 1379-80(Enforcing a subpoena duces tecum in civil proceeding while Justice Department investigates the same defendants criminally); *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.,* 468 F.Supp. 1118, 118-119 (S.D.N.Y. 1980 ("No reason has been advanced why these lawyers cannot devote themselves to matters involved in this suit while those who represent him in the criminal matter take care of his interests in that proceeding.").

7

--

Defendant's argument that discovery will be unproductive during the criminal litigation is factually inaccurate. Defendant provides no reason why he and the other Defendants cannot answer Plaintiff's interrogatories regarding insurance, for instance. Further, Plaintiff can still propound Requests for Admission under Fed.R.Civ.P. 36 because the admissions are not admissible in the criminal case. Fed.R.Civ.P. 36(b).

Finally, Defendant argues, remarkably, that the Plaintiffs' interest in proceeding with this civil case in an expeditious manner is small considering this case involves "frivolous" personal injury claims. What Defendant Johnson fails to comprehend is set forth quite eloquently in *Gordon v. Federal Deposit Insurance Corp.,* 427 F.2d 578 (D.C.Cir. 1970):

> …The fact that a man is indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter. <u>Justice is meted out in both civil and criminal litigation</u>. <u>The overall interest of the courts that justice be done may very well require that the compensation and remedy due a plaintiff should not be delayed (and possibly denied).</u> *Id.* at 580. (emphasis added).

Consequently, because Defendant's arguments have all been rejected by this jurisdiction, Defendant has failed to provide any basis for staying this litigation. *Certain Real Property,* 986 F.2d at 997. Defendant's Motion should be denied in its entirety.

## II.   IN THE EVENT THIS HONORABLE COURT DECIDES TO STAY THIS PROCEEDING, THE STAY SHOULD NOT EXTEND THE STAY PAST THE CRIMINAL TRIAL

Defendant's Motion requests this Court to him relief that this jurisdiction has never allowed: a stay of a civil matter past the criminal trial and through the appellate process. *See, e.g. Novaferon Labs, Inc. supra*; *Danesh v. City of Ann Arbor,* 517 F.Supp 86, 89-91 (E.D.Mich. 1981)(Civil action can promptly recommence even though criminal case is subject to appeal because Fifth Amendment concerns have passed). Defendant's request to delay this litigation even after the Defendant's criminal trial has ended reveals the fact that Defendant is hiding its attempt to obtain strategic delay in this case under the Fifth Amendment privilege issue.

Accordingly, in the event this Honorable Court stays this litigation, the stay should end after the criminal trial in August of this year and no later. At this point in time, Defendant's supposed Fifth Amendment concerns have ended, and any further delay simply gives the Defendant's strategic advantage to the detriment of the Plaintiff's right to have his day in court.

## **CONCLUSION**

Defendant Johnson has failed to provide any legitimate reason why this Honorable Court should stay this litigation. Each of Defendant Johnson's argument have been outright rejected by this jurisdiction, and therefore, lack merit. Defendant Johnson's Motion should be denied in its entirety.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2005, my secretary electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Richard M. Apkarian; Steven M. Potter, and Hideaki Sano. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Thomas W. Cranmer, 150 W. Jefferson, Suite 2500, Detroit, Michigan 48226 and Matthew F. Leitman, 840 W. Long Lake Road, Suite 200, Troy, Michigan 48098-6358.

        By:   s/Jason J. Thompson (P47184)
                  Larry Charfoos (P11799)
                  5510 Woodward Avenue
                  Detroit, MI 48202
                  (313) 875-8080