UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

CHARLES HADDAD,

        Plaintiff,

vs.                                                              Civil Action No. 04-CV74932

INDIANA PACERS, an assumed, a/k/a                Hon. Anna Diggs Taylor
PACERS BASKETBALL CORPORATION,           Mag. Judge Donald A. Scheer
an Indiana corporation, JERMAINE O'NEAL
and ANTHONY JOHNSON, Jointly and
Severally,

        Defendants.
_____/

L.S. CHARFOOS (P11799)                               THOMAS W. CRANMER (P25252)
JASON J. THOMPSON (P47184)                      MATTHEW F. LEITMAN (P48999)
Charfoos & Christensen, P.C.                          HIDEAKI SANO (P61877)
Attorneys for Plaintiff                                       Miller, Canfield, Paddock and Stone, P.L.C.
5510 Woodward Avenue                                 Attorneys for Defendant Anthony Johnson
Detroit, MI 48202                                             150 West Jefferson, Suite 2500
(313) 875-8080                                                Detroit, MI 48226
                                                                       (313) 496-7651
LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)                   WILLIAM D. TEMKO
RICHARD M. APKARIAN, JR. (P66206)         JOSEPH YBARRA
Dickinson Wright PLLC                                   Admission Pending
Attorneys for Defendant Jermaine O'Neal        Munger, Tolles & Olson LLP
500 Woodward Avenue, Suite 4000                Co-Counsel for Defendant Jermaine O'Neal
Detroit, MI 48226-3425                                   355 South Grand Avenue, 35th Floor
(313) 223-3500                                                Los Angeles, CA 90071
                                                                       (213) 683-9266
STEVEN M. POTTER (P33344)
Potter, De Agostino, Campbell & O'Dea
Attorneys for the Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700
_____/

**DEFENDANT ANTHONY JOHNSON'S AMENDED REPLY
(ATTACHING CORRECT EXHIBIT A) TO
CHARLES HADDAD'S RESPONSE TO MOTION TO STAY**

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 1

CONCLUSION .................................................................................................................. 5

## TABLE OF AUTHORITIES

### CASES

*Federal Deposit Ins. Corp. v. Logsdon*,
    18 F.R.D. 57 (W.D. Ky. 1955)......................................................................................3

*Gordon v. Federal Deposit Ins. Corp.*,
    427 F.2d 578 (D.C. Cir. 1970) ..................................................................................3, 4

*Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*,
    486 F. Supp. 1118 (S.D.N.Y. 1980).............................................................................4

*S.E.C. v. Dresser Indus., Inc.*,
    628 F.2d 1369 (D.C. Cir. 1980) ...................................................................................4

*S.E.C. v Novaferon Labs, Inc.*,
    No. 91-3102, 941 F.2d 1210 (6th Cir. Aug. 14, 1991) .............................................3, 4

*United States v. Certain Real Property 566 Hendrickson Boulevard, Clawson, Oakland
    County, Michigan*, 986 F.2d 990 (6th Cir. 1993)......................................................1, 2

*United States v. Fishman*,
    15 F.R.D. 151 (S.D.N.Y. 1953) ...................................................................................3

*Volmar Distrib., Inc. v New York Post Co., Inc.*,
    152 F.R.D. 36 (S.D.N.Y. 1993) ...................................................................................4

### STATUTES

Fed. R. Civ. P. 16(b) ................................................................................................................4

Fed. R. Civ. P. 36(b) ................................................................................................................3

**INTRODUCTION**

Charles Haddad's ("Haddad") lawsuit against Anthony Johnson ("Johnson") focuses on two issues: Did Johnson assault Haddad and were Johnson's actions justified. Obviously, most of the discovery that Haddad will seek from Johnson will relate to these issues. Just as obviously, this discovery implicates Johnson's right against self-incrimination.

