UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

vs.

Case No. 04-CV74932
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana Corporation, JERMAINE O'NEAL,
and ANTHONY JOHNSON,
Jointly and Severally,

    Defendants.

_____/

CHARFOOS & CHRISTIANSON, P.C.
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

POTTER, DEAGOSTINO, CAMPBELL & O'DEA
STEVEN M. POTTER (P33344)
Attorney for Indiana Pacers
2701 Cambride Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700

MILLER, CANFIELD, PADDOCK and STONE, PLC
THOMAS W. CRAMMER (P25252)
MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651

DICKINSON WRIGHT PLLC
LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN JR. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
WILLIAM D. TEMKO
JOSEPH YBARRA
Admission Pending
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9266

_____/

**DEFENDANT JERMAINE O'NEAL'S REPLY
BRIEF IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS**

Dockets.Justia.com

A. **O'Neal Should Not be Forced to Choose Between Waiver of His Fifth Amendment Rights and a Meaningful Defense to Haddad's Claims**

Defendant Jermaine O'Neal ("O'Neal") has requested that the Court stay this case pending the completion of his criminal proceeding. Trial on the criminal case is currently scheduled for August of 2005. Like O'Neal, Plaintiff Charles Haddad ("Haddad") was criminally charged for his alleged role in the infamous "Palace Brawl." However, Haddad's criminal proceeding has concluded. Haddad plead no contest to violating a local ordinance and was sentenced to probation and community service. As a result, Haddad can effectively participate in discovery in this case without the risk of future prosecution or the use of evidence discovered in this matter by the Oakland County Prosecutor.

O'Neal does not have that luxury. Without a stay of these proceedings, O'Neal likely will be forced to assert the Fifth Amendment privilege in response to discovery inquiries that could provide evidence in the criminal matter. O'Neal's assertion of the privilege in this matter could result in an adverse inference from the jury, thus forcing O'Neal to forego a meaningful defense to Haddad's claims. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). Accordingly, O'Neal respectfully requests that this Court stay this case, including all discovery, pending the resolution of the criminal action.

B. **Haddad Has Incorrectly Characterized the State of Sixth Circuit Law on This Issue**

Haddad's Response fails to set forth any legitimate reason or argument as to why a stay should not be imposed. He fails to show, or even argue, that he will be prejudiced by a stay. The reason is simple – Haddad cannot demonstrate prejudice. O'Neal's criminal trial is scheduled for August of 2005. Therefore, any concerns over the preservation of evidence or

1

fading memories of witnesses simply do not exist. The stay requested by O'Neal is likely to be short and will be lifted upon the completion of the criminal action.

Further, Haddad's response mischaracterizes Sixth Circuit law on this issue. He claims, "[t]he Sixth Circuit has held that the Fifth Amendment is not a sufficient reason to stay a civil proceeding." (Haddad Response, pg. 6). In support of this proposition, Haddad cites United States v. Certain Real Property 566 Hendrickson Blvd., 986 F.2d 990 (6th Cir.1993). Contrary to Haddad's contention, however, this assertion is false. No Sixth Circuit case, including Hendrickson, has ever held, or even suggested, that the Fifth Amendment is not a sufficient reason to stay a civil proceeding.

Hendrickson was a civil forfeiture action. The government sought forfeiture of certain real property known as 566 Hendrickson Blvd. on the grounds that the property had been used or was intended to be used to cultivate marijuana plants. Id. at 992. Defendant filed a claim to the property as the owner. After both parties filed cross motions for summary judgment, the Court ruled in the government's favor and directed forfeiture.

Among his arguments on appeal, the defendant contended that the Court erred by not staying the case in light of the parallel criminal proceeding that was pending against him, thus forcing him to assert the Fifth Amendment privilege. Id. at 995. Although the Hendrickson Court clearly stated that "a court may stay a civil forfeiture action pending the resolution of the criminal proceedings," it ultimately rejected the defendant's argument. Id. at 996. First and foremost, the defendant never requested a stay, by motion or otherwise. Id. Thus, he failed to preserve the issue for appeal. In addition, the Court held that he failed to demonstrate a proper showing of prejudice to necessitate a stay. Id. at 997.

2

The Hendrickson Court did not hold, state, or even suggest, that the Fifth Amendment is not a sufficient reason to stay a civil proceeding. On the contrary, Hendrickson reaffirms that trial courts have the discretion to order a stay upon the requesting party's showing of prejudice.

Here, O'Neal has appropriately requested a stay by motion and has demonstrated that prejudice will result if a stay is not entered. Because the criminal case is pending, O'Neal cannot adequately respond to Haddad's discovery requests at this time. If he fails to preserve the Fifth Amendment privilege, he risks a waiver and the use of evidence discovered in this case by the Oakland County Prosecutor. However, if he asserts the privilege without a stay, he risks foregoing a meaningful defense to Plaintiff's claims, and an adverse inference at trial as a result of his silence.

Haddad also relies on the Ninth Circuit's opinion in Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1994), which he contends holds that "[t]here is nothing wrong with forcing a defendant to choose between testifying in a civil matter and asserting the Fifth Amendment privilege." (Haddad Response, pg. 6). In his Response to Defendant Johnson's Motion, Haddad goes one step further, citing Keating for the proposition that "Defendant has no right not to be forced to choose between testifying in [a] civil matter and asserting the Fifth Amendment privilege." (Haddad Response to Johnson Motion, pg. 7). This is a misstatement of the Court's holding in Keating. There, the Ninth Circuit stated only that, "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting the Fifth Amendment privilege." Keating, *supra* at 326 (emphasis added). The distinction between what Haddad contends and what the Court actually said is vital. While it is clear that O'Neal has no absolute right to a stay pending the resolution of the parallel criminal case, he certainly is

3

entitled to request a stay, and it is well within the Court's discretion to grant one. *See* <u>Landis v. North American Co</u>, 299 U.S. 248, 254-55 (1936).

Defendant O'Neal respectfully requests that this Court exercise its discretion by ordering a stay of this case pending the resolution of O'Neal's criminal matter. Given the importance of O'Neal's Fifth Amendment right, a stay is appropriate. Each of the individual parties in this case, Haddad, O'Neal and Johnson, were criminally charged for their actions during the November 19, 2004 Palace Brawl. Haddad's criminal case is over; O'Neal's and Johnson's are not. O'Neal and Johnson should be allowed to defend themselves against the criminal charges and this action, while preserving their Fifth Amendment rights. Otherwise, O'Neal and Johnson would face a Hobson's choice – waive the privilege and risk the Prosecutor's use of evidence obtained during this case against them, or assert the privilege and forego a meaningful defense to Plaintiff's claims. The stay would avoid the repercussions of either decision and level the playing field in this litigation

Respectfully Submitted,

DICKINSON WRIGHT PLLC


By:   /s Richard M. Apkarian Jr.
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
    Richard M. Apkarian Jr. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
William D. Temko
Joseph J. Ybarra
Application for Pro Hac Vice Pending
Co-Counsel for Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
(213) 683-9266

Dated:  June 6, 2005


**PROOF OF SERVICE**

Richard M. Apkarian Jr., being first duly sworn, deposes and says that on the 6th day of June, 2005, he caused to be served a copy of Defendant Jermaine O'Neal's Reply Brief in Support of Motion for Stay of Proceedings, and this Proof of Service via electronically filing on Jason J. Thompson, Steven M. Potter, and Hideaki Sano.

                                        /s/  Richard M. Apkarian

BLOOMFIELD 28552-1 696205v1

5