UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff, Case No. 04-CV-74932

-vs- Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

---

| | |
|---|---|
| L.S. CHARFOOS (P11799) | Potter, DeAgostino, O'Dea & Patterson |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | Attorney for Indiana Pacers |
| 5510 Woodward Avenue | 2701 Cambridge Court, Suite 223 |
| Detroit, Michigan 48202 | Auburn Hills, Michigan 48326 |
| (313) 875-8080/FAX 8522 | (248) 377-1700/FAX 0051 |
| | |
| LAWRENCE G. CAMPBELL (P11553) | THOMAS W. CRANMER (P25252) |
| BRIAN M. AKKASHIAN (P55544) | MATTHEW F. LEITMAN (P48999) |
| RICHARD M. APKARIAN, JR. (P66206) | HIDEAKI SANO (P61877) |
| Attorneys for Jermaine O'Neal | Attorneys for Anthony Johnson |
| 500 Woodward Avenue, Suite 4000 | 150 W. Jefferson, Suite 2500 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 223-3500 | (313) 496-7651 |

WILLIAM D. TEMKO
JOSEPH YBARRA
Co-Counsel for Jermaine O'Neal
355 S. Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266

---

## STIPULATED PROTECTIVE ORDER

At a session of said Court, held in the Eastern District
of Michigan on: March 17, 2006

  PRESENT:  Honorable Anna Diggs Taylor
          United States District Court Judge

Dockets.Justia.com

This matter having come before this Honorable Court upon stipulation of the parties, through their respective counsel, and the Court being otherwise fully advised in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. "Confidential Material" means:

    a. Documents and information which the party reasonably and in good faith believes is confidential and would not normally reveal to others including, but not limited to: Administrative Orders, Policies, Procedures, Rules and Regulations, internal departmental documents, and written and videotaped investigations of the INDIANA PACERS, an assumed name for PACERS BASKETBALL CORPORATION.

    b. Any Confidential Material produced in response to any discovery request shall be designated as such by stamping the document "CONFIDENTIAL".

    c. Confidential Material shall be produced pursuant to the terms and conditions set forth in this Order.

2. If a party believes that a designation of any information as Confidential Material is unwarranted, it may inform the designating party in writing within forty (40) days of receipt of the information. Upon receiving the written objection, both parties shall negotiate in good faith to resolve their differences. Failing agreement, the objecting party may file a motion with the Court for ruling on its objection. If no written objection is made to the designation within the forty (40) day period, objection to the designation shall be deemed waived, except for good cause shown. If the objecting party fails to file a motion with the Court within forty (40) days of receipt of the information or within fourteen (14) business days of a conference to try to resolve the differences, whichever is later, the information shall be considered Confidential Material.

3. Access, use, and review of Confidential Material is limited to the parties, the parties' attorneys and their firms, who have signed this Order (the "Parties' Attorneys"), their retained experts, consultants, and employees of the parties who may testify as witnesses in the trial of this matter. Otherwise, Confidential Material shall not be publicized, referred to, or communicated in any way to any other person or entity other than in connection with the discovery and preparation of trial or appeal of this action.

4. Before disclosing Confidential Material to any person not a party to this Order, counsel for the party making the disclosure shall provide each such person with a copy of this Order. Each such person shall agree to the terms of this Order; agree to subject themselves to the jurisdiction of this Court before receiving Confidential Material; and, will sign and date a copy of this Order stating that they have read this Order and will abide by its terms.

5. If requested by any governmental agency or by any party in civil litigation by subpoena or court order, the parties agree to respond to the request by advising the requesting party that all such documents are subject to this Order. Further, the parties shall give each other immediate notice of the request. The parties will not provide Confidential Material in response to the request until the other party has had reasonable time to intervene or otherwise protect its interests.

6. At their option, the parties will either return or destroy all copies of Confidential Material at the close of all appeals of this action. The Parties' Attorneys will represent in writing that they have returned or destroyed all Confidential Material or documents that contain Confidential Material.

7. The use of Confidential Material in the deposition of any witness shall be in compliance with this Order. When Confidential Material is disclosed in a deposition, the person

making the disclosure shall state on the record that the use of the Confidential Material is subject to this Order and that the witness and his or her counsel are bound by the terms of this Order. If Confidential Material is referred to or referenced in any deposition or proceeding in this action, the portion of the transcript that refers to Confidential Material will be treated as confidential by the court reporter and the parties in accordance with this Order.

8.  If any party wishes to use Confidential Material in connection with any brief, argument or filing in this action, the Confidential Material shall be submitted and filed under seal and shall be maintained by the Court under seal. Such Confidential Material so filed shall not be made available to anyone other than the Court, its clerks and the Parties' Attorneys.

9.  Confidential Material submitted to the Court is to be sealed in a 9 x 12 inch envelope. The envelope shall have the following information printed on its face: (1) the name of the court; (2) the title of the case: (3) the case number; (4) the name of the document; (5) the attorney's name, address, and the party he or she represents; and (6) the following language: "Confidential Material Pursuant to Protective Order." A copy of the Protective Order shall also be attached to the outside of the envelope.

10. Sixty days after the termination of this action by order or judgment, or by an appellate mandate if appealed, the Confidential Material submitted to the Court under seal pursuant to this Protective Order will be unsealed and placed in the public case file, unless counsel present a proposed order directing the Clerk's Office to return the Confidential Material to the parties responsible for their submission. An order for the return of protected documents to the parties or attorneys who submitted them shall require counsel to maintain one archival copy of deposition exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

11. This Protective Order is binding on all undersigned parties and on all parties who have been served with a copy of this Order, and shall remain in full force and effect until modified, superseded, or terminated by written consent of the parties or by order of the Court.

12. This Protective Order shall not constitute a waiver of the right of the parties to raise or assert any defense or objection including, but not limited to: objections regarding the use, relevance, and admissibility of any documents, testimony, or information subject to this Protective Order.

Dated: March 17, 2006                                S/ANNA DIGGS TAYLOR
                                                     U.S. DISTRICT COURT JUDGE

Approved as to form and content:

s/L.S. Charfoos w/consent                            s/Steven M. Potter
L.S. CHARFOOS (P11799)                               Potter, DeAgostino, O'Dea & Patterson
JASON J. THOMPSON (P47184)                           STEVEN M. POTTER (P33344)
Attorneys for Plaintiff                              Attorney for Indiana Pacers
5510 Woodward Avenue                                 2701 Cambridge Court, Suite 223
Detroit, Michigan 48202                              Auburn Hills, Michigan 48326
(313) 875-8080/FAX 8522                              (248) 377-1700/FAX 0051
lcharfoos@c2law.com                                  spotter@potterlaw.com

s/Brian M. Akkashian w/consent                       s/Matthew F. Leitman w/consent
LAWRENCE G. CAMPBELL (P11553)                        THOMAS W. CRANMER (P25252)
BRIAN M. AKKASHIAN (P55544)                          MATTHEW F. LEITMAN (P48999)
RICHARD M. APKARIAN, JR. (P66206)                    HIDEAKI SANO (P61877)
Attorneys for Jermaine O'Neal                        Attorneys for Anthony Johnson
500 Woodward Avenue, Suite 4000                      150 W. Jefferson, Suite 2500
Detroit, Michigan 48226                              Detroit, Michigan 48226
(313) 223-3500                                       (313) 496-7651
bakkashian@dickinsonwright.com                       sano@millercanfield.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Order* was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on **March 17, 2006.**

                                                     s/Johnetta M. Curry-Williams
                                                     Case Manager