UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

     Plaintiff,                      Case No. 04-CV-74932

-vs-                                Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS     Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

     Defendants.

_____

| | |
|---|---|
| L.S. CHARFOOS (P11799) | Potter, DeAgostino, O'Dea & Patterson |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | RICK J. PATTERSON (P55706) |
| 5510 Woodward Avenue | Attorney for Indiana Pacers |
| Detroit, Michigan 48202 | 2701 Cambridge Court, Suite 223 |
| (313) 875-8080/FAX 8522 | Auburn Hills, Michigan 48326 |
| | (248) 377-1700/FAX 0051 |

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
Attorneys for Anthony Johnson
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7651

_____

## DEFENDANT INDIANA PACERS' MOTION FOR SUMMARY JUDGMENT REGARDING EXEMPLARY DAMAGES

NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER,

DeAGOSTINO, O'DEA & PATTERSON, and moves this Honorable Court for Summary Judgment

regarding Plaintiff's claims for exemplary damages for the reasons set forth in the brief accompanying this

motion.

In accordance with E.D. Mich. LR 7.1, counsel for Defendant Indiana Pacers contacted Plaintiff's counsel regarding the nature of the instant motion and its legal basis.  Counsel requested but did not obtain concurrence in the relief sought by the motion.

Respectfully submitted,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated:   June 30, 2006           rjpatterson@potterlaw.com

**<u>BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
REGARDING EXEMPLARY DAMAGES</u>**

**<u>CONCISE STATEMENT OF ISSUE PRESENTED</u>**

<u>I.</u>

HAS PLAINTIFF FAILED TO ESTABLISH CONDUCT REQUIRED FOR A
CLAIM OF EXEMPLARY DAMAGES WHERE NO STATUTORY SECTION
AUTHORIZES THE AWARD OF EXEMPLARY DAMAGES FOR
PLAINTIFF'S CLAIMS AND ANY MENTAL ANGUISH AND DISTRESS
DAMAGES WILL BE FULLY COMPENSATED THROUGH THE AWARD OF
THE ACTUAL DAMAGES ALLEGED BY PLAINTIFF?

Defendant answers "Yes"

Plaintiff answers "No"

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

*Himmel v. Ford Motor Co.*, 342 F3d 693 (6th Cir. 2003).  A court having diversity jurisdiction must apply the law of the forum state.

*Hayes-Albion Corp. v. Kuberski*, 421 Mich 170, 364 NW2d 609 (1984). "[W]hen compensatory damages can make the injured party whole, the Court has denied exemplary damages."

*Veselenak v. Smith*, 414 Mich 567, 327 NW2d 261 (1982).  Exemplary damages are a class of compensatory damages intended to compensate for injury to feelings and are not intended to punish.  Actual damages now include compensation for mental distress and anguish.  The Supreme Court further held that

> juries are not asked to differentiate between mental states, such as shame, mortification, humiliation and indignity.  Juries are asked to compensate mental distress and anguish which flow naturally from the alleged misconduct and may be described in such terms as shame, mortification, humiliation and indignity.  In addition, if the plaintiff is being compensated for *all* mental distress and anguish, it matters not whether the source of the mental distress and anguish is the injury itself or the way in which the injury occurred.

## Factual Background

The instant action arises out of the incident that occurred at the Palace of Auburn Hills on November 19, 2004 during the basketball game between the Detroit Pistons and the Indiana Pacers. Plaintiff's Complaint in this matter alleges damages that include: pain and distress from physical injuries, emotional distress, humiliation and anguish, and "punitive and exemplary damages allowed under law" (Exhibit A, ¶ 23). In addition, Plaintiff's Relief Sought includes a request for monetary damages regarding allegations of past and future mental and emotional distress and "[p]unitive or exemplary damages allowed by law" (Exhibit A, ¶ 32(b) and (d)).

