UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

vs.

Case No.  04-CV74932
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana Corporation, JERMAINE O'NEAL,
and ANTHONY JOHNSON,
Jointly and Severally,

    Defendants.
_____/

CHARFOOS & CHRISTIANSON, P.C.
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

POTTER, DEAGOSTINO, CAMPBELL & O'DEA
STEVEN M. POTTER (P33344)
Attorney for Indiana Pacers
2701 Cambride Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700

MILLER, CANFIELD, PADDOCK and STONE, PLC
THOMAS W. CRAMMER (P25252)
MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651

DICKINSON WRIGHT PLLC
LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN JR. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
WILLIAM D. TEMKO
JOSEPH YBARRA
Admission Pending
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9266

_____/

**DEFENDANT JERMAINE O'NEAL'S**
**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE RE: TESTIMONY OF TIMOTHY R.**
**<u>SMITH AN EMPLOYEE OF PALACE OF AUBURN HILLS</u>**

## ISSUE PRESENTED

Whether Plaintiff's motion to exclude the testimony and/or report of Timothy R. Smith should be denied where Mr. Smith has not yet testified, the report is relevant and not prejudicial. The report is not hearsay and/or is admissible under one or more exceptions to the hearsay rule and the report does not constitute character evidence.

Defendant O'Neal's answer: Yes.

## MOST CONTROLLING AUTHORITIES

FRE 803(6) ............................................................................................................. 3

FRE 803(5) ............................................................................................................. 4

FRE 801(d)(2) ........................................................................................................ 4

FRE 404(b) ......................................................................................................... 4,5

FRE 401 ................................................................................................................. 5

FRE 403 ................................................................................................................. 5

### I.  INTRODUCTION AND BACKGROUND FACTS

Plaintiff Charles Haddad ("Plaintiff") seeks to exclude a written statement authored by Palace Director of Event Operations Timothy R. Smith and, presumably, any and all testimony offered by Mr. Smith. In the first instance, a motion to exclude any part of Mr. Smith's testimony is premature as he has not been deposed or otherwise testified in this matter.

Regarding Mr. Smith's report of his interaction with Plaintiff, such report is relevant and is not prejudicial in any way. In fact, it is a document containing facts directly related to the actions of Plaintiff on the night of the incident at the Palace. To the extent any of the statements contained in Mr. Smith's report constitute hearsay, each such statement fits at least one exception to the hearsay rule, as does the report as a whole. Moreover, statements in the report attributed to Plaintiff constitute admissions of a party opponent. Finally, the report does not constitute character evidence as nothing in it is being offered to show prior specific acts or action in conformity therewith. Even if the report contained evidence of Plaintiff's character, such evidence would still be admissible under one or more of the exceptions in FRE 404(b).

For the foregoing reasons, Defendant Jermaine O'Neal respectfully requests that this Court deny Plaintiff's motion in limine.

### II.  ARGUMENT

#### A.   Tim Smith Has Not Yet Been Deposed

Plaintiff's motion is unclear in that it seems to focus on Mr. Smith's written statement but requests that Mr. Smith's entire testimony be precluded. Mr. Smith has

1

not yet been deposed.[1]  None of the parties, including Plaintiff, know what involvement Mr. Smith had in the incident at the Palace, where he was, or with whom he may have interacted, either during the incident or subsequent to it as the Director of Event Operations for the Palace.  Until he has been deposed, no basis exists for Plaintiff to seek to preclude his entire testimony.  Thus, Plaintiff's motion is premature at best and should be denied.

### B.   Mr. Smith's Written Statement is Admissible

Plaintiff broadly, and inaccurately, characterizes Mr. Smith's written statement as inadmissible hearsay.  Mr. Smith interviewed Plaintiff and made a written record of that interview.  Plaintiff attaches some significance to the fact that Mr. Smith may have written his statement after the incident of November 19, 2004.  When Mr. Smith wrote the statement is irrelevant and does not somehow change the statement into inadmissible hearsay.  The document is either admissible or it is not.  It does not matter when it was written.  Plaintiff's contention that "the witness only thought the events and the conversation with Charlie Haddad were significant enough to memorialize them after the so-called 'Palace Brawl,'" even if true, goes only to the weight of the evidence.

Mr. Smith is scheduled for deposition and will undoubtedly authenticate the statement during his deposition.  Moreover, Mr. Smith may be called as a witness at the trial of this matter and can authenticate the statement as his own during his testimony. Mr. Smith's statement is admissible under FRE 803(6) because it is a business record made and kept in the ordinary course of business by the Director of Event Operations

---

[1]   His deposition is scheduled for July 21, 2006.

2

for the Palace. The statement is also admissible under FRE 803(5) as a recorded recollection that Mr. Smith may refer to during his testimony either at deposition or trial.

