UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

-vs-

INDIANA PACERS, an assumed name a/k/a PACERS BASKETBALL CORPORATION, an Indiana corporation, JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

Case No. 04-CV-74932

Hon. ANNA DIGGS TAYLOR

Mag. Judge Donald A. Scheer

---

| | |
|---|---|
| L.S. CHARFOOS (P11799)<br>JASON J. THOMPSON (P47184)<br>Attorneys for Plaintiff<br>5510 Woodward Avenue<br>Detroit, Michigan 48202<br>(313) 875-8080/FAX 8522 | Potter, DeAgostino, O'Dea & Patterson<br>STEVEN M. POTTER (P33344)<br>RICK J. PATTERSON (P55706)<br>Attorney for Indiana Pacers<br>2701 Cambridge Court, Suite 223<br>Auburn Hills, Michigan 48326<br>(248) 377-1700/FAX 0051 |

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
Attorneys for Anthony Johnson
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7651

---

## **DEFENDANT INDIANA PACERS' RESPONSE TO MOTION IN LIMINE RE: TESTIMONY OF TIMOTHY R. SMITH**

NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and requests that this Honorable Court deny Plaintiff's Motion in Limine regarding Timothy R. Smith's testimony and written report for the reasons set forth in the brief

accompanying this response.

                                              Respectfully submitted,

                                              POTTER, DeAGOSTINO, CAMPBELL & O'DEA

                                              s/RICK J. PATTERSON (P55706)
                                              Attorney for Defendant Indiana Pacers
                                              2701 Cambridge Court, Suite 223
                                              Auburn Hills, Michigan 48326
                                              (248) 377-1700
Dated: July 17, 2006                    rjpatterson@potterlaw.com

## BRIEF IN SUPPORT OF
## DEFENDANT INDIANA PACERS' RESPONSE TO MOTION IN LIMINE RE: TESTIMONY OF TIMOTHY R. SMITH

### CONCISE STATEMENT OF ISSUE PRESENTED

### I.

SHOULD PLAINTIFF'S MOTION IN LIMINE REGARDING TIMOTHY R. SMITH BE DENIED BECAUSE THE STATEMENT IS ADMISSIBLE AND MR. SMITH HAS NOT YET OFFERED SWORN TESTIMONY IN THIS MATTER?

    Defendant answers "Yes"

    Plaintiff answers "No"

## STATEMENT OF CONTROLLING AUTHORITY

FRE 401

FRE 403

FRE 801(d)(2)

FRE 803(5)

FRE 803(6)

**Factual Background**

The instant action arises out of the incident that occurred at the Palace of Auburn Hills on November 19, 2004 during the basketball game between the Detroit Pistons and the Indiana Pacers. Plaintiff has filed the instant motion seeking an order to exclude a written report prepared by Timothy R. Smith, Director of Event Operations, as well as the testimony of Mr. Smith.

Mr. Smith's report is attached as Exhibit A. The report indicates that Mr. Smith met Plaintiff on November 2, 2004. The report then references a statement made by Plaintiff to Sam Khal, Palace Security Supervisor. The report also discusses a conversation between Mr. Smith and Plaintiff regarding Plaintiff's behavior in the stands at the Palace. Part of the conversation was an admission by Plaintiff that he had threatened to pour beer on a player's head. The report sets forth personal observations made by Mr. Smith of Plaintiff's behavior. Mr. Smith has not yet been deposed so any assertions regarding his testimony in this matter beyond the contents of the report is speculation by Plaintiff.

During his deposition, Plaintiff could not remember whether he was counseled by Palace personnel regarding his drinking and behavior at basketball games (Exhibit B, Deposition of Charles Haddad, p. 52). Plaintiff further testified that when he did not drink to the point of being drunk at basketball games (Exhibit B, p. 53). Plaintiff denied the accuracy of the report indicating that he was usually drunk at every game, used foul language, and spilled beer on himself and other patrons (Exhibit B, pp. 117-118). Thus, Exhibit A and Plaintiff's testimony present two very different accounts that must be resolved by the trier of fact in this matter. The instant motion is a premature attempt to prevent the jury from making its decision based on all of the facts relevant to Plaintiff's actions and the events of November 19, 2004.

