UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

      Plaintiff,                             Case No. 04-CV-74932

-vs-                                Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS   Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

      Defendants.

---

| | |
|---|---|
| L.S. CHARFOOS (P11799) | Potter, DeAgostino, O'Dea & Patterson |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | Attorney for Indiana Pacers |
| 5510 Woodward Avenue | 2701 Cambridge Court, Suite 223 |
| Detroit, Michigan 48202 | Auburn Hills, Michigan 48326 |
| (313) 875-8080/FAX 8522 | (248) 377-1700/FAX 0051 |
| | |
| LAWRENCE G. CAMPBELL (P11553) | MATTHEW F. LEITMAN (P48999) |
| BRIAN M. AKKASHIAN (P55544) | HIDEAKI SANO (P61877) |
| RICHARD M. APKARIAN, JR. (P66206) | Attorneys for Anthony Johnson |
| Attorneys for Jermaine O'Neal | 840 West Long Lake Road, Suite 200 |
| 500 Woodward Avenue, Suite 4000 | Troy, Michigan 48098 |
| Detroit, Michigan 48226 | (248) 267-3294/ FAX (248) 879-2001 |
| (313) 223-3500 | |
| | |
| WILLIAM D. TEMKO | |
| JOSEPH YBARRA | |
| Co-Counsel for Jermaine O'Neal | |
| 355 S. Grand Avenue, 35th Floor | |
| Los Angeles, California 90071 | |
| (213) 683-9266 | |

---

## DEFENDANT INDIANA PACERS' EMERGENCY
## MOTION TO COMPEL MEDICAL EXAMINATIONS

     NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER,

DeAGOSTINO, O'DEA & PATTERSON, and move this Honorable Court to order Plaintiff to

submit to an examination by Calmeze H. Dudley, M.D., William Leuchter, M.D. and Rod Durgin,

Dockets.Justia.com

Ph.D. pursuant to Fed.R.Civ.P. 35(a) for the reasons set forth in the brief accompanying this motion.

In accordance with E.D. Mich. LR 7.1, counsel for Defendant Indiana Pacers contacted Plaintiff's counsel regarding the requested examinations. Plaintiff's counsel has indicated in writing that Defendant must file the instant motion prior to Plaintiff attending the requested medical examinations.

<div style="margin-left:40%;">

Respectfully submitted,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA


s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com
</div>

Dated:  July 24, 2006

**BRIEF IN SUPPORT OF**
**MOTION TO COMPEL MEDICAL EXAMINATIONS**

<u>**Issue Presented**</u>

WHETHER PLAINTIFF HAS PLACED HIS MENTAL AND PHYSICAL
CONDITION IN CONTROVERSY AND GOOD CAUSE EXISTS TO ORDER
PLAINTIFF TO SUBMIT TO MEDICAL EXAMINATIONS REQUESTED BY
DEFENDANT PURSUANT TO FED.R.CIV.P 35?

      Defendant answers "Yes"

      Plaintiff answers "No"

**Statement of Controlling Authority**

Fed.R.Civ.P. 35(a) states:

> (a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

*Schlagenhauf v. Holder*, 379 U.S. 104, 118-119; 85 S.Ct. 234; 13 L.Ed.2d 152 (1964). In *Schlagenhauf* Supreme Court examined the meaning of Rule 35's "in controversy" and "good cause" requirements:

> They are not met by mere conclusory allegations of the pleadings--nor by mere relevance to the case--but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant. Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements, as the Court of Appeals in this case itself recognized, are necessarily related. This does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a mental or physical examination. Nor does it mean that an evidentiary hearing is required in all cases. This may be necessary in some cases, but in other cases the showing could be made by affidavits or other usual methods short of a hearing. It does mean, though, that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.
>
> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts his mental or physical condition as a defense to a claim, such as, for example, where insanity is asserted as a defense to a divorce action.(internal citations omitted).

## **Background**

The instant action arises out of the incident that occurred at the Palace of Auburn Hills on November 19, 2004 during the basketball game between the Detroit Pistons and the Indiana Pacers. Plaintiff's Complaint in this matter alleges damages that include: pain and distress from physical injuries, emotional distress, humiliation and anguish, and "punitive and exemplary damages allowed under law" (Exhibit A, ¶ 23). In addition, Plaintiff's Relief Sought includes a request for monetary damages regarding allegations of past and future mental and emotional distress and "[p]unitive or exemplary damages allowed by law" (Exhibit A, ¶ 32(b) and (d)).

