UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

                        Plaintiff,

vs.                                        Civil Action
                                                No. 04-CV74932

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an       Hon. Anna Diggs Taylor
Indiana corporation, JERMAINE O'NEAL and     Mag. Judge Donald A. Scheer
ANTHONY JOHNSON, Jointly and Severally,

                        Defendants.
_____/

| | |
|---|---|
| **L.S. CHARFOOS (P11799)**<br>**JASON J. THOMPSON (P47184)**<br>Charfoos & Christensen, P.C<br>Attorneys for Plaintiff<br>5510 Woodward Avenue<br>Detroit, MI 48202<br>(313) 875-8080 | **THOMAS W. CRANMER (P25252)**<br>**MATTHEW F. LEITMAN (P48999)**<br>**HIDEAKI SANO (P61877)**<br>Miller, Canfield, Paddock & Stone, P.L.C.<br>Attorneys for Defendant Anthony Johnson<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226<br>(313) 496-7651 |
| **LAWRENCE G. CAMPBELL (P11553)**<br>**BRIAN M. AKKASHIAN (P55544)**<br>**RICHARD M. APKARIAN, JR. (P66206)**<br>Dickinson Wright PLLC<br>Attorneys for Defendant Jermaine O'Neal<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226-3425<br>(313) 223-3500 | **WILLIAM D. TEMKO**<br>**JOSEPH YBARRA**<br>Admission Pending<br>Munger, Tolles & Olson LLP<br>Co-Counsel for Defendant Jermaine O'Neal<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>(213) 683-9266 |
| **STEVEN M. POTTER (P33344)**<br>Potter, DeAgostino, Campbell & O'Dea<br>Attorneys for the Indiana Pacers<br>2701 Cambridge Court, Suite 223<br>Auburn Hills, MI 48326<br>(248) 377-1700 | |

_____/

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS JERMAINE O'NEAL
AND INDIANA PACERS' RESPONSE TO PLAINTIFF'S
MOTION IN LIMINE RE: TESTIMONY OF TIMOTHY R. SMITH
AN EMPLOYEE OF PALACE OF AUBURN HILLS**

NOW COMES PLAINTIFF, CHARLIE HADDAD, by and through his attorneys CHARFOOS & CHRISTENSEN, P.C., and for his Reply Brief to Defendant's Response to Plaintiff's Motion in Limine Re: Testimony of Timothy R. Smith an Employee of Palace of Auburn Hills, states as follows:

## REPLY BRIEF

Defendant JERMAINE O'NEAL now concedes that "Defendants do not claim that Plaintiff threw beer during the Palace incident, nor do Defendants claim that Plaintiff ever poured "beer on Yao Ming's head." **(Page 3, Defendant O'Neal's Response)**. Even with that concession, however, they still seek to bring Mr. Smith's written statement into evidence, citing FRE 803 (6) as a business record made and kept in the ordinary course of business. In this regard, they are legally in error, given as it must be that Mr. Smith's statement records events that occurred weeks <u>before</u> the night of the brawl, November 19, 2004. Indeed, Mr. Smith's memo starts with "on November 2, 2004 I met Mr. Charlie Haddad at the Detroit Pistons vs. Houston Rockets game." Given that his closing sentence is "in closing I saw Mr. Haddad on the floor taking a punch from Mr. O'Neal <u>via</u> TV. I guess Mr. Haddad finally got involved." This document had to be written sometime on or after November 19th, and clearly not contemporaneously with the data contained therein.

With the above as not debatable, the document is not admissible under the business records exception:

> "To be admitted under the business records exception, the record must have been kept in the course of regularly conducted business activity, the regular practice of the

2

> business must have been to make the record, and the record must have been **contemporaneously** made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.  <u>See United States v. Stavroff, 149 F3d 478, 484 (6th Cir. 1998)</u>.

Defendants back-up position is that they want Mr. Smith to be able to testify in accordance with the writing, to show "Plaintiff's ongoing state of mind" **(Defendant O'NEAL's Brief, page 4)** which was such that his intention to "intentionally fight with NBA players was no whim" **(Defendant O'NEAL's Brief, page 5)**.  The events of November 19th themselves present overwhelming reasons why the Court should not allow the November 2nd statement be brought in to falsely relate to what the video shows on November 19th.  First, Mr. Haddad is seen calmly walking after the game, behind Mr. Shackleford before the attack by Mr. Artest.  Secondly, Mr. Haddad is seen face down on the floor on all fours, not attacking anybody when Defendant ANTHONY JOHNSON drops on him.  Additionally, Mr. Haddad is seen being pulled up by others and, while he attempts to talk to Mr. Johnson, he is unexpectedly punched by Defendant JERMAINE O'NEAL.

There is no basis in the video to support the claim that Mr. Haddad had a pre-disposition to be fighting with Defendants JOHNSON and/or O'NEAL.  Further, neither the statement to Mr. Smith, nor any other evidence in this case can be offered to show that Mr. Haddad has ever participated in any way, form or manner in a fight started by him or others, let alone that he even went looking for a fight.  Further, Mr. Smith testified at his recent deposition contrary to what Defendants are trying to imply:

> Q.   I'm just to understand like how many games you had a chance to observe Charlie, do you happen to know?

A.  As an approximation I would say ten to 12 prior to that incident.

**Deposition Transcript of Timothy R. Smith, p. 3, lines 16 – 19.**

Q.  Did Charlie ever, in the times that you saw him at games, had he ever gotten into any physical confrontations with any other fans or any other people in his section, any verbal or - -

**Id., p. 14, lines 15 – 18**

A.  I never saw any actual physical exchange or anything of that nature. Verbal-wise there was - - really I didn't ever witness anything argumentative or an actual exchange. More so his comments would be more directed to: Hey, come on. Get into the game. Fire up. Things of that nature; trying to encourage fan participation.

I don't recall anything ever escalating beyond that or any kind of disagreeable exchange among him or anyone else.

**Id., p. 14, lines 22 – 25; p. 15, lines 1 – 5.**

In addition, Mr. Haddad has also denied that he would intentionally look to engage in a fight. **(Deposition Transcript of Charles Haddad, p. 75).**

Further, Defendant INDIANA PACERS reliance on *Laney v. Celotex Corp.*, 901 F2d 1319 (6th Cir 1990) is misguided. *Laney* is an asbestos injury case. The trial judge would not allow proof of Plaintiff's exposure in the past to asbestos manufactured by companies other than the Defendants.

The *Laney* ruling that "evidence of Plaintiff's exposure to other asbestos products goes to the fundamental question of cause" has no relevance to this assault and battery case. Asbestos is the same wherever it is encountered; any asbestos could have been the cause of plaintiff's injury. Here, however, the statements of previous weeks cannot

4

have been the "cause" of Mr. O'Neal punching Mr. Haddad. The only reason Defendants seek to reference them is the hope that the jury will come to place disproportionate weight to them, and make their decision based on improper prejudice, rather than the facts shown in the video.

Therefore, the evidence of Mr. Smith's writing, and the contents thereof, should not be admissible pursuant to FRE 403, as more prejudicial than probative. This Court should grant Plaintiff's motion in limine prohibiting the introduction of any reference thereto.

    s/Lawrence S. Charfoos
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
Attorneys for Plaintiffs
5510 Woodward Avenue
Detroit, MI 48202
313-875-8080
lcharfoos@c2law.com
Attorneys for Plaintiff

Dated: July 25, 2006