UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

                    Plaintiff,

vs.                                          Civil Action
                                                    No. 04-CV74932

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an       Hon. Anna Diggs Taylor
Indiana corporation, JERMAINE O'NEAL and      Mag. Judge Donald A. Scheer
ANTHONY JOHNSON, Jointly and Severally,

           Defendants.
_____/

| | |
|---|---|
| **L.S. CHARFOOS (P11799)** <br> **JASON J. THOMPSON (P47184)** <br> Charfoos & Christensen, P.C <br> Attorneys for Plaintiff <br> 5510 Woodward Avenue <br> Detroit, MI 48202 <br> (313) 875-8080 | **THOMAS W. CRANMER (P25252)** <br> **MATTHEW F. LEITMAN (P48999)** <br> **HIDEAKI SANO (P61877)** <br> Miller, Canfield, Paddock & Stone, P.L.C. <br> Attorneys for Defendant Anthony Johnson <br> 150 West Jefferson, Suite 2500 <br> Detroit, MI 48226 <br> (313) 496-7651 |
| **LAWRENCE G. CAMPBELL (P11553)** <br> **BRIAN M. AKKASHIAN (P55544)** <br> **RICHARD M. APKARIAN, JR. (P66206)** <br> Dickinson Wright PLLC <br> Attorneys for Defendant Jermaine O'Neal <br> 500 Woodward Avenue, Suite 4000 <br> Detroit, MI 48226-3425 <br> (313) 223-3500 | **WILLIAM D. TEMKO** <br> **JOSEPH YBARRA** <br> Admission Pending <br> Munger, Tolles & Olson LLP <br> Co-Counsel for Defendant Jermaine O'Neal <br> 355 South Grand Avenue, 35th Floor <br> Los Angeles, CA 90071 <br> (213) 683-9266 |
| **STEVEN M. POTTER (P33344)** <br> Potter, DeAgostino, Campbell & O'Dea <br> Attorneys for the Indiana Pacers <br> 2701 Cambridge Court, Suite 223 <br> Auburn Hills, MI 48326 <br> (248) 377-1700 | |

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT INDIANA PACERS' MOTION FOR SUMMARY JUDGMENT REGARDING EXEMPLARY DAMAGES

NOW COMES Plaintiff, CHARLIE HADDAD, by and through his attorneys

CHARFOOS & CHRISTENSEN, P.C., and moves this Honorable Court to deny

Defendant INDIANA PACERS' request for Summary Judgment regarding Plaintiff's claims for exemplary damages for the reasons set forth in the Brief accompanying this Motion.

        s/Lawrence S. Charfoos
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
Attorneys for Plaintiffs
5510 Woodward Avenue
Detroit, MI  48202
313-875-8080
lcharfoos@c2law.com
Attorneys for Plaintiff

Dated:  July 25, 2006

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION REGARDING EXEMPLARY DAMAGES

## CONCISE STATEMENT OF ISSUE PRESENTED

### I.

Because Defendant has not appropriately presented the issue regarding exemplary damage law in the State of Michigan Plaintiff restates the Concise Statement of Issue Presented as follows:

> WHERE PLAINTIFF HAS OFFERED EVIDENCE THAT A DEFENDANTS' CONDUCT WAS "MALICIOUS OR SO WILLFUL AND WANTON AS TO DEMONSTRATE A RECKLESS DISREGARD TO THE PLAINTIFF'S RIGHTS" MAY EXEMPLARY DAMAGES BE AWARDED IN AN ASSAULT AND BATTERY CASE UNDER MICHIGAN LAW.

Defendant answers "No"

Plaintiff answers "Yes"

## STATEMENT OF CONTROLLING AUTHORITY

| **Cases** | **Page No.** |
|---|---|
| Bailey v Graves<br>411 Mich 510; 309 NW2d 166 (1981) | 5, 6, 7, 9 |
| McFadden v. Tate<br>350 Mich 84; 85 NW2d 181 (1957) | 7, 8, |
| Milan v. DTE Energy Co.<br>285 F Supp 2d 950 (ED Mich 2003) | 5, |
| Veselenak v. Smith<br>414 Mich 567, 327 NW2d 261 (1982) | 7, |
| White v City of Vassar<br>157 Mich App 282; 403 NW2d 124 (1987) | 5, 8, |

## Factual Background

Defendant PACERS, the employer of the Defendant basketball players, understandably limit their factual discussion to the assault and battery carried out by Defendant JERMAINE O'NEAL. This Court has been previously supplied with a copy of a video of the actual event **(See Plaintiff's Motion in Limine Re: Testimony of Timothy R. Smith and Employee of Palace of Auburn Hills, Docket #49, Exhibit B).** It is Plaintiff's position that, based on the video, a jury can find that the assault and battery occurred "without justification or reasonable excuse, and was willful, wanton and malicious."

