UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

                              Plaintiff,

vs.                                                      Civil Action
                                                         No. 04-CV74932

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an                        Hon. Anna Diggs Taylor
Indiana corporation, JERMAINE O'NEAL and                 Mag. Judge Donald A. Scheer
ANTHONY JOHNSON, Jointly and Severally,

        Defendants.
_____/

**L.S. CHARFOOS (P11799)**
**JASON J. THOMPSON (P47184)**
Charfoos & Christensen, P.C
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI  48202
(313) 875-8080

**LAWRENCE G. CAMPBELL (P11553)**
**BRIAN M. AKKASHIAN (P55544)**
**RICHARD M. APKARIAN, JR. (P66206)**
Dickinson Wright PLLC
Attorneys for Defendant Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500

**STEVEN M. POTTER (P33344)**
Potter, DeAgostino, Campbell & O'Dea
Attorneys for the Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, MI  48326
(248) 377-1700

**THOMAS W. CRANMER (P25252)**
**MATTHEW F. LEITMAN (P48999)**
**HIDEAKI SANO (P61877)**
Miller, Canfield, Paddock & Stone, P.L.C.
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 496-7651

**WILLIAM D. TEMKO**
**JOSEPH YBARRA**
Admission Pending
Munger, Tolles & Olson LLP
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, CA   90071
(213) 683-9266

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT INDIANA PACERS' EMERGENCY MOTION TO COMPEL MEDICAL EXAMINATIONS

Dockets.Justia.com

NOW COMES Plaintiff, CHARLIE HADDAD, by and through his attorneys CHARFOOS & CHRISTENSEN, P.C., and request this Honorable Court to deny Defendant INDIANA PACERS' Emergency Motion for last-minute Independent Medical Examinations after the closing of discovery and only three weeks before the Joint and Final Pre Trial Order is required to be filed.

## Issue Presented

Defendant has structured the issue as if Defendants had no knowledge of the medical conditions of Plaintiff, CHARLIE HADDAD prior to his deposition on April 28, 2006. This is incorrect. The appropriate issue is as follows:

WHERE DEFENDANT HAS THE MEDICAL RECORDS AS TO PLAINTIFF'S DISABILITY FROM AN ASSAULT AND BATTERY SUPPLIED UNDER RULE 26 IN NOVEMBER OF 2005, AND THEREAFTER DEFENDANT OBTAINS AN IME BY A PROFESSOR OF NEUROPSYCHOLOGY AT UNIVERSITY OF MICHIGAN WITHIN THE DISCOVERY PERIOD, SHOULD DEFENDANT NOW BE ALLOWED TO RE-OPEN THE CASE BY OBTAINING THREE LATE INDEPENDENT MEDICAL EXAMINATIONS ATER THE CLOSE OF DISCOVERY AND JUST THREE WEEKS BEFORE THE JOINT AND FINAL PRE TRIAL ORDER IS DUE?

Defendant answers "Yes"

Plaintiff answers "No"

2

## Statement of Controlling Authority

### Cases

*Briesacher v. AMG Resources, Inc.*, WL 2105908 (N.D. Ind. 2005)

*Miksis v. Howard*, 106 F3d 754 (7th Cir 1997)

### Court Rules

Fed R Civ P 35

## Background

Defendant fails to disclose to the court that the Defendants have had notice of the physical and psychological complaints of Charlie Haddad through formal discovery since November 4, 2005 when Plaintiff's Initial Disclosures under Rule 26 with attached medical records were sent to them. The medical records disclosed a brain concussion, migraines, depression, etc. **(Exhibit A, 11/20/04 and 10/25/05 Reports of of Dr. John J. Kemerer, D.O., April 25, 2005 Report of Joel Beltran, D.O., and March 15, 2005 Report of Bradley Sewick, Ph.D.)**

Further, Defendants failed to disclose that on April 6, 2006, the Defendant INDIANA PACERS' served a Notice of Independent Medical Examination of Mr. Haddad to be held at the University of Michigan and that Mr. Haddad submitted to this neuropsychological examination on April 19, 2006 for in excess of six hours **(Exhibits B and C).**

Defendants had full knowledge of Plaintiff's complaints, had an Independent Medical Examination by a Neuropsychologist, and now wants after the close of discovery, three more medical examinations, even though a Rule 35 physical examination is a discovery measure found within §V of the rules.

Defendant has offered the Court absolutely no justification, let alone "good cause," as required under Rule 35, why they need additional medical examinations after the close of discovery and just three weeks before the Joint Final Pre-Trial is due. This is the opposite of for "good cause."

