UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,    Case No. 04-CV-74932

-vs-    Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS    Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

_____

L.S. CHARFOOS (P11799)                        Potter, DeAgostino, Campbell & O'Dea
JASON J. THOMPSON (P47184)                    STEVEN M. POTTER (P33344)
Attorneys for Plaintiff                       Attorney for Indiana Pacers
5510 Woodward Avenue                          2701 Cambridge Court, Suite 223
Detroit, Michigan 48202                       Auburn Hills, Michigan 48326
(313) 875-8080/FAX 8522                       (248) 377-1700/FAX 0051

LAWRENCE G. CAMPBELL (P11553)                 THOMAS W. CRANMER (P25252)
BRIAN M. AKKASHIAN (P55544)                   MATTHEW F. LEITMAN (P48999)
RICHARD M. APKARIAN, JR. (P66206)             HIDEAKI SANO (P61877)
Attorneys for Jermaine O'Neal                 Attorneys for Anthony Johnson
500 Woodward Avenue, Suite 4000               150 W. Jefferson, Suite 2500
Detroit, Michigan 48226                       Detroit, Michigan 48226
(313) 223-3500                                (313) 496-7651

WILLIAM D. TEMKO
JOSEPH YBARRA
Co-Counsel for Jermaine O'Neal
355 S. Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266

_____

**REPLY BRIEF IN SUPPORT OF
DEFENDANT INDIANA PACERS'
MOTION FOR SUMMARY JUDGMENT**

    Plaintiff asserts that it has properly pled a claim for exemplary damages based on his

Dockets.Justia.com

allegations of humiliation, sense of outrage and indignity allegedly resulting from Defendant's wilful and wanton conduct. Plaintiff takes the position that he is entitled to exemplary damages from Defendant Indiana Pacers because the video footage demonstrates that the players conduct was malicious or willful and wanton. Plaintiff's reference to video footage with a request that the Court view the footage and look for conduct sufficient to create a question of fact regarding exemplary damages is improper and does not satisfy Plaintiff's burden in responding to a motion under Fed.R.Civ.P. 56. Thus, Plaintiff has not demonstrated that the conduct of the Defendant's justify the award of exemplary damages.

Defendant's position in this matter is simply that the award of actual damages in this matter will fully compensate Plaintiff for the injuries alleged in this matter, thereby making the award of exemplary damages improper. *Veselenak v. Smith*, 414 Mich 567, 327 NW2d 261 (1982), states that "[a] close reading of the early exemplary damages cases also suggest that these unusual damages may have been used to supply a remedy for mental injury not otherwise recognized." Id. at 573. The court continued by noting that actual damages now include compensation for mental injury. Id. at 574. Lastly, the court held that exemplary damages are not proper when the plaintiff is being compensated for all mental distress injuries through the award of actual damages. Id. at 576-577.

With regard to the propriety of awarding both actual and exemplary damages to a plaintiff, the court stated as follows:

> Amicus curiae Michigan Trial Lawyers Association contends that ordinary damages and exemplary damages are not redundant. It maintains that a distinction may be drawn between "mental distress intrinsic to the injury itself (no matter how it occurred) and mental distress emanating from the manner in which the injury occurred." In addition, it claims that ordinary damages for shame and mortification and exemplary damages for humiliation and indignity are compensating "distinct

> wrongs."
>
> These distinctions are, at least, legally unsound. Semantic niceties aside, juries are not asked to differentiate between mental states, such as shame, mortification, humiliation and indignity. Juries are asked to compensate mental distress and anguish which flow naturally from the alleged misconduct and may be described in such terms as shame, mortification, humiliation and indignity. In addition, if the plaintiff is being compensated for *all* mental distress and anguish, it matters not whether the source of the mental distress and anguish is the injury itself or the way in which the injury occurred.

*Veselenak* at 576-577 (emphasis in original).

In the instant matter, Plaintiff's claim for actual damages will fully compensate Plaintiff for any alleged mental distress or anxiety damages that can be established. Plaintiff cannot establish any mental distress or mental anguish damages that could not be compensated by an award of actual damages in this case. The trier of fact will be able to award damages to compensate Plaintiff for any and all mental distress damages as part of Plaintiff's claim for actual damages regarding emotional distress, humiliation and anguish. As pointed out in *Veselenak*, a jury is not asked to differentiate between mental anguish damages caused by the alleged injuries and the mental distress damages caused by the manner in which the alleged injuries occurred. Plaintiff's claim for exemplary damages would require the jury to make distinctions between types of mental distress and anguish damages that the Michigan Supreme Court has held the jury is not required to make. The jury will be asked to determine the total amount of Plaintiff's mental distress and anguish damages, if any, as part of his actual damages, therefore, no claim for exemplary damages exists.

Subsequent to *Veselenak*, the Michigan Supreme Court held that **"when compensatory damages can make the injured party whole, the Court has denied exemplary damages."** *Hayes-Albion Corp. v Kuberski*, 421 Mich 170, 178; 364 NW2d 609 (1984). *Veselenak* and

*Hayes-Albion Corp.* establish that when the award of actual damages includes compensation for mental distress damages the award of exemplary damages is improper. Defendant is asking this Court to dismiss any claim for exemplary damages because Plaintiff's claim for actual damages under his assault and battery claim will make the injured party whole.

Exemplary damages are permissible when mental distress damages are not otherwise available but the instant matter does not present such a case. Plaintiff seeks exemplary rather than actual damages in an effort to improperly inflate his recovery based on the connotation that exemplary damages are punitive in nature. However, exemplary damages cannot be considered to punish or make an example of a party. *Wise v Daniel*, 221 Mich 229, 233; 190 NW2d 746 (1922). More importantly, exemplary damages are not available when actual damages can fully compensate Plaintiff for any damages. *Hayes-Albion Corp. v Kuberski*, 421 Mich at 178. Defendant seeks dismissal of an improper claim for exemplary damages because the award of actual damages under Plaintiff's assault and battery claim will fully compensate Plaintiff for any mental distress damages. The instant action involves a claim where mental distress damages are recoverable as part of actual damages under the assault and battery claim and can make Plaintiff whole, therefore, Plaintiff's claim for exemplary damages based on the same conduct is improper and must be dismissed. *Hayes-Albion Corp. v Kuberski*, 421 Mich at 178.

WHEREFORE, Defendant Indiana Pacers respectfully requests that this Honorable Court grant its Motion for Summary Judgment Regarding Exemplary Damages pursuant to Fed.R.Civ.P. 56 and strike Plaintiff's claims for exemplary damages from his Complaint.

                    Respectfully submitted,

                    POTTER, DeAGOSTINO, O'DEA & PATTERSON

                    s/RICK J. PATTERSON (P55706)
                    Attorney for Defendant Indiana Pacers
                    2701 Cambridge Court, Suite 223
                    Auburn Hills, Michigan 48326
                    (248) 377-1700
Dated: August 4, 2006         rjpatterson@potterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: JASON J. THOMPSON; RICHARD M. APKARIAN, JR.; HIDEAKI SANO, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: WILLIAM D. TEMPKO/JOSEPH YBARRA, 355 S. Grand Ave., 35th Floor, Los Angeles, California 90071.

                    s/RICK J. PATTERSON (P55706)
                    Attorney for Defendant Indiana Pacers
                    2701 Cambridge Court, Suite 223
                    Auburn Hills, Michigan 48326
                    (248) 377-1700
                    rjpatterson@potterlaw.com