UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

                Plaintiff,

vs.

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an
Indiana corporation, JERMAINE O'NEAL and
ANTHONY JOHNSON, Jointly and Severally,

       Defendants.
_____/

Civil Action
No. 04-CV74932

Hon. Anna Diggs Taylor
Mag. Judge Donald A. Scheer

**L.S. CHARFOOS (P11799)**
**JASON J. THOMPSON (P47184)**
Charfoos & Christensen, P.C
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

**LAWRENCE G. CAMPBELL (P11553)**
**BRIAN M. AKKASHIAN (P55544)**
**RICHARD M. APKARIAN, JR. (P66206)**
Dickinson Wright PLLC
Attorneys for Defendant Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

**STEVEN M. POTTER (P33344)**
Potter, DeAgostino, Campbell & O'Dea
Attorneys for the Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700

**THOMAS W. CRANMER (P25252)**
**MATTHEW F. LEITMAN (P48999)**
**HIDEAKI SANO (P61877)**
Miller, Canfield, Paddock & Stone, P.L.C.
Attorneys for Defendant Anthony Johnson
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7651

**WILLIAM D. TEMKO**
**JOSEPH YBARRA**
Admission Pending
Munger, Tolles & Olson LLP
Co-Counsel for Defendant Jermaine O'Neal
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9266

_____/

## PLAINTIFF'S MOTIONS *IN LIMINE* FOR HEARING
## AT THE BEGINNING OF TRIAL, OCTOBER 10, 2006

      This Court's Pre-Trial instructions on the website for the Eastern District of

Michigan, www.mied.uscourts.gov/_practices/taylor/trials, provides that motions *in*

1

*limine* will be heard on the morning of trial. Plaintiff submits the following motions *in limine* for the Court's consideration at Trial, currently scheduled for October 10, 2006.

> BY: s/Jason J. Thompson
> L.S. CHARFOOS P11799
> JASON J. THOMPSON P47184
> CHARFOOS & CHRISTENSEN, P.C.
> Attorneys for Plaintiffs
> 5510 Woodward Avenue
> Detroit, MI 48202
> 313-875-8080
> lcharfoos@c2law.com
> jthompson@c2law.com
> Attorneys for Plaintiff

Dated: October 3, 2006

2

## **ISSUES PRESENTED**

I. Whether the premises liability defense of trespass applies to this assault and battery case.

II. Whether any disclaimers of liability on the Pistons basketball ticket apply to an assault and battery case?

III. Whether Plaintiff's alleged intoxication on the date of the incident is relevant, and thus admissible, to any issues in this assault and battery case, including (a) comparative negligence, and/or (b) the intoxication defense of MCLA 600.2955a(1).

Plaintiff answers the above three questions in the negative, and for the reasons set forth in the attached Brief, requests that this Court bar any evidence or mention of trespass; bar Defendant from addressing or referring to any waiver of liability language including specifically the language found on the Pistons ticket for the game on November 19, 2004; and bar Defendant from addressing or referring to Plaintiff's intoxication at the time of trial and strike Defendants intoxication defense of MCLA 600.2955a(1);

## **STATEMENT OF CONTROLLING AUTHORITY**

**Cases**                                                                 **Page**

*Grzesick v Cepela*
237 Mich App 554, 564; 603 NW2d 809 (1999)                                7, 9

*Harbour v Correctional Medical Services*
266 Mich App 452; 702 NW2d 671 (2005)                                     9

*Lamp v Reynolds*
249 Mich App 591, 645 NW2d 311 (2002)                                     7

*Stitt v Holland Abundant Life Fellowship*
462 Mich 591, 576; 614 NW2d 88 (2000)                                     6

**Statutes**

MCLA 600.2955a(1)                                                         3, 5, 8, 9

**Rules**

Rule 401                                                                  8

Rule 403                                                                  8

## BRIEF RE: PLAINTIFF'S MOTIONS IN LIMINE
## INTRODUCTION

This is an assault and battery case arising out of a punch by Jermaine O'Neal to the face of Plaintiff Charlie Haddad, on November 19, 2004 after the Detroit Piston – Indiana Pacers basketball game.

