UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,                                          Case No. 04-CV-74932
-vs-                                                       Hon. ANNA DIGGS TAYLOR
                                                  Mag. Judge Donald A. Scheer

INDIANA PACERS, an assumed name.
a/k/a PACERSBASKETBALL CORPORATION,
an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.
_____

| | |
|---|---|
| L.S. CHARFOOS (P11799) | Potter, DeAgostino, O'Dea & Patterson |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | Attorney for Indiana Pacers |
| 5510 Woodward Avenue | 2701 Cambridge Court, Suite 223 |
| Detroit, Michigan 48202 | Auburn Hills, Michigan 48326 |
| (313) 875-8080/FAX 8522 | (248) 377-1700/FAX 0051 |
| | |
| LAWRENCE G. CAMPBELL (P11553) | THOMAS W. CRANMER (P25252) |
| BRIAN M. AKKASHIAN (P55544) | MATTHEW F. LEITMAN (P48999) |
| RICHARD M. APKARIAN, JR. (P66206) | HIDEAKI SANO (P61877) |
| Attorneys for Jermaine O'Neal | Attorneys for Anthony Johnson |
| 500 Woodward Avenue, Suite 4000 | 150 W. Jefferson, Suite 2500 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 223-3500 | (313) 496-7651 |

WILLIAM D. TEMKO
JOSEPH YBARRA
Co-Counsel for Jermaine O'Neal
355 S. Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266
_____

## JOINT FINAL PRE-TRIAL ORDER

**At a session of said Court held in the
U.S. District Courthouse, City of Detroit,
State of Michigan, County of Wayne on: September 28, 2006**

**PRESENT: ANNA DIGGS TAYLOR
U.S. District Court Judge**

(1) **Jurisdiction**

Diversity Jurisdiction pursuant to 28 U.SC. § 1332 is appropriate and is not contested by Defendants.

(2) **Plaintiff's Claims**

Plaintiff has brought as assault and battery action against Defendants.

**JERMAINE O'NEAL**

Defendant Jermaine O'Neal committed an intentional battery on Plaintiff Charlie Haddad.

**ANTHONY JOHNSON**

Anthony Johnson committed an assault and battery on Plaintiff Charlie Haddad.

**INDIANA PACERS**

Jermaine O'Neal and Anthony Johnson were employees of Defendant Indiana Pacers at the time of their assault and battery on the Plaintiff Charlie Haddad.

(3) **Defendants' Claims**

a) Defendants will argue that neither Jermaine O'Neal nor Anthony Johnson assaulted or battered Plaintiff Charlie Haddad in the manner that has been alleged by Plaintiff.

b) Defendants will argue that any number of circumstances should reduce or bar Plaintiff's recovery under the doctrines of comparative fault and/or assumption of risk, including Plaintiff's trespass or otherwise wrongful entry onto the basketball court, his level of intoxication and his confrontation and assault of the individual Defendants and/or their teammates.

c) Defendants will argue that any actions taken by Jermaine O'Neal and/or Anthony Johnson were in self-defense and/or in the defense of others.

d) Defendants will argue that pursuant to MCL 600.2955a, Plaintiff's claims are barred, or an award of damages must be reduced, because Plaintiff had an impaired ability to function due to the influence of intoxicating liquor, and as a result of that impaired ability, Plaintiff was 50% or more the cause of the event that resulted in his injuries, if any.

    e)    Defendants will argue that Plaintiff's purchasing of a ticket precludes his assertion of tort claims against Jermaine O'Neal and/or Anthony Johnson because of the terms of use of that ticket.

    f)    Defendants will argue that any actions taken by Jermaine O'Neal and/or Anthony Johnson did not result in any damages to Plaintiff and that Plaintiff cannot establish a right to any compensation for damages allegedly caused by Defendants.

