UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

      Plaintiff,                                    Case No. 04-CV-74932

-vs-                                                        Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS          Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

      Defendants.

---

L.S. CHARFOOS (P11799)                    Potter, DeAgostino, O'Dea & Patterson
JASON J. THOMPSON (P47184)                    STEVEN M. POTTER (P33344)
Attorneys for Plaintiff                       Attorney for Indiana Pacers
5510 Woodward Avenue                          2701 Cambridge Court, Suite 223
Detroit, Michigan 48202                       Auburn Hills, Michigan 48326
(313) 875-8080/FAX 8522                   (248) 377-1700/FAX 0051

LAWRENCE G. CAMPBELL (P11553)                 MATTHEW F. LEITMAN (P48999)
BRIAN M. AKKASHIAN (P55544)           HIDEAKI SANO (P61877)
RICHARD M. APKARIAN, JR. (P66206)             Attorneys for Anthony Johnson
Attorneys for Jermaine O'Neal                 840 West Long Lake Road, Suite 200
500 Woodward Avenue, Suite 4000           Troy, Michigan 48098
Detroit, Michigan 48226                       (248) 267-3294/ FAX (248) 879-2001
(313) 223-3500

WILLIAM D. TEMKO
JOSEPH YBARRA
Co-Counsel for Jermaine O'Neal
355 S. Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266

---

### DEFENDANT INDIANA PACERS'
### MOTION TO AMEND
### ORDER RE: TESTIMONY OF TIMOTHY R. SMITH

NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER,

DeAGOSTINO, O'DEA & PATTERSON, and, pursuant to Fed.R.Civ.P. 60(b), move this Honorable Court to Amend its Order Re: Testimony of Timothy R. Smith for the reasons set forth in the brief accompanying this motion.

In accordance with E.D. Mich. LR 7.1, counsel for Defendant Indiana Pacers contacted Plaintiff's counsel regarding the subject matter of this motion and was informed by counsel's assistant that it was necessary to file the instant motion

Respectfully submitted,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700

Dated:   October 6, 2006          rjpatterson@potterlaw.com

**BRIEF IN SUPPORT OF**
**MOTION TO AMEND**
**ORDER RE: TESTIMONY OF TIMOTHY R. SMITH**

**<u>Issue Presented</u>**

WHETHER THIS COURT'S OCTOBER 4, 2006 ORDER RE: TESTIMONY OF
TIMOTHY R. SMITH SHOULD BE AMENDED TO REMOVE THE PHRASE
"RELATED TO THE PALACE INCIDENT ON NOVEMBER 19, 2004" AS
REQUESTED BY DEFENSE COUNSEL TO ACCURATELY REFLECT THE
RULING OF THE COURT ON SEPTEMBER 18, 2006?

      Defendant answers "Yes"

      Plaintiff answers "No"

**<u>Statement of Controlling Authority</u>**

Fed.R.Civ.P. 60(b)

*Johnson v. Unknown Dellatifa*, 357 F.3d 539 (6th Cir. 2004)

*Williams v. Meyer*, 346 F.3d 607 (6th Cir. 2003)

**Background**

The instant action arises out of the incident that occurred at the Palace of Auburn Hills on November 19, 2004 during the basketball game between the Detroit Pistons and the Indiana Pacers. Plaintiff filed a Motion in Limine to exclude a written report prepared by Timothy R. Smith, Director of Event Operations, as well as the testimony of Mr. Smith. Defendants responded to the motion and a hearing regarding the motion was held on September 18, 2006. At the conclusion of the hearing the Court granted the motion in part and denied the motion in part. The Court held that the written report prepared by Mr. Smith would not be admitted in this matter but that Mr. Smith would be permitted to testify and the Court would address objections to his testimony at the time of trial.

On September 20, 2006, Plaintiff's counsel sent a proposed order regarding the motion in limine to defense counsel. The sentence of the proposed order that is at issue reads:

> For the reasons stated on the record, the Court grants Plaintiff's Motion as to the written document, but denies the Motion as to testimony of Timothy R. Smith **related to the Palace Incident on November 19, 2004.**

The following day the undersigned contacted counsel for Defendant O'Neal and discussed the language of the proposed order to verify that the Court did not limit Mr. Smith's testimony to "the Palace Incident on November 19, 2004." On September 21, 2006, the undersigned sent a letter to Plaintiff's counsel which is attached as Exhibit A. The letter sets forth counsel's objection to the inclusion of the phrase "related to the Palace incident on November 19, 2004." The letter also sets forth that Defendant O'Neal's counsel concurs in the objection. Counsel requested that Plaintiff's counsel revise the proposed order and provide him with the new proposed order. Included as part of Exhibit A is the "Fax

Transmission" cover sheet and the "Broadcast Confirmation Report" verifying that Plaintiff's counsel received Defendant's objection to the proposed order.