In his motion for stay (the "Motion"), Johnson has stated specific reasons why this Court should grant him a stay of this proceeding. In response, Haddad either ignores Johnson's arguments or rebuts them with arguments that are based on a mistaken reading of the relevant case law. In fact, Haddad's own cases simply reinforce the conclusion that while discretionary, a stay given the instant circumstances is appropriate. Moreover, Haddad does not enunciate any specific reasons why the Motion should be denied. Accordingly, this Court should stay this proceeding pending resolution of Johnson's criminal trial.[1]

**ARGUMENT**

In his Motion, Johnson provides the circumstances supporting his request for a stay. Notably, Haddad does not contest the underlying bases on which Johnson seeks a stay. Rather, he argues that these circumstances are not properly considered by this Court. As described below Haddad is plainly wrong.[2]

Haddad claims, for example, that the Sixth Circuit has "rejected" a party's ability to seek a stay of civil proceedings based on potential prejudice to his or her right against self-incrimination, citing *United States v. Certain Real Property 566 Hendrickson Boulevard,*

---

[1] Johnson, however, agrees that a stay beyond the completion of his criminal trial is not appropriate and withdraws his request for such relief.

[2] Haddad is correct in noting that the Constitution does not *mandate* a stay of civil proceedings when the government has instituted parallel criminal proceedings. Johnson, however, has never argued that a stay is *mandatory*. Rather, the Motion simply describes why, given the circumstances, a stay is *appropriate*.

1

*Clawson, Oakland Cty., Mich.*, 986 F.2d 990 (6th Cir. 1993). (Resp. at 7). *Certain Real Property*, however, does not support this novel argument.[3] In fact *Certain Real Property* expressly states that this Court "must" credit Johnson's right against self-incrimination, not ignore it:

> While district courts must "seek to accommodate both the constitutional [privilege] against self-incrimination as well as the legislative intent behind the forfeiture provision," [internal citations omitted], they have a certain amount of discretion in determining which course to pursue.

*Certain Real Property*, 986 F.2d at 996 (emphasis added).[4]

Haddad is similarly mistaken in arguing that Johnson's belief that discovery will be "unproductive during the criminal litigation is factually inaccurate" because Johnson should be able to respond to "interrogatories regarding insurance," as well as to requests for admission. (Resp. at 8.) That Haddad's best example of unobjectionable discovery is discovery regarding insurance – at best a peripheral subject matter in this case - is itself telling. Obviously, discovery in this case will not focus on insurance. It will focus on issues implicating Johnson's right against self-incrimination. This is perhaps best demonstrated by Haddad's other interrogatories (which Haddad failed to mention in his response) seeking discovery regarding whether Johnson has "been convicted or pled guilty of a crime," "whether he has "made any statements in any form regarding the accident," whether he has "obtained any statements from any persons who

---

[3] The court in *Certain Real Property* considered the case of a defendant who had failed to raise his right against self-incrimination at the district court level and then attempted to interpose this right on appeal. The court held that "courts are under no obligation to take affirmative steps to protect the claimant/defendant's privilege . . . when the claimant/defendant, by his words or actions, has chosen to waive the privilege" and stated in dicta that "a blanket assertion of the privilege against self-incrimination also does not provide a sufficient basis for the District Court to grant a stay." *Certain Real Property*, 986 F.2d at 996-97 (emphasis added). Since Johnson has timely raised his right against self-incrimination and does not assert his right based on a blanket assertion, *Certain Real Property* is not on point.

[4] Johnson will not belabor the Fifth Amendment dimensions of discovery in this proceeding. Johnson's testimony (obviously) will be essential to establish Haddad's claims and Johnson's defenses to Haddad's claims – a fact Haddad does not contest.

2

were involved in or witnessed the subject accident," and whether he has "been fined for improper behavior" or ejected for "improper behavior" (Ex. A, Haddad Interrogs. Nos. 4-8.) Thus, Haddad's own interrogatories demonstrate that, even at this early juncture, discovery is already being impacted by Johnson's assertion of his right against self-incrimination.