Plaintiff's Complaint sets forth two counts: (1) assault and battery and (2) wanton and willful misconduct. Plaintiff's Complaint is void of any allegations setting forth a statutory section under the Michigan Compiled Laws that provides for punitive or exemplary damages relating to claims of assault and battery or wanton and willful misconduct. This Court has previously ordered that punitive damages will not be considered in this matter. The Court denied without prejudice Defendant's Motion to Dismiss Plaintiff's exemplary damages claim. Defendant now seeks summary judgment regarding Plaintiff's claim for exemplary damages.

The conduct Plaintiff complains of in this matter is a punch. When questioned where he was struck by Mr. O'Neal, Mr. Haddad indicated the side of his face between his ear and the corner of his mouth (Exhibit A, Deposition of Charlie Haddad, pp. 99-100). The narrative report of Sgt. Casimir Miarka from the Auburn Hills Police Department is attached as Exhibit B. The narrative report also indicates that Mr. O'Neal struck Plaintiff in the jaw. Exhibit C is an incident report completed by Palace Crowd Control/Facility Patrol. Exhibit C indicates that Plaintiff went onto the basketball court, went up to O'Neal and O'Neal swung and hit Plaintiff. Plaintiff's own testimony, Sgt. Miarka's narrative report,

and the Palace incident report all indicate that Plaintiff was struck in the jaw by O'Neal. Viewing this evidence in a light most favorable to Plaintiff, as required under the standard for this motion, Plaintiff at most can show that he was struck by O'Neal, not that O'Neal's conduct was wanton or reckless.

### Standard of Review

Defendant seeks Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This rule provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In ruling on a motion for summary judgment, the reviewing court must look beyond the pleadings and assess the proofs to determine if there is a genuine need for trial. *Matsuhita Electrical Industry Company v. Zenith Radio Corporation*, 475 U.S. 574 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). If the Defendants carry their burden of showing that there is an absence of evidence to support a claim then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories and admissions on file that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In making this determination, inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsuhita Electrical Industry Company*, 475 U.S. at 587-88. An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Liberty Lobby*, 477 U.S. at 248.

## Argument

Plaintiff brings the instant action in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. A court having diversity jurisdiction must apply the law of the forum state. *Himmel v. Ford Motor Co.*, 342 F3d 693 (6th Cir. 2003). Thus, Plaintiff's claims for exemplary damages is governed by Michigan law. As set forth below, Michigan law does not provide for the recovery of exemplary damages under the circumstances of this case.

### I.    Exemplary Damages

Plaintiff seeks to recover exemplary damages allowed under law. Plaintiff has failed to identify any Michigan statute that provides for the recovery of exemplary damages with regard to his allegations. Michigan statutes authorizing the award of exemplary damages include: MCL 15.273 (Open Meetings Act), MCL 324.20119 and 324.21319a (Environmental Protection Act), MCL 333.26219a (Low-Level Radioactive Waste), MCL 408.488 (Wages and Fringe Benefits), MCL 436.1305 and 436.1403 (Liquor Control Code), MCL 600.2907a (Real Property Recordings), MCL 600.2911 (Libel and Slander), MCL 600.2917 (Shoplifting), MCL 600.2953a (motion picture recording violation), MCL 600.2954 (Stalking), MCL 600.2962 and 600.2962a (unauthorized cable or satellite television and telecommunication service), MCL 691.1610 (Drug Dealer Liability Act), MCL 722.907 (Parental Rights Restoration Act). None of these statutes provide for recovery of exemplary damages with regard to Plaintiff's assault and battery or wanton and willful misconduct claims.