Those statements in Mr. Smith's report attributed to Mr. Haddad are also admissible. First, Mr. Haddad's statements constitute admissions by a party opponent and are admissible under FRE 801(d)(2). Second, Mr. Haddad's statements are not offered for the truth of the matter asserted and are therefore not hearsay. For example, Defendants do not intend to offer Plaintiff's statement that "he was the biggest Pistons' fan in here and that I nobody understands that" either for the proposition that Plaintiff is the biggest Pistons' fan or that nobody understands that fact. Rather, Mr. Haddad's statements, along with the rest of the report, will be offered to prove that Plaintiff was a disruptive fan who had attracted the attention of Palace security based on his behavior during Pistons' games.

### C. Neither Mr. Smith's Report Nor His Anticipated Testimony Constitute Inadmissible Character Evidence

Plaintiff claims that Mr. Smith's report contains inadmissible character evidence, though no authority is cited on this point. FRE 404(b), the only potentially applicable rule, does not preclude Mr. Smith's report. FRE 404(b) renders inadmissible "evidence of other crimes, wrongs or acts...in order to show action in conformity therewith." Plaintiff contends that "defendant intends to use the specific statement as evidence of the character of Mr. Haddad, despite the lack of any evidence that he was a beer throwing patron on the night in question." (Plaintiff's Brief, P. 14).

Plaintiff's assertion is inaccurate. First, Defendants do not claim that Plaintiff threw beer during the Palace incident, nor do Defendants claim that Plaintiff ever poured beer on Yao Ming's head. Thus, Mr. Smith's report is not being offered to show

3

that Plaintiff had previously thrown beer (other crime, wrong or act) or that he did so that night (action in conformity therewith). Rather, Defendants intend to offer Mr. Smith's statement to demonstrate Plaintiff's ongoing state of mind, including on the night of the Palace incident. Plaintiff wanted to show everyone how big a Pistons' fan he was and he wanted to get involved and be someone. (Tim Smith Report, p. 2, Exhibit A). Thus, the report is not character evidence and is not subject to the requirements of FRE 404(b).

Even if the report did contain character evidence subject to FRE 404(b), it is still admissible as evidence of Plaintiff's motive, intent, plan and/or absence of mistake or accident. Mr. Smith's report indicates that Plaintiff exhibits erratic behavior around the visitors' tunnel, wants to show everyone what a big Pistons' fan he is and wants to get involved. The specific example cited in Mr. Smith's report is Plaintiff's stated intention to pour a beer on Yao Ming's head. These facts are all indicative of Plaintiff's motive, intent, plan and lack of mistake or accident when he stepped on the basketball court. This was his chance, to use Plaintiff's words, to get involved, be someone and demonstrate to the world that he was the biggest Pistons' fan.

### D. Mr. Smith's Report is Relevant and Admissible under FRE 401 and 403

Mr. Smith's report is relevant and its probative value is not outweighed by any prejudice. The report recounts conduct by Mr. Haddad which occurred just 17 days before the Palace incident. The report also demonstrates that Plaintiff's behavior was so disruptive it warranted a sit down with the Palace's Director of Event Operations.

Most importantly, Plaintiff's attitude toward opposing players and his stated desire to "get involved and be someone," both of which are reflected in the report, were

both on full display during the Palace incident. As long as the report is otherwise admissible, which it is, the jury is entitled to know that Plaintiff's ill-advised decision to go on the basketball court and intentionally fight with NBA players was no whim. Rather, it was the opportunity for which Plaintiff had been waiting.

Plaintiff continues to argue that Plaintiff's alleged joke about pouring beer on Yao Ming is somehow so prejudicial that it should be excluded. However, it is not the content of the statement that is most telling. It is the expression of Plaintiff's attitude toward opposing players that is most relevant. Plaintiff expressed a desire to pour a beer on Yao Ming, he expressed that he was the biggest Pistons' fan and wanted people to understand that and he expressed that he wanted to "get involved." Plaintiff's stated desire to become involved in the exact type of altercation that took place during the Palace incident is compelling evidence that he was not an innocent victim in this matter. Defendants are not attempting to appeal to the passions or emotions of the jury. Rather, Defendants simply want the jury to have all the important facts to decide this case.

## III.  CONCLUSION

Based on the foregoing, Defendant Jermaine O'Neal respectfully requests that this Court deny Plaintiff's motion in limine.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By:  /s Brian M. Akkashian
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
    Richard M. Apkarian Jr. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500

MUNGER, TOLLES & OLSON LLP
William D. Temko
Joseph J. Ybarra
Application for Pro Hac Vice Pending
Co-Counsel for Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
(213) 683-9266

Dated:  July 13, 2006

DETROIT 28552-1 946051v1

> I hereby certify that on July 14, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ___Jason J. Thompson, Steven . Potter and Hideaki Sano___ .
>
>
> s/Brian M. Akkashian (P55544)
> DICKINSON WRIGHT PLLC
> 500 Woodward Avenue, Suite 4000
> Detroit, Michigan  48226
> (313) 223-3500
> bakkashian@dickinsonwright.com