**Argument**

Plaintiff's motion seeks to exclude the report of Mr. Smith and any prevent Defendants from referring to statements regarding Plaintiff's intent or statements about pouring beer on Yao Ming. Prior to addressing the relief sought by Plaintiff it must be pointed out that Plaintiff is seeking to exclude the testimony of Mr. Smith before any testimony is provided. Mr. Smith has not yet been deposed and Plaintiff will be afforded the opportunity to question Mr. Smith regarding the creation of the report and Mr. Smith's interaction and observations regarding Plaintiff. Plaintiff's motion should be denied as premature because Mr. Smith's testimony is unknown at this time.

The first question in addressing whether or not evidence is admissible is whether or not it is relevant. "Relevant evidence" is defined by FRE 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The report states that Mr. Smith has personally observed Plaintiff's behavior and has spoken with Plaintiff regarding his behavior at basketball games. Despite Plaintiff's preference, this case does not exist in a vacuum. The conduct, demeanor, and statements of his client are relevant to the resolution of this matter. In addition, the statements of the report contradict Plaintiff's testimony in this matter. Mr. Smith's report, and presumably his testimony, address statements made by Plaintiff and his actions at basketball games. How and why Plaintiff arrived on the basketball court on the night in questions are facts of consequence to the resolution of this matter and Mr. Smith's report addresses these issues. The report sets forth that Plaintiff wanted to get involved and be someone to show people that he was a Piston fan. To assert that Plaintiff's behavior and statements are not relevant to this action is absurd.

Not only is Mr. Smith's report and testimony relevant they are admissible as well. Again, Mr. Smith has not yet testified so no analysis regarding his testimony is possible. With regard to the report, it is admissible under either FRE 803(5) or 803(6), which state:

> (5) Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

> (6) Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

The report was created shortly after the events which are discussed occurred. It is presumed that Mr. Smith will authenticate the report and its creation at his deposition. Mr. Smith spoke with Plaintiff in his position as Director of Event Operations and the report was generated as part of his duties as the Director of Event Operations.

The report also details statements made by Plaintiff himself. FRE 801(d)(2) states that a statement that is offered against a party and is the party's own statement is not hearsay. Plaintiff's repeated assertions that the statement should be excluded because it is hearsay ignores FRE 801(d)(2).

Any statements attributed to Plaintiff by Mr. Smith are not hearsay because they are made by Plaintiff and will be offered against him.

Plaintiff's last effort to exclude Mr. Smith's report and testimony is to rely on FRE 403. Plaintiff makes the self-serving argument that the information about Plaintiff's behavior and attitude is more prejudicial than probative. The Court has broad discretion in determining the admission of evidence under FRE 403. *Laney v. Celotex Corp.*, 901 F.2d 1319, 1320-21 (6th Cir.1990). All evidence is prejudicial to one party or the other. Simply because Plaintiff does not want the trier of fact to learn that his client was not a passive spectator but had attracted the attention of Palace security and had been counseled regarding his behavior by the Director of Event Operations does not justify the exclusion of such evidence under FRE 403. Exhibit A contradicts Plaintiff's testimony in this matter and Defendants must be permitted to present their defense to Plaintiff's claims.

### Relief Requested

WHEREFORE, Defendant Indiana Pacers respectfully requests that this Honorable Court deny Plaintiff's Motion in Limine.

POTTER, DeAGOSTINO, O'DEA & PATTERSON

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700

Dated: July 17, 2006           rjpatterson@potterlaw.com

### CERTIFICATE OF SERVICE

-4-

I hereby certify that on July 17, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record to this cause of action.

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com