The parties in this action have cooperated with each other to schedule numerous depositions in this matter without the need to seek a court order to schedule them. This includes the scheduling of depositions beyond the discovery cut-off date of June 15, 2006, set by the Court. For example, the parties conducted five depositions of Palace employees on July 21, 2006 and have six deposition scheduled for July 24, 2006. Based on counsel's agreement to continue discovery beyond June 15, 2006, and prior cooperation between the parties regarding the scheduling of discovery matters, Defendant arranged for the medical examination of Plaintiff by a forensic psychiatrist, Calmeze H. Dudley, M.D., and a neurologist, William Leuchter, M.D. Dr. Dudley's examination is scheduled for **August 3, 2006**. Dr. Leuchter's examination was originally scheduled for September 13, 2006 and is now scheduled for **August 9, 2006**. Notice of these examinations were mailed to Plaintiff's counsel's office on July 7, 2006 and the re-scheduling of Dr. Leuchter's examination was mailed to Plaintiff's counsel's office on July 17, 2006 (Exhibit B, Correspondence to Plaintiff's counsel regarding medical examinations). Plaintiff's counsel acknowledged the receipt of the notices regarding these medical examinations

in a letter dated July 10, 2006, but refused to produce Plaintiff for the examinations and instructed defense counsel to proceed with a motion pursuant to Fed.R.Civ.P. 35 and seek an order requiring Plaintiff to submit to the medical examinations (Exhibit C, correspondence dated July 10, 2006 from Plaintiff's counsel).

In addition to the foregoing examinations, Defendants also seek the examination of Plaintiff by Rod Durgin, Ph.D., a vocational rehabilitation expert. This request is prompted by the receipt of a report from Guy A. Hostetler, a vocational rehabilitation counselor, on **July 10, 2006** (Exhibit D, Correspondence from Plaintiff's Counsel dated July 6, 2005 and received on July 10, 2006). No date for the examination by Dr. Durgin has been scheduled as of the submission of this Motion.

Based on Plaintiff's counsel's refusal to produce Plaintiff at the requested examinations, Defendant has filed the instant motion seeking an Order requiring Plaintiff to submit to the examinations set forth above. Plaintiff's testimony supporting Defendant's request for the requested examinations is set forth in the Argument section of this Brief.

## **Argument**

Fed.R.Civ.P. 35(a) states:

(a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed.R.Civ.P. 35 sets forth two requirements regarding a request for a physical or mental

examination: (1) the mental or physical condition of a party is in controversy and (2) good cause for the requested examination. This Court discussed the analysis regarding a request for examinations under Fed.R.Civ.P. 35 earlier this year in *Gaines-Hanna v Farmington Public Schools*, 2006 WL 932074 (E.D. Mich. April 7, 2006) (attached as Exhibit E). The Court in *Gaines-Hanna* set forth the following passage from *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119; 85 S.Ct. 234; 13 L.Ed.2d 152 (1964), examining the meaning of Rule 35's "in controversy" and "good cause" requirements:

> They are not met by mere conclusory allegations of the pleadings--nor by mere relevance to the case--but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant. Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements, as the Court of Appeals in this case itself recognized, are necessarily related. This does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a mental or physical examination. Nor does it mean that an evidentiary hearing is required in all cases. This may be necessary in some cases, but in other cases the showing could be made by affidavits or other usual methods short of a hearing. It does mean, though, that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.
> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts his mental or physical condition as a defense to a claim, such as, for example, where insanity is asserted as a defense to a divorce action (internal citations omitted).

*Gaines-Hanna* at *4-5.

The Court discussed the circumstances when medical examinations are appropriate and

stated as follows:

> Furthermore, "courts tend to order [Rule 35(a) ] examinations where '(1) there is a separate tort claim for emotional distress, (2) the plaintiff alleges that he suffers from a severe ongoing mental injury or psychiatric disorder, (3) the plaintiff will offer expert testimony to support the claim, or (4) the plaintiff concedes his mental condition is in controversy." ' *Sarko v. Penn-Del Directory Co.,* 170 F.R.D. 127, 131 (E.D.Pa.1997) (citing *Smith v. J.I. Case Corp.,* 163 F.R.D. 229, 230 (E.D.Pa.1995)).