In opposition to the video Defendant attaches two exhibits – first, the narrative report of Sergeant Casimir Miaika from the Auburn Hills Police Department (Defendant's Exhibit B) and second, an Incident Report completed by Palace Crowd Control/Facility Control (Exhibit C). Based on these two reports, Defendant claims that:

> "Plaintiff went onto the basketball court, went up to O'Neal and O'Neal swung and hit Plaintiff."   (Defendant's Brief, p. 1 and p. 6).

Defendants then ask the Court to conclude that: "even when viewing this evidence in light most favorable to Plaintiff as required under the standard for this Motion Plaintiff, at most can show that he was struck by O'Neal, not that O'Neal's conduct was wanton or reckless." (Defendant Brief, p. 2)

## Standard of Review

The issue of whether exemplary damages are available to Plaintiff in this matter is one of law, for the court to decide, pursuant to the laws of Michigan, the forum state. *Millan v. DTE Energy Co.*, 285 F Supp 2d 950 (ED Mich 2003). Under Michigan law, when evidence is presented that an assault and battery was committed by a voluntary act of a malicious or willful and wanton character, both actual and exemplary damages may be awarded. *White v. City of Vassar*, 187 Mich App 282, 291-92; 403 NW2d 124 (1987); *Bailey v. Graves*, 411 Mich 510; 309 NW2d 166 (1981).

## Argument

Defendant INDIANA PACERS makes two distinct arguments as to why exemplary damages should not be allowed in this case as to the actions of JERMAINE O'NEAL. One is a factual argument and one is a legal argument.

As to the factual argument, Defendant asks that the Court find as a matter of law that the actions of JERMAINE O'NEAL as related in the two written statements (Defendants' Exhibit B and C) are inadequate to constitute conduct that a jury could find was "malicious, or so willful and wanton as to demonstrate a reckless disregard to the Plaintiff's rights." It is Defendant's position that the facts, as they slant them, do not justify the recovery of exemplary damages. However, Plaintiff can present a version of the facts which justify such recovery.

Significantly, Plaintiff's view of the facts is supported by the video coverage of these events, which video contradicts the Defendant's version. Defendant was well

aware of these videos from the onset of the case.  **(See Exhibit A, Answers to Plaintiff's First Interrogatories to Defendant Indiana Pacers).**

> INTERROGATORY NO. 2:  If the answer to the preceding interrogatory is in the affirmative, please supply to Plaintiff a copy of same, showing the date and time of the videotaped event.
>
> ANSWER NO 2:  Videotapes and a PowerPoint presentation were obtained via request to the Auburn Hills Police Department and the Oakland County Prosecutor's office.  Plaintiff may request these materials directly from the Auburn Hills Police Department and the Oakland County Prosecutor's office."

Further, Defendant subpoenaed and received the videos constituting "All camera isolated footage regarding the November 19, 2004 Pistons vs. Pacers game and subsequent events." from Palace Sports & Entertainment.  **(Exhibit B)**.

Plaintiff suggests that, at minimum, a question of fact as to the extent of the viciousness of Defendant O'NEAL is presented by the video filed by Plaintiff.

Relevant to this factual issue is Defendants' cite of *Bailey v. Graves*, 411 Mich 510 309 NW2d 166 (1981).  This is an assault and battery case where the trial judge was held to have erred in determining as a matter of law that the actions of the police defendants were malicious or willful or wanton as it was a question of fact for the jury:

> "In the instant case, the trial court failed to charge the jury, in accordance with defendants' request that a determination of malicious or willful and wanton conduct on the part of the defendants was a sine qua non to the award of exemplary damages.  This was error, *Id.* at 515.
>
> "The trial court in this case erred in failing to define the circumstances in which exemplary damages are  properly recoverable.  This error seriously prejudiced defendants since it permitted the jury to award exemplary damages without

>consideration of the factors which must be present to justify such an award." *Id.* at 516.

Plaintiff contends that in the present case, under *Bailey,* that Defendants' request to strike exemplary damages for lack of adequate factual proofs, is factually improper, and the Court should decline their request.