The Joint Pretrial Order is due August 31, 2006 and Trial is scheduled for September 19, 2006. **(Docket #40, Scheduling Order)**

4

        s/Lawrence S. Charfoos
          L.S. CHARFOOS P11799
          JASON J. THOMPSON P47184
          CHARFOOS & CHRISTENSEN, P.C.
          Attorneys for Plaintiffs
          5510 Woodward Avenue
          Detroit, MI  48202
          313-875-8080
          lcharfoos@c2law.com
          Attorneys for Plaintiff

Dated:  July 28, 2006

### BRIEF IN OPPOSITION TO DEFENDANT INDIANA PACERS' EMERGENCY MOTION TO COMPEL MEDICAL EXAMINATION

   Defendant's Brief supporting the Motion to Compel three additional medical examinations is interesting in what it omits.  It fails to mention that Plaintiff has already undergone six (6) hours of neuropsychological examination in front of a doctor of Defendant's choosing.  Further, although Defendant claims that it did not know the content of Plaintiff's medical expert's testimony prior to depositions, it fails to note that Plaintiff provided, in his Initial Disclosures under Rule 26, all of his physical and psychological complaints, with attached medical records, the medical report of a treating neurologist and a Rule 26 report of a neuropsychologist **(Exhibit A)**.  Further, Defendant was made aware that "Plaintiff's attorney also advised that he has retained a

vocational expert who is currently evaluating Plaintiff's employability." **(F.R.C.P. Rule 26(F) Conference Report, ¶3, 11/09/2005, Document #39)**

Thus, Defendant's entire Brief, which focuses on case law governing the generic right of a Defendant to have Plaintiff undergo medical examinations under Federal Rule 35, misses the point entirely. Instead, the issue is whether multiple recently noticed examinations, which were brought up for the first time after the close of discovery, on the basis of information which was known to Defendant from the beginning of the litigation are appropriate and timely. Specifically, the issue presented is whether Defendant has "good cause" to justify the examinations under the facts as presented in the instant case. The fact that previously subpoenaed lay witness depositions are still being completed by Defendant's counsel is not relevant nor legally significant.

The salient fact here is that Defendant had the information upon which to make its request timely at the onset of this case, with the Initial Rule 26 Disclosure by Plaintiff. This request, if granted, will delay the Final Pre-Trial and Trial, at a time where they are barely a month away. This is unreasonable as a matter of law, and does not demonstrate "good cause." "Defendant's delay in seeking a Rule 35 examination when the Plaintiff's condition has been at issue from the beginning of the case strongly supports a finding that no good cause has been shown" citing *Miksis v. Howard*, 106 F3d 754 (7th Cir 1997), *Briesacher v. AMG Resources, Inc.*, WL 2105908 (N.D. Ind. 2005).

The lead case for Plaintiff's opposition in this matter is *Miksis v. Howard*, 106 F 3rd 754 (7th Cir. 1997). In that case, Defendants sought to schedule a medical examination of Plaintiff after the discovery cut-off date. Their reason for doing so was

that they claimed they did not have all of the information at their disposal until the time of their request. *Id.*, at 758. Specifically, Defendants claimed to have been taken by surprise by the testimony of Plaintiff's personal physician that "Plaintiff will never be able to live wholly on his own." *Id.*, at 758 – 759. The Court rejected this as a hollow protestation, stating:

> "To the extent defendants were taken by surprise by the "within" life plan, they have only themselves to blame. According to the defendants, they made a conscious decision not to move for a medical examination because they did not think they needed one. However, defendants knew all along that according to the schedule set by the court, they would not receive plaintiff's experts proposed opinions until after the close of discovery. When they decided not to move for a medical examination prior to the discovery deadline – which they knew was prior to any required expert disclosures, they also made the decision to remain in ignorance." *Id.*

In *Miksis*, defendants delayed their request until such time as such would necessarily have delayed trial. This tardy request was found by the court to be "nothing more than an attempt to do an end run around their own lack of diligence." *Id.* Accordingly, the appellate court found it to be well within the discretion of the trial court to deny defendants' untimely motion for a medical examination.

The facts of *Miksis* are precisely on point with the facts of the instant case. Indeed, Defendants know in depth and in detail the extent of Mr. Haddad's medical condition, having all of his medical records, and having already undertaken a six (6) hour neuropsychological examination of him in April of this year. Instead, they waited until less than a month before Final Pre Trial, barely a month before Trial, and well after the close of discovery, to make their additional request.

They have no one to blame but themselves.  Plaintiff's physical condition was well known to them, and each and every one of Plaintiff's claims was set out for them in the Initial Rule 26 Disclosures.  Defendants conducted, through the doctor of their choosing, an exhaustive IME more than three (3) months ago.  In short, they do not make the requisite showing of "good cause" needed to justify such last minute multiple IMEs.  Accordingly, Plaintiff asks that this Honorable Court deny their tardy motions, and allow the matter to proceed through completion of already scheduled discovery, through Final Pre-Trial at the end of this month, and Trial on September 19, 2006.


BY:   s/Lawrence S. Charfoos
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
CHARFOOS & CHRISTENSEN, P.C.
Attorneys for Plaintiffs
5510 Woodward Avenue
Detroit, MI  48202
313-875-8080
lcharfoos@c2law.com
Attorneys for Plaintiff


Dated:  July 28, 2006


## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2006, I presented the foregoing Plaintiff's Response to Defendant Indiana Pacers' Emergency Motion for Medical Examinations and Certificate of Service to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the following: Brian M. Akkashian @ bakkashian@dickinsonwright.com; Richard M. Apkarian @ rapkarian@dickinsonwright.com; Hiaeaki Sano @sano@millercanfield.com; and Steven M. Potter @ spotter@potterlaw.com; notice will be delivered by other means to:  NONE

   s/Lawrence S. Charfoos        
L.S. CHARFOOS P11799
JASON J. THOMPSON P47184
CHARFOOS & CHRISTENSEN, P.C.
Attorneys for Plaintiffs
5510 Woodward Avenue
Detroit, MI  48202
313-875-8080
lcharfoos@c2law.com
Attorneys for Plaintiff