The Pre-Trial Order in this action was filed Friday September 29th. Defendants have stipulated that Jermaine O'Neal punched the plaintiff after the game was over, as recorded on video clips which the parties have agreed to admit into evidence.

Despite the above stipulations of fact, Defendants have indicated in the Pre-trial Order that they intend to assert certain defenses, three of which are as follows:

1. That the plaintiff was trespassing and is bared from recovery in this case.

2. That the waiver of liability language on the Pistons' ticket bars plaintiff's assault and battery claim.

3. That the plaintiff was intoxicated on the evening in question, and thus his claims are bared by: (a) comparative negligence and/or by (b) the intoxication defense of MCLA of 600.2955a(1).

The above defenses should be stricken for the two reasons. First, they are inconsistent with the stipulated facts set forth in the Pre-Trial Order, namely that Jermaine O'Neal punched the plaintiff as recorded on the video tape. Furthermore, the defenses have no application to an assault and battery case. Plaintiff requests that the court strike the defenses and bar Defendant from mentioning the defense, questioning witnesses on the subject matter of the defenses, or otherwise arguing the defenses.

## ARGUMENT

**I.    Trespass**

Defendant intends to defend this assault and battery case through use of the premises liability defense of "trespass". The defense of trespass applies to protect a land owner from a negligence claim. Specifically, the trespass defense applies to the negligence element of "duty". A landowner ordinarily owes no duty of care to a trespasser, and cannot therefore be held liable for damages in a negligence suit.

Interestingly, even in a premises liability suit, the trespass defense does not apply as a bar to an injury caused by intentional, willful, wanton misconduct. Thus even a trespasser could bring an action where intentional willful, wanton misconduct caused him harm. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 576; 614 NW2d 88 (2000).

The instant case is not a premises liability action, nor is plaintiff's claim even based on negligence. Likewise, The Defendants are not the owner nor the occupier of the premises, and it was not a defect in the premises which caused Plaintiff's injury. It is instead an assault and battery case, involving in intentional tort committed by someone not connected with the Palace. Thus, even assuming Plaintiff was trespassing at the time of the battery, the trespass defense has no application to this case and cannot protect Defendants from liability. Plaintiff request that this court bar Defendants from arguing or mentioning trespass at the time of trial because the defense is completely inconsistent with the stipulated facts and the legal theory of assault and battery.

## II.     The Basketball Ticket

Defendants intend to assert a waiver of liability defense based on the language on the back of the Pistons' basketball ticket. The language on the back of the basketball ticket is general language which cannot insulate a party from liability for intentional, willful and wanton misconduct and does not serve to waive Plaintiff's claim of assault and battery against Jermaine O'Neal. As Plaintiff has brought an intentional tort action, namely assault and battery, against Defendants, Defendants' attempt at using the waiver of liability defense is inapplicable. *Lamp v Reynolds*, 249 Mich App 591, 645 NW2d 311 (2002). As a matter of law, the defense is inapplicable and should be barred. Furthermore, based on the stipulated facts and video, the Court can determine that no reasonable jury could possibly find that under the facts of this incident the language on the ticket applied so as to make the punch by Jermaine O'Neal not actionable by Plaintiff Charlie Haddad.

## III.     Intoxication

Whether or not Plaintiff was intoxicated at the time of the battery has no relevance to the assault and battery claim he has brought against Defendants. As the video indicates, the Plaintiff was standing flat footed and not looking at Jermaine O'Neal when he was punched in the face by Defendant.

(a)     <u>Comparative Negligence</u>

Plaintiff's alleged intoxication simply has no bearing on his comparative negligence because, first, this is not a negligence case. It is an intentional tort case. Comparative negligence is not a defense to an intentional tort. *Grzesick v Cepela*, 237 Mich App 554, 564; 603 NW2d 809 (1999).