(4) **Stipulated Facts**

    a)    That Plaintiff was in attendance at the basketball game of the Detroit Pistons versus the Indiana Pacers on November 19, 2004, at the Palace of Auburn Hills.

    b)    That Defendants Jermaine O'Neal and Anthony Johnson were employees of the Pacers Basketball Corporation on November 19, 2004.

    c)    That late in the fourth quarter of the game, a referee called a foul on Detroit Piston player Ben Wallace while he was defending against Indiana Pacer player Ron Artest.

    d)    That shortly after the fourth quarter foul call, a fan threw a cup of liquid towards the basketball court that struck Indiana Pacer player Ron Artest and a disturbance broke out in the stands.

    e)    That after the game was over Plaintiff, as well as other people, walked onto the basketball court during the disturbance.

    f)    That while Plaintiff was on the basketball court, he was involved in an altercation with Defendant Anthony Johnson and then with Defendant Jermaine O'Neal.

    g)    That Jermaine O'Neal struck Plaintiff in the face.

    h)    That Plaintiff and Defendants were escorted off of the basketball court; the Plaintiff being taken to the Palace of Auburn Hills Security Office and the players being taken out of the palace to the team bus.

    i)    That Plaintiff was taken to Pontiac Osteopathic Hospital after the incident. Medical records from Pontiac Osteopathic Hospital contain the following impressions of the doctors who treated Plaintiff:

        1. Status post assault with closed head injury and abdominal contusion;
        2. Head contusion;

3

      3.    Face contusion; and
      4.    Neck strain..

j)     The events relevant to the incident were visually recorded as they were occurring.

k)     That Plaintiff is employed at Good Times Market, a family owned convenience store.

(5) **Issues of Fact To Be Litigated**

a)     Whether the actions of Defendants Jermaine O'Neal and Anthony Johnson that were directed at Plaintiff were in defense of themselves or others.

b)     What was Plaintiff's level of intoxication on November 19, 2004, and whether Plaintiff's intoxication was 50% or more the cause of the event that resulted in his injuries, if any.

c)     Whether Plaintiff's comparative fault and/or assumption of risk reduces or bar his recovery in whole or in part.

d)     Damages

(6) **Issues of Law To Be Litigated**

a)     Whether the actions of Defendant Jermaine O'Neal and Anthony Johnson that were directed at Plaintiff were in self defense or in the defense of others.

b)     Whether Plaintiff's intentional trespass or otherwise wrongful entry onto the basketball court bars or reduces his recovery in whole or in part.

c)     Whether Plaintiff's comparative fault and/or assumption of risk reduces or bar his recovery in whole or in part.

d)     Whether Plaintiff had an impaired ability to function due to the influence of intoxicating liquor, and as a result of that impaired ability, whether Plaintiff was 50% or more the cause of the event that resulted in his injuries.

e)     Whether Plaintiff's purchasing of a ticket precludes his assertion of tort claims because of his assumption of risk, waiver and/or release of his claims against Defendants.

f)     Whether Plaintiff has taken sufficient efforts to mitigate his alleged damages.

g) Whether Plaintiff has demonstrated a causal link between the actions of Jermaine O'Neal and/or Anthony Johnson and his alleged damages.

h) Whether Plaintiff has established that he has suffered any actual damages.

i) Whether the conduct of Jermaine O'Neal amounted to a willful, wanton and malicious act so as to allow a claim for exemplary damages under Michigan law.

j) Did the alleged battery committed by Jermaine O'Neal on Charlie Haddad constitute a willful, wanton and malicious act, so as to allow a claim for exemplary damages?

(7) **Evidence Problems Likely to Arise at Trial**

a) Whether the video depositions of Jermaine O'Neal and/or Anthony Johnson, including portions of their depositions taken in connection with three separate state court actions and unresolved objections by counsel, are admissible in this proceeding.

b) Whether the party admissions in the hearing transcript in the Matter of Arbitration Between National Basketball Players Association, Ron Artest, Stephen Jackson, Anthony Johnson and Jermaine O'Neal and National Basketball Association may be used for cross examination in this proceeding.

c) Whether the Opinion and Award of Arbitrator Roger P. Kaplan, Esquire in the Matter of Arbitration Between National Basketball Players Association and National Basketball Association, Case No. 04-3 is admissible in this proceeding.

d) Whether the opinions of Defendants' and Plaintiff's experts are admissible under the Federal Rules of Evidence.

e) Defendants may object to the admission of certain portions of the videotape depicting events occurring on November 19, 2004 that are not relevant to the issues in dispute in this case. (Custodian objections as to the video, as well as other records, business and medical records are waived).