After being advised by the Court's case manager on October 3, 2006 that the Court was still awaiting an Order regarding Plaintiff's Motion in Limine, counsel's office contacted Plaintiff's counsel's office to inquire as to the status of the revised proposed order and if the requested language had been removed from the proposed order. Plaintiff's counsel's office indicated that it did not have a record of receiving the September 21, 2006 correspondence concerning the Order Re: Testimony of Timothy R. Smith (Exhibit A). On the morning of October 3, 2006, counsel again sent the letter to Plaintiff's counsel via facsimile (Exhibit B, "Fax Transmission" and "Message Confirmation" pages). The "Message Confirmation" indicates that the facsimile was sent at 11:51.

Despite sending its objection to the proposed order to Plaintiff's counsel on two occasions and discussing the objection with Plaintiff's counsel's assistant on October 3, 2006, Plaintiff's counsel submitted Plaintiff's proposed Order Re: Testimony of Timothy R. Smith as originally drafted. The automatically generated email to Plaintiff's counsel regarding the proposed order was sent at 5:11 p.m. on October 3, 2006. The submission of the proposed order was forwarded to defense counsel at 5:44 p.m. Incredibly, Plaintiff's counsel states on the submission to the Court that the order was submitted "to defense counsel on September 20, 2006 with the opportunity to accept, reject, or modify, with no objection as of today's date" (Exhibit C). On the morning of October 4, 2006, Defense counsel contacted Pat Cotton at the number listed in the email and left a voicemail inquiring as to why the requested change to the order was not made. The voicemail received in response indicated that the Court had already entered the Order and that the undersigned would have to file objections to the order.

Defendant then confirmed that the Order had been entered by the Court as originally drafted (Exhibit D).

Defendant has filed the instant motion pursuant to Fed.R.Civ.P. 60(b), seeking to have the Order Re:

Testimony of Timothy R. Smith amended in accordance with the objection set forth in the September 21,

2006, letter to Plaintiff's counsel.

## <u>Argument</u>

The decision to grant a Motion under Fed.R.Civ.P. 60(b) is within the sound discretion of the

Court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542 (6th Cir. 2004). Rule 60(b) permits a district

court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
> which by due diligence could not have been discovered in time to move for a new trial
> under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)
> the judgment has been satisfied, released, or discharged, or a prior judgment upon which
> it is based has been reversed or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any other reason justifying relief
> from the operation of the judgment.

In this case, Defendants seek to amend the Order entered October 4, 2006 on the basis of either

mistake, inadvertence, or fraud.  At a minimum, a mistake was made by Plaintiff's counsel  when it failed

to incorporate Defendant's objection to the proposed order that was sent to counsel's office on

September 21, 2006 and October 3, 2006.  Another view would be that Plaintiff's counsel inadvertently

failed to realize that Defendant had sent an objection to the proposed order and submitted the originally

proposed order unaware of the objection.   A third view would be that Plaintiff's counsel received the

objection but submitted the proposed order to the Court with the misrepresentation that no objection had

been received (Exhibit C).  The Court then relied on Plaintiff's misrepresentation and entered the order.

The misrepresentation was made to Defendant's detriment because Defendant is now forced to seek an amendment of an entered order under Fed.R.Civ.P. 60(b) rather than discuss its objection with opposing counsel or the Court prior to entry. Any one of these scenarios justify the amendment of the Order Re: Testimony of Timothy R. Smith.

The requested relief is appropriate because the party responsible for the mistake and/or fraud is Plaintiff, not the party seeking to amend the Order. Defendants responded in a timely fashion to Plaintiff's proposed order when a letter was sent the following day setting forth an objection to the language of the proposed order. The letter was addressed to counsel of record for Plaintiff and Defendant should not be prejudiced because Mr. Charfoos was out of the office and his mail was not reviewed and forwarded to the appropriate attorney. Moreover, Defendant's objection to the proposed order was sent a second time prior to Plaintiff's submission of the order to the Court, yet this transmission was also ignored. Defendant should not be prejudiced as a result of Plaintiff's counsel's failure to read incoming facsimile correspondence.

The alternative view is that Plaintiff's counsel intentionally failed to acknowledge Defendant's objection to the proposed in an effort to improperly limit Mr. Smith's testimony in this matter. Plaintiff is aware that Mr. Smith's testimony will not be helpful to his case and improperly tried to limit that testimony by adding language into the order that is contrary to the Court's ruling. To accomplish this goal Plaintiff made a false statements to the Court indicating that no objections had been received and by the time Defendant became aware of the misrepresentation made to the Court, the Order had already been entered. Regardless of whether Plaintiff's conduct falls on the side of mistake, inadvertence or fraud, the Order entered October 4, 2006 should be amended pursuant to Fed.R.Civ.P. 60(b).

WHEREFORE, Defendant respectfully requests that this Honorable Court grant its Motion to Amend Order Re: Testimony of Timothy R. Smith and enter an Order revising the last sentence to state: "For the reasons stated on the record, the Court grants Plaintiff's Motion as to the written document, but denies the Motion as to testimony of Timothy R. Smith."

Respectfully submitted,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700

Dated:   October 6, 2006            rjpatterson@potterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record to this cause of action.

s/RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com