Haddad's other example of supposedly unobjectionable discovery – requests for admission – simply further supports Johnson's contention that discovery will be unproductive. Contrary to Haddad's suggestion, courts have repeatedly held that requests for admission (despite the language in Fed. R. Civ. P. 36(b)) are subject to the right against self-incrimination. *Federal Deposit Ins. Corp. v. Logsdon*, 18 F.R.D. 57, 58 (W.D. Ky. 1955); *United States v. Fishman*, 15 F.R.D. 151, 153 (S.D.N.Y. 1953); *Gordon v. Federal Deposit Ins. Corp.*, 427 F.2d 578, 581(D.C. Cir. 1970). There is little doubt that such requests for admission - like Haddad's interrogatories - will squarely implicate Johnson's right against self-incrimination. Thus, even ignoring the problems presented by the criminal prosecution of several key witnesses,[5] Haddad's own arguments simply reinforce the conclusion that discovery <u>will</u> be unproductive.

Haddad's remaining arguments in opposition to Johnson's prayer for a stay are similarly without support. Haddad argues, for example, that "courts, including the Sixth Circuit, have [] rejected" as a proper consideration the potential prejudice to a criminal defendant from being subject to broader civil discovery rules. (Resp. at 7.) Once again, the case (unpublished) cited by Haddad – *S.E.C. v Novaferon Labs, Inc.*, No. 91-3102, 941 F.2d 1210 (6th Cir. Aug. 14, 1991), does not support his argument. The case simply holds that the Constitution does not mandate a stay (which, as described above, neither party contests) and that appellant in that case was not entitled to

---

[5] As counsel for Johnson noted to the Court at a prior hearing, other witnesses key to establishing Haddad's claims and Johnson's defenses, particularly Ron Artest and Jermaine O'Neal, are also subject to parallel criminal proceedings and will inevitably invoke their right against self-incrimination (O'Neal has already done so in this proceeding).

3

a stay because he *had already been convicted* at the time he raised the issue of a stay. *Id.* at *2. The other cases cited by Haddad are similarly off point[6] – no surprise given that prejudice stemming from the broader discovery available in civil cases is a proper factor to be considered by courts in determining whether to grant a stay. *Volmar Distrib., Inc. v New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Finally, Haddad, quoting a passage from *Gordon*, argues that Haddad has a significant interest in "proceeding with this civil case in an expeditious manner." (Resp. at 8.) *Gordon*, however, does not indicate that the interest of a private civil litigant in proceeding with a litigation trumps all other interests. Rather, as a fuller quotation of the same passage demonstrates, the court was simply noting that in certain cases, such an interest might support denial of a request for a stay:

> There may be cases where the requirement that a criminal defendant participate in a civil action, at peril of being denied some portion of his worldly goods, violates concepts of elementary fairness in view of the defendant's position in an interrelated criminal prosecution. On the other hand, the fact that a man is indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter. Justice is meted out in both civil and criminal litigation. The overall interest of the courts that justice be done may very well require that the compensation and remedy due a civil plaintiff should not be delayed (and possibly denied). **The court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side**.

*Gordon,* 427 F.2d at 580. This is precisely what Johnson has asked the Court to do here – grant a stay given that the balance of "injustices."

---

[6] *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1369 (D.C. Cir. 1980) dealt with an administrative investigation (not a civil lawsuit by a private party), where "[n]o indictment has been returned," and "no Fifth Amendment privilege is threatened" – all factors disfavoring a stay. *Id.* at 1376. Haddad's reliance on *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118 (S.D.N.Y. 1980) is similarly misplaced given that the case says nothing about the risk of civil discovery expanding the scope of discovery beyond that permitted in Rule 16(b). *Id.* at 1118-119.

**CONCLUSION**

Federal courts, wherever they sit, recognize the importance of protecting a defendant's right against self-incrimination. Contrary to Haddad's suggestion, the Sixth Circuit is no exception. As a practical matter, Johnson cannot defend against Haddad's claims without explaining his actions to the fact finder via his own testimony. Moreover, other factors unquestionably favor the granting of a stay – particularly Haddad's failure to describe his own interest in resisting a stay,[7] and the short period for which Johnson seeks a stay (some three months).