Since no Michigan statute provides for the recovery of exemplary damages under the facts of this case, Plaintiff must set forth allegations justifying the recovery of exemplary damages under the common law of Michigan. The theory supporting exemplary damages is that the nature of the defendant's conduct

intensifies the injury and justifies the award of additional compensation for the harm to plaintiff's feelings. *Kewin v. Massachusetts Mutual Life Ins.*, 409 Mich 401, 419; 295 NW2d 50 (1980). Exemplary damages are a class of compensatory damages intended to compensate for injury to feelings and are not intended to punish. *Veselenak v. Smith*, 414 Mich 567, 573; 327 NW2d 261 (1982). As stated in *Wise v. Daniel*, 221 Mich 229, 233; 190 NW 746 (1922):

> Exemplary damages are of necessity intangible in nature and therefore, cannot well be considered apart from those matters which are capable of exact pecuniary valuation. They may enlarge the compensatory allowance, but **they are not to be considered as authorizing a separate sum by way of example or punishment** (emphasis added).

The Michigan Supreme Court in *Bailey v. Graves*, 411 Mich 510, 309 NW2d 166 (1981), set forth that "an award of exemplary damages is justifiable only where it is first shown that defendant's conduct was malicious, or so willful and wanton as to demonstrate a reckless disregard of the plaintiff's rights." *Bailey* at 515. The Michigan Supreme Court continued by noting that "a determination of malicious or willful and wanton conduct on the part of the defendants was a sina qua non to the award of exemplary damages." Id. Lastly, the court stated:

> The fact that a tort is committed intentionally does not mean that it was committed with malice or reckless disregard of the rights of others, or wantonly, as necessary to permit exemplary damages. In addition, to hold the contrary would be to permit exemplary damages in most assaults, for example, which obviously is not what exemplary damages are intended for.

*Bailey* at 515-516. "Due to the required mental element, negligence is not sufficient to justify an award of exemplary damages." *Veselenak* at 575.

The conduct Plaintiff complains of in this matter is a punch. As stated in *Bailey*, "[t]he fact that a tort is alleged to have been committed intentionally does not mean it was committed with malice or

reckless disregard of the rights of others or wantonly, **as necessary to permit exemplary damages."**
When questioned where he was struck by Mr. O'Neal, Mr. Haddad indicated the side of his face
between his ear and the corner of his mouth (Exhibit A, Deposition of Charlie Haddad, pp. 99-100). The
narrative report of Sgt. Casimir Miarka from the Auburn Hills Police Department indicates that Mr.
O'Neal struck Plaintiff in the jaw (Exhibit B). An incident report completed by Palace Crowd
Control/Facility Patrol indicates that Plaintiff went onto the basketball court, went up to O'Neal, and
O'Neal swung and hit Plaintiff. Plaintiff's own testimony, Sgt. Miarka's narrative report, and the Palace
incident report all indicate that Plaintiff was struck one time in the jaw by O'Neal. Just because Plaintiff's
assault and battery claim alleges an intentional tort does not mean that O'Neal's conduct was wanton
or reckless conduct. To permit a claim of exemplary damages here ignores the *Bailey* court's warning
that exemplary damages are not appropriate for most assault claims. The testimony and reports indicate
that the alleged conduct is a single punch to the cheek area of Plaintiff's face. A alleged single punch to
the cheek cannot be transformed into wanton or reckless conduct sufficient to support a claim of
exemplary damages.

Plaintiff in the instant matter has alleged damages that include emotional distress, humiliation and
anguish, and "punitive and exemplary damages allowed under law" (Exhibit A, ¶ 23). The Michigan
Supreme Court in *Hayes-Albion Corp. v. Kuberski*, 421 Mich 170, 178; 364 NW2d 609 (1984) held
that **"when compensatory damages can make the injured party whole, the Court has denied
exemplary damages."** Defendant Indiana Pacers have re-filed the instant motion because Plaintiff has
not identified conduct that supports an award of exemplary damages and because Plaintiff's claims for
actual damages will fully compensate Plaintiff for his alleged mental distress and mental anguish damages.