*Gaines-Hanna* at *9.  The Court in *Gaines-Hanna* found that the requested medical examinations were appropriate because the plaintiff intended to offer expert testimony to support her case and because the plaintiff alleged unusually severe emotional distress.  *Id.*  As set forth below, the requested examinations by Dr. Dudley and Dr. Leuchter should be ordered based on plaintiff's allegations of severe ongoing mental injury and psychiatric disorder and Dr. Durgin's examination is proper based on plaintiff's reliance on expert testimony to support claims regarding his ability to work in the future.

A. <u>Plaintiff's Allegations Regarding Severe Ongoing Mental Injury and Psychiatric Disorder Place his Physical and Mental Condition "In Controversy" and Provide "Good Cause" for the Requested Examinations</u>.

Plaintiff's Complaint seeks damages for pain and distress from physical injuries, emotional distress, humiliation and anguish (Exhibit A, ¶ 23).  In addition, Plaintiff's Relief Sought includes a request for monetary damages regarding allegations of past and future mental and emotional distress (Exhibit A, ¶ 32(d)).  These allegations of severe emotional distress alone place Plaintiff's physical and mental condition in controversy making the requested examinations appropriate.  As stated by the court in *Schlagenhauf*:

> A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversey and provides the defendant with good cause for an examination to determine the existence and extent of such

asserted injury.

*Schlagenhauf* at 119.  Because Plaintiff seeks damages for past and future physical injuries and mental and emotional distress, Plaintiff's physical and mental condition are "in controversey" and Defendant has "good cause" for the requested examinations.

B. <u>Plaintiff's Testimony Regarding Severe Ongoing Mental Injury and Psychiatric Disorder Places his Physical and Mental Condition "In Controversy" and Provides "Good Cause" for the Requested Examinations</u>.

Plaintiff's deposition testimony regarding his damages in this matter further support Defendant's request for examinations in this matter.  Plaintiff testified that he suffers from migraine headaches, headaches, drowsiness, depression, and nausea as a result of this incident (Exhibit F, Deposition of Charles Haddad, volume II, p. 178).  A brief summary of Plaintiff's testimony regarding his physical and mental complaints in this matter is set forth in the following paragraphs.

Plaintiff's migraine headaches occur without a pattern (Exhibit F, p. 181).  His symptoms of a migraine headache are soreness in the back of his neck, loss of appetite and pain in the left side of his head (Exhibit F, p. 182). Bright lights and sounds like alarm clocks and ringers trigger Plaintiff's migraine headaches (Exhibit F, pp. 183-185).  Plaintiff does not like driving at nighttime because the headlights can trigger migraine headaches (Exhibit F, p. 227).  Plaintiff testified that he takes Topamax daily to help prevent migraines (Exhibit F, p. 188).  He takes Immotrex when he is experiencing a strong migraine (Exhibit F, p. 188).  Plaintiff further testified that he also has headaches that are not as severe as migraine headaches.  He describes the headaches "like jabs" that occur a couple of times every day and last for a short time (Exhibit F, pp. 194-195).  Plaintiff's treatment includes being seen by a psychologist who talks to him

9

about his problems and helps him prevent migraines (Exhibit F, p. 199). Plaintiff is now treating with a facility in Frankemuth, Michigan, and has been there probably six or seven times (Exhibit F, pp. 200-201). In summary, Plaintiff has alleged that he continues to suffer headaches and migraine headaches that require daily medication and ongoing treatment. The testimony of Plaintiff sets forth allegations of severe and ongoing physical and mental distress. These conditions are unquestionably in controversy based on Plaintiff's testimony and good cause exists to order the requested examination by Dr. Leuchter to address these alleged damages.