The legal question presented is whether or not exemplary damages are still a recoverable damage in Michigan in an assault and battery case. Defendant understandably relies on *Veselenak v. Smith*, 414 Mich 567, 327 NW2d 261 (1982). *Veselenak* was a case of medical malpractice with an allegation that a hemostat was left in and that the reason for exemplary damages was the wrongdoing of defendants in concealing this fact from the plaintiff. The Michigan Supreme Court held that exemplary damages were not appropriate and that ordinary damages under Michigan law were adequate to compensate as they include mental distress and anguish. Defendants argue that to also allow exemplary damages would therefore be allowing a double recovery.

Interestingly, the flaw in Defendant's argument is that *Veselenak* was a negligence case, and the *Veselenak* court still looks to *Bailey v. Graves* as applicable law in Michigan as to exemplary damages in battery cases:

>"This court has held that the act or conduct must be voluntary . . . This voluntary act must aspire feelings of humiliation, outrage and indignity . . . The conduct must be malicious or so willful or wanton as to demonstrate a reckless disregard of plaintiff's rights." *Veselenak*, at 574-575 (citations omitted).

Each of the cases cited in *Veselenak, Wise v. Daniel,* 221 Mich 229; 190 NW2d 746 (1922), *McFadden v. Tate,* 350 Mich 84; 85 NW2d 181 (1957) and *Bailey v. Graves,*

*supra,* are assault and battery cases. In *McFadden* the trial judge gave a charge that avoided the double recovery problem:

> "If the assault and battery is determined as occurring without justification or reasonable excuse and to be willful, wanton and malicious, the plaintiff is entitled to recover damages for necessary expenses, loss of wages, pain and suffering and exemplary damages." *Id.*, at 88-89
>
> "The term exemplary damages [means] "just compensation" resulting from the sense of outrage, mortification, humiliation and indignity caused by the manner in which the attack was made." *Id.* at 89.

The Supreme Court concluded that the plaintiff was entitled to reasonable compensation for pain and suffering undergone by him and likewise if the injury was maliciously and wantonly inflicted for the sense of indignity and humiliation resulting to him. *Id.,* at p. 91.

In *White v City of Vassar*, 157 Mich App 282; 403 NW2d 124 (1987), the Michigan Court of Appeals upheld an award of both actual and exemplary damages in an assault and battery case. The Court specifically instructed the jury that:

> "If you find in favor of the plaintiff, you may award him exemplary damages in addition to compensatory damages. Exemplary damages are compensatory in nature and compensates for humiliation, sense of outrage and indignity from injuries that maliciously, willfully and wantonly inflicted. The reprehensibility of defendant's conduct gives birth to additional damages for harm done to plaintiff's feelings. Exemplary damages are justifiable only where it has been shown that defendant's conduct was malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiff's rights." (*Id.,* at 290 – 291).

This instruction was upheld by the Court of Appeals, noting that, historically, exemplary damages have been awarded for injured feelings which are the result of

voluntary acts which must inspire feelings of humiliation, outrage and indignity. These are not a mere component of actual damages. *Id.*, at 292.

Charlie Haddad was humiliated, and worse, by the vicious attack by Mr. O'Neal. This is testified to by, among others, his brother-in-law Kris Siadi:

> Q. Have you observed any difference in Charlie's behavior or demeanor that exists that stem from the way he was before November 19, 2004 and the way he is today?
>
> A. Yes.
>
> Q. How?
>
> A. Well, when you get humiliated like that, you know - - he is not as social, I guess you could say – Before November 19, 2004 he was more outgoing.
>
> **(Deposition Transcript of Kris Siadi, p. 22, lines 4 to 13).**
>
> Q. How was Charlie humiliated on November 19, 2004?
>
> A. He got hit on national TV."
>
> **(*Id.*, at p. 23, lines 7 and 8)**

Thus, because there is a factual question for the jury, and because exemplary damages in an assault and battery case under *Bailey* are allowed, Plaintiff requests that the Motion by Defendant INDIANA PACERS and JERMAINE O'NEAL be denied.

                                                                                                                         s/Lawrence S. Charfoos
                                                                                                                         L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
Attorneys for Plaintiffs
5510 Woodward Avenue
Detroit, MI  48202

313-875-8080
lcharfoos@c2law.com
Attorneys for Plaintiff

Dated: July 25, 2006