7

Second, watching the video demonstrates that Defendant Jermaine O'Neal's punch was a blindsided sucker-punch. Plaintiff's actions had nothing to do with the punch. Therefore, this court can rule that no reasonable jury could find that Plaintiff's state of intoxication had any bearing, let alone was a proximate cause, on the punch and injury. As such, there is no relevance to the plaintiff's state of intoxication and the court should rule pursuant to Rule 401 that the evidence of plaintiff's intoxication is irrelevant and inadmissible.

In addition, if plaintiff's state of intoxication is admissible pursuant to Rule 401, intoxication will likely prejudice and bias the jury against plaintiff. Visions of drunk and disorderly conduct dance through our heads. The risk of a jury being biased against an intoxicated plaintiff, especially in a fight case, is real and significant.

In addition, the trial will unduly be delayed by both sides calling their toxicology experts and lay witnesses related to the intoxication, or lack of intoxication, the effect, or lack of effect, on the incident. The jury will likely be confused by the intoxication and distracted form the actual issues, i.e., whether the punch amounted to a battery, and what damages were caused by it. Therefore, even if plaintiff's state of intoxication is relevant pursuant to Rule 401, there is a substantial risk of prejudice, confusion of the issues, and undue delay such that the evidence and argument should be barred from this trial. pursuant to the Rule 403.

(b)     <u>Intoxication Defense of MCLA 600.2955a(1)</u>

Defendants have indicated they intend to assert MCLA 600.2955a(1), which bars recovery to plaintiffs whose intoxication was more than 50% the cause of their injury. Pursuant to the statute, Defendant has the burden of proving that first, Plaintiff was

8

intoxicated, and second, that the intoxication was more than 50% the cause of the alleged injuries. *Harbour v Correctional Medical Services*, 266 Mich App 452; 702 NW2d 671 (2005)

First, for the reasons stated above, intoxication has no relevance to this assault and battery case. Plaintiff, Charlie Haddad, was standing flat footed and not looking at Jermaine O'Neal when he was struck in the face. This Court can determine, as a matter of law, that it is impossible for a jury to find that any alleged intoxication was more than 50% the cause of the assault and battery committed on Plaintiff. Second, as an assault and battery case, as a matter of law, plaintiff's intoxication has no bearing to the intentional tort claim as pled. *Grzesick, supra.* Thus, for either or both reasons, Plaintiff requests that the court strike the intoxication defense of MCLA 600.2955a(1).

## **CONCLUSION**

Plaintiff requests the Court bar any mention or assertion of plaintiffs alleged trespass status; bar Defendants from asserting the waiver of liability defense based on the language on the back of the basketball ticket; and bar any mention of intoxication and strike the intoxication defense found at MCLA 600.2955a(1), the defenses are all irrelevant, inapplicable, or prejudicial, as a matter of law.

BY: __s/Jason J. Thompson_____
    L.S. CHARFOOS P11799
    JASON J. THOMPSON P47184
    CHARFOOS & CHRISTENSEN, P.C.
    Attorneys for Plaintiffs

>5510 Woodward Avenue
>Detroit, MI  48202
>313-875-8080
>lcharfoos@c2law.com
>jthompson@c2law.com
>Attorneys for Plaintiff

Dated:  October 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2006, I presented the foregoing Plaintiff's Motions in Limine for Hearing at the Beginning of Trial, October 10, 2006 and Certificate of Service to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the following: Brian M. Akkashian @ bakkashian@dickinsonwright.com; Richard M. Apkarian @ rapkarian@dickinsonwright.com; Hiaeaki Sano @ sano@millercanfield.com; and Steven M. Potter @ spotter@potterlaw.com; notice will be delivered by other means to: NONE

>s/Jason J. Thompson
>L.S. CHARFOOS P11799
>JASON J. THOMPSON P47184
>CHARFOOS & CHRISTENSEN, P.C.
>Attorneys for Plaintiffs
>5510 Woodward Avenue
>Detroit, MI  48202
>313-875-8080
>lcharfoos@c2law.com
>jthompson@c2law.com
>Attorneys for Plaintiff