(8) **Witnesses**

(A) **Plaintiff will call the following witnesses:**

5

1. Charlie Haddad

2. Jermaine O'Neal (By Video)

3. Anthony Johnson (By Video)

4. Ronald Artest (By Video)

5. Diana Haddad

6. Alvin Shackleford, Jr.

7. Belinda Neitzelt

8. Bradley G. Sewick, Ph.D., ABPN, C.C.M., Retained Expert
   26555 Evergreen Road, Suite 830
   Southfield, MI  48076-4239

9. Guy Hostetler, Retained Expert
   26211 Central Park Boulevard, Suite 501
   Southfield, MI 48076

10. Edward F. Boike, Video Expert
    16901 E. Nine Mile Road
    Eastpointe, MI  48021-2449

11. Treating Physicians of Michigan Head Pain and Neurological Institute, to include but not limited to:

    a. James R. Weintraub, M.D.
    b. Jeffrey Pingel, Ph. D.
    c. Barbaranne Branca, Ph. D.

**(B)    Defendants will call the following witnesses:**

1. Robert B. Forney, Jr., Ph.D., Expert
2. William M. Leuchter, M.D., Expert
3. Calmeze Dudley, M.D., Expert
4. Stanley Berent, Ph.D., Expert
5. Edward Primeau, Expert
6. Timothy E. Dicke, M.D., Expert
7. Charlie Haddad
8. Anthony Johnson
9. Jermaine O'Neal
10. Frank Haddad

6

      11.    Khawla Haddad
      12.    Ann Rodriguez
      13.    Rudy Rodriguez
      14.    Fouad Haddad
      15.    Diana Haddad
      16.    Rose Ann Sadia
      17.    Kris Sadia
      18.    Alvin Shackelford, Jr.
      19.    Timothy Smith
      20.    Dave Hague
      21.    Ronda Wilson
      22.    Michael Dowding
      23.    Sami Khal
      24.    Erick Macomber
      25.    Petrous Asmar
      26.    Mary Fielder
      27.    Dr. Rod Durgen, Expert

**(C)**    **Plaintiff may call the following witnesses:**

1. Frank Haddad

2. Khawla Haddad

3. Fouad Haddad

4. Rose Siadi

5. Kris Siadi

6. Ann Rodriquez

7. George Haddad

8. B. Michael Grant, Economist Expert
   28831 Telegraph Road
   Southfield, MI 48034

9. Treaters and medical care providers of Pontiac Osteopathic Hospital

10. Treaters and medical care providers of William Beaumont Hospital

11. Treaters and medical care providers of Valley Urgent Care

12. Treaters and medical care providers of Covenant Emergency Care Center

13. John J. Kemerer, D.O.
    3020 Boardwalk
    Saginaw, MI  48603

14. Joel Beltran, D.O.
    800 Cooper, Suite 11
    Saginaw, MI  48602

15. Bong Jung, M.D.
    4705 Towne Centre Road, Suite 304
    Saginaw, MI  48604

18. John Paul Bederka, Jr., Toxicologist Expert
    780 Austin
    Aurora, IL  60505

19. Renee Milan, M.D.
    Covenant Emergency Care Center
    1447 N. Harrison
    Saginaw, MI  48602

(D)   **Defendants may call the following Witnesses:**

   1.  Belinda Neitzelt
   2.  Ryan Trombley
   3.  Joe Tominna
   4.  Dean S. Louis, M.D., expert
   5.  James Winkler
   6.  Tammie Miller
   7.  Thomas Maier
   8.  Elin Haddad
   9.  Paul T. Walton, Esq.
   10. Representative of First Premier Bank
   11. Representative of The Montrose State Bank
   12. Representative of Capital One
   13. Representative of TCF Bank
   14. Representative of Credit Union Plus
   15. Representative of Frankenmuth Credit Union
   16. Representative of Northwest Airlines, Inc.
   17. Representative of Spirit Airlines
   18. Representative of U.S. Airways/America West Airlines.
   19. Representative of Simplicity Wireless
   20. Representative of Chesaning High School
   21. Representative of Mackinaw Academy
   22. Representative of Burt Enterprises, Inc.