Accordingly, for the reasons stated above and in Johnson's motion and brief, Johnson requests that this Court grant a stay pending resolution of the criminal trial against him.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK and STONE, P.L.C.

By: s/Hideaki Sano
Thomas W. Cranmer (P25252)
Matthew F. Leitman (P48999)
Hideaki Sano (P61877)
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651
sano@millercanfield.com

Dated:   June 3, 2005

---

[7] Haddad's interest in proceeding with discovery seems negligible given that the most pressing unobjectionable discovery that he identified in his response relates to insurance. Moreover, the stay would also favor Haddad's own case in at least one respect. As counsel for Haddad noted in a prior hearing, Haddad has yet to determine with any certainty his precise injuries. The granting of a stay would give him time to make such a determination.

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHARLES HADDAD,

    Plaintiff,

v.

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an
Indiana corporation, JERMAINE O'NEIL and
ANTHONY JOHNSON, Jointly and Severally.

    Defendants.

Case No: 2:04CV74932
The Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

**PROOF OF SERVICE**

---

| | |
|---|---|
| L.S. Charfoos (P11799) | Thomas W. Cranmer (P25252) |
| Jason J. Thompson (P47184) | Matthew F. Leitman (P48999) |
| Attorneys for Plaintiff | Hideaki Sano (P61877) |
| Charfoos & Christensen, P.C. | Attorneys for Defendant Anthony Johnson |
| 5510 Woodward Avenue | Miller, Canfield, Paddock and Stone, P.L.C. |
| Detroit, Michigan 48202 | 150 West Jefferson, Suite 2500 |
| Telephone: (313) 875-8080 | Detroit, Michigan 48226 |
| | Telephone: (313) 496-7651 |
| | |
| Lawrence G. Campbell (PP11553) | William D. Temko |
| Brian M. Akkashian (P55544) | Joseph Ybarra |
| Richard M. Apkarian, Jr. (P66206) | Admission pending |
| Dickinson Wright P.L.L.C. | Munger Tolles & Olson LLP |
| Attorneys for Defendant Jermaine O'Neal | Co-Counsel for Defendant Jermaine O'Neal |
| One Detroit Center, Suite 4000 | 35th Floor, 355 South Grand Avenue |
| Detroit, Michigan 48226-3425 | Los Angeles, California 90071-1560 |
| Telephone: (313) 223-3500 | Telephone: (213) 683-9266 |
| | |
| Steven M. Potter (P33344) | |
| Potter, DeAgostino, Campbell & O'Dea | |
| Attorneys for the Indiana Pacers | |
| 2701 Cambridge Court, Ste. 223 | |
| Auburn Hills, Michigan 48326 | |
| Telephone: (248)-377-1700 | |

## PROOF OF SERVICE

I hereby certify that on **November 2, 2004**, I electronically filed Defendant Anthony Johnson's Reply To Charles Haddad's Response to Motion To Stay with attached Exhibit A and Proof of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Brian M. Akkashian**, bakkashian@dickinsonwright.com;

**Richard M. Apkarian**, rapkarian@dickinsonwright.com;

**Steven M. Potter**, spotter@potterlaw.com;  and

**Jason J. Thompson (at Charfoos & Christensen)**, jthompson@c2law.com.

I further certify that I have mailed by United States Postal Service the papers to the following non-ECF participants: **(none).**

    MILLER, CANFIELD, PADDOCK and STONE, P.L.C.

    By:  s/Hideaki Sano
        Thomas W. Cranmer (P25252)
        Matthew F. Leitman (P48999)
        Hideaki Sano (P61877)
    Attorneys for Defendant Anthony Johnson
    150 West Jefferson, Suite 2500
    Detroit, MI 48226
    (313) 496-7651
    sano@millercanfield.com

June 3, 2005
AALIB:439419.1\127325-00001