The Michigan Supreme Court in *Veselenak* set forth the following analysis regarding the award of exemplary damages:

> A close reading of the early exemplary damages cases also suggest that these unusual damages may have been used to supply a remedy for mental injury not otherwise recognized. Actual damages compensated for economic loss, but not for non-economic loss. In addition, the award of actual damages seemed to preclude the award of additional compensation for non-economic loss. *Warren v. Cole*, 15 Mich 265 (1867); *Hyatt v. Adams*, 16 Mich 179 (1867). Assuming actual damages were not provable but mental injury certain, exemplary damages became available to compensate the injured party. *Fay v. Swan*, 44 Mich 544, 7 NW 215 (1880).
>
> As proof of actual damages is no longer a bar to the award of exemplary damages, so too actual damages, where properly pled, now include compensation for shame, mortification, mental pain and anxiety, *Beath v. Rapid R. Co.*, 119 Mich 512, 78 NW 537 (1899), and for annoyance discomfiture and humiliation, *Grenawalt v. Nyhuis*, 335 Mich 76, 55 NW 736 (1952). **In short, actual damages now include compensation for mental distress and anguish.**

*Veselenak* at 573-574 (emphasis added).

With regard to the propriety of awarding both actual and exemplary damages to a plaintiff, the court stated as follows:

> Amicus curiae Michigan Trial Lawyers Association contends that ordinary damages and exemplary damages are not redundant. It maintains that a distinction may be drawn between "mental distress intrinsic to the injury itself (no matter how it occurred) and mental distress emanating from the manner in which the injury occurred." In addition, it claims that ordinary damages for shame and mortification and exemplary damages for humiliation and indignity are compensating "distinct wrongs."
>
> These distinctions are, at least, legally unsound. Semantic niceties aside, juries are not asked to differentiate between mental states, such as shame, mortification, humiliation and indignity. Juries are asked to compensate mental distress and anguish which flow naturally from the alleged misconduct and may be described in such terms as shame, mortification, humiliation and indignity. In addition, if the plaintiff is being compensated for *all* mental distress and anguish, it matters not whether the source of the mental distress and anguish is the injury itself or the way in which the injury occurred.

-6-

*Veselenak* at 576-577 (emphasis in original).

In the instant matter, Plaintiff's claim for actual damages will fully compensate Plaintiff for any alleged mental distress or anxiety damages that can be established. Plaintiff cannot establish any mental distress or mental anguish damages that could not be compensated by an award of actual damages in this case. The trier of fact will be able to award damages to compensate Plaintiff for any and all mental distress damages as part of Plaintiff's claim for actual damages regarding emotional distress, humiliation and anguish. As pointed out in *Veselenak*, a jury is not asked to differentiate between mental anguish damages caused by the alleged injuries and the mental distress damages caused by the manner in which the alleged injuries occurred. Plaintiff's claim for exemplary damages would require the jury to make distinctions between types of mental distress and anguish damages that the Michigan Supreme Court has held the jury is not required to make. The jury will be asked to determine the total amount of Plaintiff's mental distress and anguish damages, if any, as part of his actual damages, therefore, no claim for exemplary damages exists.

In addition, there is no statutory provision permitting the award of exemplary damages for the intentional tort of assault and battery or claims of willful and wanton misconduct. Plaintiff's claim for exemplary damages is an improper claim to seek a double recovery because his claim for actual damages will compensate him for *all* alleged mental distress damages. *Veselenak*, supra. Accordingly, Plaintiff has failed to identify conduct that supports a claim of exemplary damages and has failed to demonstrate a claim for exemplary damages separate and distinct from his claim for actual damages. Therefore, Summary Judgment is appropriate.

## Relief Requested

WHEREFORE, Defendant Indiana Pacers respectfully requests that this Honorable Court grant

its Motion for Summary Judgment Regarding Exemplary Damages pursuant to Fed.R.Civ.P. 56 and strike

Plaintiff's claims for exemplary damages from his Complaint.

POTTER, DeAGOSTINO, O'DEA & PATTERSON

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com

Dated:  June 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006, I electronically filed the foregoing paper with the
Clerk of the Court using the ECF system which will send notification of such filing to the
attorneys of record to this cause of action.

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com