Plaintiff stated that he suffers from depression every day (Exhibit F, p. 235). Plaintiff's depression symptoms are that he is not happy when he wakes up, he is not happy with the day or the nice weather (Exhibit F, pp. 196-197). Plaintiff is treating with Michigan Head Pain Neurology for his depression (Plaintiff's Deposition Transcript Vol. II, p. 197). Plaintiff testified that he is being seen by a pain neurologist (Plaintiff's Deposition Transcript Vol. II, p. 208). Plaintiff testified that he was seen by Dr. Bradley Sewick for neurological testing (Plaintiff's Deposition Transcript Vol. II, p. 221). Dr. Sewick recommended a program of rehabilitative intervention, including psychotheraphy, psychiatric evaluation, neurological care and a neuropsychological re-examination (Plaintiff's Deposition Transcript Vol. II, p. 223). Plaintiff has alleged he suffers from daily depression and is currently receiving treatment for this depression. This testimony regarding an ongoing psychiatric disorder places Plaintiff's psychological condition in controversey and provides good cause for the requested examination by Dr. Dudley.

Plaintiff indicated that he is still having problems sleeping (Plaintiff's Deposition Transcript Vol. II, p. 203). He experiences problems sleeping two to three times per week

(Plaintiff's Deposition Transcript Vol. II, p. 204). He is still taking Sinequan for his problems sleeping (Plaintiff's Deposition Transcript Vol. II, p. 204). Plaintiff testified that he gets sick, throwing up, once every couple of months (Plaintiff's Deposition Transcript Vol. II, p. 204). Plaintiff takes Sinequan to help him sleep or for nausea and Skolaxin as a muscle relaxer (Plaintiff's Deposition Transcript Vol. II, p. 189). These ongoing conditions and medication further support Defendant's request that Plaintiff be examined by Dr. Dudley.

    C.    <u>Plaintiff's Reiliance on Expert Testimony from a Vocational Rehabilitation Counselor Places his Ability to Work "In Controversy" and Provides "Good Cause" for the Requested Examination by Dr. Durgin</u>.

On July 10, 2006, Plaintiff provided Defendant with the report of Guy A. Hostetler. Mr. Hostetler's report provides his assessment of Plaintiff's current employability and ability to earn wages based on alleged injuries suffered on November 19, 2004 (Exhibit D, report of Guy Hostetler, p. 1). As set forth in *Gaines-Hanna*, courts find an order for a Rule 35 examination proper where "the plaintiff will offer expert testimony to support the claim." *Gaines-Hanna* at *9. Here, Plaintiff intends to rely on the testimony of Mr. Hostetler to support his claims of lost wages. This reliance on expert testimony supports Defendant's request for an examination by Dr. Durgin.

Another case that supports Defendant's request for medical examinations is *Duncan v. Upjohn Company*, 155 F.R.D. 23 (D. Conn. 1994). The defendant moved for a psychiatric examination of Plaintiff pursuant to Fed.R.Civ.P. 35. The court cited *Schlagenhauf* for the standard governing a request for an examination under Rule 35. The court held that the requested examination was appropriate because Plaintiff's allegations and discovery answers alleged that Plaintiff was suffering from ongoing physical and psychological injuries. The court

stated: "[b]y claiming ongoing psychiatric harm caused by the negligence of the defendant, therefore, the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination under *Schlagenhauf*." *Duncan* at *25. The court further held that good cause for the examination was present because "[t]he plaintiff intends to prove his claim at trial through the testimony of his own expert witnesses, which also constitutes good cause for permitting the defendant to conduct its own psychiatric examination of the plaintiff. *Id*.

The analysis in *Duncan* is equally applicable here. Plaintiff's testimony alleges ongoing mental injury and psychiatric harm as a result of the November 19, 2004 incident, therefore, the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering the requested medical examinations. In addition, just as the plaintiff in *Duncan* intended to support his claims with expert testimony, Plaintiff here seeks to rely on expert testimony to support his claims, which also constitutes good cause for permitting the defendant to conduct the requested examinations. *Id*.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant its Emergency Motion to Compel Medical Examinations requiring Plaintiff to submit to examinations by Calmeze H. Dudley, M.D., William Leuchter, M.D. and Rod Durgin, Ph.D.

pursuant to Fed.R.Civ.P. 35(a).

Respectfully submitted,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated:   July 24, 2006                     rjpatterson@potterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record to this cause of action.

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com