23. Representative of Social Security Administration
24. Representative of Michigan Secretary of State
25. Representative of Internal Revenue Service
26. Representative of Flamingo Hotel & Casino, Las Vegas, NV
27. Representative of 52-3 District Court
28. Representative of MGM Grand Detroit, LLC
29. Tiffany Quintanilla
30. Dave Rhodes
31. Ricardo Sanchez
32. Carol Howard
33. Ken Boudreau
34. Mike Paulle
35. William Paulson
36. Melvin Joseph Kendziorski
37. John Ackerman, Jr.
38. John Ackerman, Sr.
39. Anthony Mark Johnson
40. David Renard Wallace
41. John Frank Green
42. Chuck Person
43. Ryan Conrey
44. Alan Bernstein
45. Neil McGrath
46. Gregory Pease
47. Thomas Bailey
48. James M. Hasselle, IV
49. Justin Wimmer
50. James Schneider
51. James Wiese
52. Janice Bolden
53. Richard Sallen
54. Alaa Alemara
55. Donnie Walsh
56. Bob Shorter
57. David Hoog
58. Michael Ryan
59. Detective Martin, Auburn Hills Police Department
60. Brian Charles Arehart
61. Stephen J. Kassab
62. Keith Vahlbusch
63. Jason Stewart
64. Maureen Gordon
65. Officer Eftink, Auburn Hills Police Department
66. Officer Mahon, Auburn Hills Police Department
67. Officer Stoinski, Auburn Hills Police Department
68. Sergeant Miarka, Auburn Hills Police Department

69. Officer Super, Auburn Hills Police Department
70. Officer B. Miller, Auburn Hills Police Department
71. Dr. Blaker, Pontiac Osteopathic Hospital
72. Dr. Massay, Pontiac Osteopathic Hospital
73. Angela Michelle Green
74. Kevin Lavern Ross
75. Steve Cunningham
76. Bryan James Johnson
77. Jerry Hendon
78. Jason Christopher Copley
79. Alain Morre
80. Quincy James Smith
81. Nicholas Todd Charles
82. David Gauruder
83. Ryan Rottach
84. Julie Socia
85. Sergeant McDonnell, Auburn Hills Police Department
86. Al Albert
87. Jamie Berns
88. Jonathan Bender
89. Mark Boyle
90. Quinn Buckner
91. Dan Burke
92. Josh Corbeil
93. David Craig
94. Bill Dean
95. Dan Dyrek
96. John Edwards
97. Marika Kalyvas
98. Bobby Leonard
99. Jeff McCoy
100. Dean McDowell
101. Ron Oliver
102. Stacey Paetz
103. Joe Qatato
104. Mike Brown
105. Mike Abdenour
106. Dave Hanners
107. Horace Jenkins
108. Arnie Kander
109. Kenneth Keefer
110. Igor Kokoskov
111. Chip Robinson
112. Steven Stuckey
113. Patrick Sullivan
114. Ben Wallace

115. Rasheed Wallace
116. Vince Bommarito
117. Amos Brown
118. Joe Cervone
119. Todd Charles
120. Susan Dietz
121. Turqoise Fleming
122. Brandon Golden
123. Travis Harden
124. Cheryl Hawk
125. Dan Kowalski
126. Richard Kilmer
127. Miekal Morris
128. Al O'Neal
129. Kent Parham
130. James Rhodes
131. Dewayne Sabourin
132. Jeremy Stephens
133. David Swartz
134. Mary Yarbrough
135. Dana Jones
136. Tyrone Mitchell
137. William Wesley
138. Tim Wallace
139. Grant Whitehead
140. Detective Craig Damiani, Auburn Hills Police Department
141. Officer Walker, Auburn Hills Police Department
142. Detective Scott Edwards, Auburn Hills Police Department
143. Officer McDaniel, Auburn Hills Police Department
144. Jamie Reynolds
145. Jamie Morse
146. Officer Medon, Auburn Hills Police Department
147. Sergeant Heath, Auburn Hills Police Department
148. Officer David Miller, Auburn Hills Police Department
149. Nancy Buntamasi
150. Cynthia Cyballa
151. Melvin Thomas
152. Sha McNab
153. Jeff Bonenfant
154. Jonathan Baughman
155. Joe Brice
156. Dennis August
157. Howard Achtman
158. Bridget Albrecht
159. Ed Rivero
160. Shelley Beaudreau

161. Jim Vezina
162. Dr. Joel Petrie
163. Brian Avery
164. Brian Jackson
165. Dwayne Sabrurin
166. Representative from the Auburn Hills Police Department
167. Representative of the Palace of Auburn Hills
168. Representative of American Medical Response of Michigan.
169. Dr. Massay
170. All treating physicians at POH

(9) **Exhibits**

(A) **Plaintiff's Exhibits:**

1. Hearing Transcript in the Matter of Arbitration Between National Basketball Players Association, Ron Artest, Stephen Jackson, Anthony Johnson and Jermaine O'Neal and National Basketball Association.

2. Opinion and Award of Arbitrator Roger P. Kaplan, Esquire in the Matter of Arbitration Between National Basketball Players Association and National Basketball Association, Case No. 04-3.

3. Photos of Plaintiff, Charlie Haddad, taken November 19, 2004.

4. Any medical records including x-rays of Plaintiff Charlie Haddad's treatment at Pontiac Osteopathic Hospital.

5. Any and all medical records including x-rays of Plaintiff's treatment at Valley Urgent Care.

6. Any and all medical records including x-rays of Plaintiff's treatment at Covenant Healthcare.

7. Any and all medical records including x-rays of Plaintiff's treatment with Joel Beltran, M.D.

8. Any and all medical records including x-rays of Plaintiff's treatment with Bong Jung, M.D.

9. Any and all medical records including x-rays of Plaintiff's treatment at William Beaumont Hospital.

10. Any and all medical records including x-rays of Plaintiff's treatment at Michigan Head Pain & Neurological Institute.

11. Any and all medical records including x-rays of Plaintiff's treatment at Diversified Physical Therapy.

12. Any and all medical records, actual tests and tests results of Plaintiff's expert Bradley G. Sewick, Ph.D.

13. Any and all records and correspondence from American Medical Response.

14. Any and all prescription records for Plaintiff, Charlie Haddad, of Rite Aid Pharmacy.

15. Any and all medical bills relative to Plaintiff's treatment arising out of the events of November 19, 2004.

16. Any and all school records of Plaintiff, Charlie Haddad from Chesaning Union High School.

17. Any and all school records of Plaintiff, Charlie Haddad, from Birch Run High School.

18. Any and all school records of Plaintiff, Charlie Haddad, from Mackinaw Academy.

19. Any and all videotapes in the possession of the Palace of Auburn Hills.

20. Any and all videotapes in the possession of the Auburn Hills Police Department.

21. Video depositions of Jermaine O'Neal, Ronald Artest and Anthony Johnson.

22. Any and all records, reports, tests and tests results of Guy Hostetler, Ph.D.

23. Life expectancy table

24. All exhibits identified on the Defendants Exhibit Lists.

25. Demonstrative aids.

(B) Defendants' Exhibits:

1. Records of Spirit Airlines

13

2. Records of Northwest Airlines
3. Records of U.S.Airways/America West
4. Records of The Montrose State Bank
5. Records of Capital One
6. Records of First Premier
7. Records of Credit Union Plus
8. Records of Frankenmuth Credit Union
9. Records of TCF Bank
10. Records of Diversity Physical Therapy
11. Records of Dr. Bong Jung
12. Records of American Medical Response
13. Records of Pontiac Osteopathic Hospital
14. Records of Valley Urgent Care
15. Records of Joel Beltran, D.O.
16. Records of William Beaumont Hospital
17. Records of Covenant Health Care/Cooper Campus
18. Records of Michigan Head Pain & Neurology Institute
19. Records of DOC Optics
20. Records of Paul Danek, DDS
21. Records of Chesaning High School
22. Records of Mackinaw Academy
23. Records of Palace Sports & Entertainment
24. Records of Michigan Secretary of State
25. Records of Internal Revenue Service
26. Records of Burt Enterprises, Inc.
27. Records of Simplicity Wireless
28. Records of Flamingo Hotel & Casino
29. Records of Birch Run School District
30. Records of Robert B. Forney, Jr., Ph.D., Toxicologist
31. Records of William M. Leuchter, M.D., Neurologist & Psychiatrist
32. Records of Calmeze Dudley, M.D., Psychiatrist
33. Records of Stanley Berent, Ph.D., Neuropsychologist
34. Records of Rod Durgin, Ph.D., Vocational Rehabilitation
35. Records of Timothy E. Dicke, M.D.
36. Video Deposition of Timothy E. Dicke, M.D.
37. Curriculum vitae of Timothy E. Dicke, M.D.
38. X-rays of Anthony Johnson related to his hand injury
39. Medical records of Anthony Johnson
40. Copy of Plaintiff's ticket to the November 19, 2004 game
41. Summary of Plaintiff's travel since November 19, 2004
42. Summary of Plaintiff's banking account records
43. Summary of Plaintiff's credit card records
44. Any and all video and audio recordings of November 19, 2004
45. Records of 52-3 District Court
46. Records of Social Security (FICA)
47. Records of Rite Aid Pharmacy

48. Records of Walgreen Pharmacy
49. Records of Dr. Paul Danek
50. Records of Dr. Joseph Mashni
51. Records of Dr. Bradley Sewick/Spectrum Rehabilitation Center
52. Incident Report of Ronda Wilson
53. Incident Report of Tammie Miller
54. Voluntary Statement of Alvin Shackelford, Jr.
55. Records of MGM Grand Detroit, LLC
56. Records of PokerPages.com
57. Photo from PokerPages.com
58. Deposition Transcripts of Charlie Haddad
59. Video Deposition of Anthony Johnson
60. Video Deposition of Stephen Jackson
61. Video Deposition of Jermaine O'Neal
62. Video Deposition of David Harrison
63. Video Deposition of Ron Artest
64. Video Deposition of Jamaal Tinsley
65. Deposition Transcript of Frank Haddad
66. Deposition Transcript of Khawla Haddad
67. Deposition Transcript of Ann Rodriguez
68. Deposition Transcript of Rudy Rodriguez
69. Deposition Transcript of Fouad Haddad
70. Deposition Transcript of Diana Haddad
71. Deposition Transcript of Rose Ann Sadia
72. Deposition Transcript of Kris Sadia
73. Deposition Transcript of Alvin Shackelford, Jr.
74. Deposition Transcript of Timothy Smith
75. Deposition Transcript of Dave Hague
76. Deposition Transcript of Ronda Wilson
77. Deposition Transcript of Michael Dowding
78. Deposition Transcript of Sami Khal
79. Deposition Transcript of Erick Macomber
80. Deposition Transcript of Petrous Asmar
81. Deposition Transcript of Belinda Neitzelt
82. Deposition Transcript of Guy Hostetler, M.A.
83. Deposition Transcript of B. Michael Grant, CPA
84. Deposition Transcript of Bradley Sewick, Ph.D.
85. Deposition Transcript of James Weintraub, D.O.
86. Deposition Transcript of Ryan Trombley
87. Deposition Transcript of George Haddad

(10) **Damages**

Plaintiff's actual damages include physical and emotional pain and suffering for the effects of his head injury, lost earning capacity, and out of pocket expenses. Plaintiff also seeks exemplary damages.

Defendant denies any damages.

(11) **Trial**

A.   Jury Trial

B.   Plaintiff's proofs will take 3 – 4 days.  Defendants estimate the trial will take 3 weeks to complete.

(12) **Settlement**

Counsel for Defendant Indiana Pacers and counsel for Plaintiff conferred and considered the possibility of settlement during the depositions of the various Indiana Pacer players, but such negotiations have since terminated due to an inability to agree on the value of the case.

Counsel for Defendant Anthony Johnson and counsel for Plaintiff most recently conferred and considered the possibility of settlement on September 26, 2006. Negotiations between Defendant Anthony Johnson and Plaintiff are ongoing and their counsel intend to engage in further discussions.

To date, counsel for Defendant Jermaine O'Neal and counsel for Plaintiff have not discussed the possibility of settlement.

**CHARFOOS & CHRISTENSEN, P.C.**                **POTTER, DeAGOSTINO, CAMPBELL & O'DEA**

BY:   /s/Jason J. Thompson                BY:   /s/ Steven M. Potter w/consent
    L.S. CHARFOOS P11799                    STEVEN M. POTTER P33344

| | |
|---|---|
| JASON J. THOMPSON P47184<br>5510 Woodward Avenue<br>Detroit, MI  48202<br>(313) 875-8080 | 2701 Cambridge Court, Suite 223<br>Auburn Hills, MI  48326<br>(248) 377-1700 |
| **DICKINSON WRIGHT PLLC** | **MILLER, CANFIELD, PADDOCK<br>  & STONE**, P.L.C. |
| BY:   /s/Brian M. Akkashian w/consent<br>        BRIAN M. AKKASHIAN P55544<br>        500 Woodward Avenue, Suite 4000<br>        Detroit, MI  48226<br>        (313) 223-3500 | BY:   /s/Matthew F. Leitman<br>        MATTHEW F. LEITMAN P48999<br>        150 West Jefferson, Suite 2500<br>        Detroit, MI  48226<br>         (313) 496-7651 |

SO ORDERED,

S/ANNA DIGGS TAYLOR
U. S. District Court Judge
Hon. Anna Diggs Taylor

Dated:  October 4, 2006

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Order* was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on **October 4, 2006**.

                            s/Johnetta M. Curry-Williams
                            Case Manager