UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,   Case No. 04-CV-74932

-vs-   Hon. ANNA DIGGS TAYLOR

INDIANA PACERS, an assumed name a/k/a PACERS   Mag. Judge Donald A. Scheer
BASKETBALL CORPORATION, an Indiana corporation,
JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

---

| | |
|---|---|
| L.S. CHARFOOS (P11799) | Potter, DeAgostino, O'Dea & Patterson |
| JASON J. THOMPSON (P47184) | STEVEN M. POTTER (P33344) |
| Attorneys for Plaintiff | RICK J. PATTERSON (P55706) |
| 5510 Woodward Avenue | Attorney for Indiana Pacers |
| Detroit, Michigan 48202 | 2701 Cambridge Court, Suite 223 |
| (313) 875-8080/FAX 8522 | Auburn Hills, Michigan 48326 |
| | (248) 377-1700/FAX 0051 |

THOMAS W. CRANMER (P25252)
MATTHEW F. LEITMAN (P48999)
Attorneys for Anthony Johnson
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-7651

---

## DEFENDANT INDIANA PACERS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

NOW COMES Defendant, INDIANA PACERS, by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and requests that this Honorable Court deny Plaintiff's Motions in Limine for the reasons set forth in the brief accompanying this response.

                                                     Respectfully submitted,

                                                     POTTER, DeAGOSTINO, CAMPBELL & O'DEA

                                                     s/RICK J. PATTERSON (P55706)
                                                   Attorney for Defendant Indiana Pacers
                                                   2701 Cambridge Court, Suite 223
                                                 Auburn Hills, Michigan 48326
                                                 (248) 377-1700
Dated:   October 9, 2006                     rjpatterson@potterlaw.com

## BRIEF IN SUPPORT OF
## DEFENDANT INDIANA PACERS' RESPONSE TO MOTIONS IN LIMINE

### CONCISE STATEMENT OF ISSUES PRESENTED

### I.

Whether defendants should be permitted to present evidence regarding plaintiff's trespass on the basketball court as evidence of his fault under MCL 600.6304?

    Defendant answers "Yes"

    Plaintiff answers "No"

Whether the Assumption of Risk and Release of Liability set forth in the Terms and Conditions applicable to Detroit Piston Season Ticket Holders is applicable to this case?

    Defendant answers "Yes"

    Plaintiff answers "No"

Whether Plaintiff's intoxication on the date of the incident is relevant and admissible with regard to the allocation of fault and/or intoxication defense of MCL 600.2955a?

    Defendant answers "Yes"

    Plaintiff answers "No"

## STATEMENT OF CONTROLLING AUTHORITY

*Mills v. A.B. Dick Company*, 26 Mich App 164, 168; 182 NW2d 79 (1971)

*Lamp v. Reynolds*, 249 Mich App 591, 645 NW2d 311 (2002)

MCL 600.2955(a)

MCL 600.6304

**Background**

The instant action arises out of the incident that occurred at the Palace of Auburn Hills on November 19, 2004 during the basketball game between the Detroit Pistons and the Indiana Pacers. Plaintiff has filed the instant motion seeking an order to: prevent Defendants from presenting evidence or mentioning Plaintiff's trespass on the basketball court, prevent Defendants from relying on the Assumption of Risk and Release of Liability set forth in the Terms and Conditions applicable to Detroit Piston Season Ticket Holders, prevent Defendants from referring to Plaintiff's intoxication at the time of the incident, and strike Defendants' intoxication defense, MCL 600.2955a(1).

Plaintiff asserts that the issues of Plaintiff's trespass, his intoxication, and the terms of the Assumption of Risk and Release of Liability set forth in the Terms and Conditions applicable to Detroit Piston Season Ticket Holders should be kept from the jury in this matter because they are inconsistent with the facts and inapplicable to this action. Plaintiff is essentially trying to sit as the trier of fact for the jury and determine what information should be considered. Defendants should be permitted to present the facts and circumstances in this matter to the trier of fact and the trier of fact must determine the issues raised by Defendants.

**Argument**

**I.    Trespass**

Plaintiff contends that Defendants intend to defend this matter through the premises liability defense of "trespass." First, trespass is not a defense in a premises liability case it is simply a category of a person on the property for premises liability purposes. More, importantly, Defendants are not asserting any defense or bar to Plaintiff's claim based on his trespass onto the

basketball court at the time of the incident. Defendants intend to introduce evidence that Plaintiff was trespassing on the basketball court at the time of the incident in violation of an Auburn Hills ordinance. The violation of an ordinance is evidence of negligence, *Mills v. A.B. Dick Company*, 26 Mich App 164, 168; 182 NW2d 79 (1971). Plaintiff has admitted the he walked onto the basketball court after the game (Exhibit A, Joint Final Pre-trial Order, Section (4), Stipulated Facts paragraph (e)). Thus, there is no question that Plaintiff violated the ordinance based on his admissions. The violation is evidence of negligence that is properly considered by the trier of fact when allocating fault in this matter as required by MCL 600.6304.

Plaintiff has attempted to mischaracterize his trespass in an effort to avoid having the trier of fact learn that Plaintiff's admitted conduct violated an Auburn Hills Ordinance. This violation is evidence of negligence and Plaintiff has provided no basis upon which to exclude evidence of Plaintiff's trespass.

**II.     Assumption of Risk and Release of Liability**

Plaintiff was a season ticket holder. Attached as Exhibit B is the Detroit Pistons Season Ticket Holders Terms and Conditions. At the bottom of the first page is the paragraph entitled **Assumption of Risk and Release of Liability**. The terms of this paragraph state that season ticket holders "ASSUME ALL RISK INCIDENTAL TO ATTENDING A DETROIT PISTONS GAME, INCLUDING, BUT NOT LIMITED TO, THE DANGER OF BEING INJURED BY PLAYERS...."

Defendants have asserted the defense in this matter that their actions were in self defense and/or defense of others. The issue regarding Defendants conduct will be submitted to the jury in this matter and so should the issue regarding the assumption of risk. Defendants are not asserting

that the assumption of risk and release language bar Plaintiff's claims as a matter of law. The issue is one that should be presented to the jury along with all of the facts in this matter to permit the jury to assess the parties' conduct and the applicability of the assumption of risk language.

### III.    Intoxication

Plaintiff alleges that his intoxication at the time of the incident is not relevant and should not be considered by the jury. Plaintiff first argues that comparative negligence is not a defense in an intentional tort case. Under the allocation of fault standards adopted by the Michigan Legislature, Plaintiff is simply wrong.

#### a.    Comparative Fault

Plaintiff's brief cites *Lamp v. Reynolds*, 249 Mich App 591, 645 NW2d 311 (2002), but completely ignores its holding with regard to assessing fault under Michigan's comparative fault statutes. *Lamp* involved a case where the defendants conduct was found to be wilful and wanton and defendant sought to assert the negligence of the plaintiff to reduce the plaintiff's damages. The plaintiff in *Lamp* made the same argument Plaintiff advances here and the court flatly rejected plaintiff's argument. The court noted that MCL 600.6304(8) defines "fault" as "an act, an omission, conduct, **including intentional conduct**, ... that is a proximate cause of damages sustained by a party." *Lamp* at 602. Based on the inclusion of intentional conduct in the definition of fault, the court held "the application of the comparative fault statutes in Michigan does not depend on the type of at-fault conduct of either a plaintiff or a defendant." *Id*. The court further stated that **"under the comparative fault statutes at issue here, there will be cases in which a plaintiff's at fault conduct will be compared to a defendant's wilful and wanton misconduct**

**or intentional conduct and the plaintiff's damages will be reduced in proportion to his fault, if any."** *Id.* at 603.

The holding in *Lamp* specifically refutes Plaintiff's contention that his negligence or fault should not be considered because he has alleged an intentional tort. Plaintiff attempts to remove the issue of Plaintiff's intoxication from the jury based on his own belief that his intoxication was not a proximate cause of his alleged injuries. Plaintiff simply makes the conclusory claim that there is no proximate cause without any further explanation. The issue of causation is one for the jury. Put simply, the jury could conclude that Plaintiff would not have been trespassing on the court if he was sober. If Plaintiff had obeyed the law and refrained from going onto the court, he would not have come into contact with any players. If the jury finds that Plaintiff's drinking played a role in his entering onto the court, it was a proximate cause of his injuries and any damages should be reduced accordingly.

Plaintiff also states that intoxication will likely prejudice and bias the jury against plaintiff. Plaintiff has not demonstrated that the probative value of Plaintiff's at fault conduct is substantially outweighed by allowing Defendants to present their case. Plaintiff wants to present his case in a vacuum without the presentation of any prejudicial or damaging evidence. The comparative fault system adopted by the Michigan Legislature entitles Defendants to present evidence indicating Plaintiff's fault, whether it be negligence or intentional conduct, to allow the trier of fact to allocate the fault as it deems appropriate. Plaintiff's request that this Court ignore the comparative fault statutes to preclude evidence of Plaintiff's fault must be rejected. Lastly, Plaintiff argues that allowing Defendants to present their case will unduly delay the trial and confuse the jury. As stated above, Defendants are entitled to present their case in this matter and that case includes

Plaintiff's own fault in the events that occurred. Plaintiff has presented nothing to support the claim that the issue of Plaintiff's intoxication will cause undue delay or that the jury will be confused by the issue. Plaintiff's request to preclude Defendants from presenting evidence regarding Plaintiff's fault with regard to the incident is contrary to Michigan's comparative fault statutes and is an improper attempt to limit Defendants presentation of the facts to the jury in this case.

      b.     Intoxication Defense

Defendant does not contest that it bears the burden of establishing that (1) Plaintiff was intoxicated, and (2) that the intoxication was more than 50% the cause of the alleged injuries. *Harbour v. Correctional Medical Services*, 266 Mich App 452; 702 NW2d 671 (2005). Plaintiff reiterates his previous argument that it is impossible for a jury to find Plaintiff more than 50% at fault because he was standing on the court and not looking at Defendant O'Neal. As set forth above, the fact that Plaintiff has alleged intentional conduct and Defendants are asserting negligence on the part of Plaintiff does not preclude the allocation of fault under Michigan statutes. MCL 600.6304(8), specifically defines "fault" to include intentional conduct. Moreover, the court in *Lamp* specifically held that **"under the comparative fault statutes at issue here, there will be cases in which a plaintiff's at fault conduct will be compared to a defendant's wilful and wanton misconduct or intentional conduct and the plaintiff's damages will be reduced in proportion to his fault, if any."** *Id.* at 603. Based on the holding in *Lamp* and the application of the comparative fault statutes, the jury must be permitted to assess the alleged intentional conduct against the comparative fault of Plaintiff's negligent conduct.

Also as stated above, it is possible for a jury to determine that Plaintiff would not have been on the basketball court but for his intoxication. If the jury reaches this conclusion it would be equivalent to finding that but for Plaintiff's intoxication he would not have suffered injuries because he never would have been on the floor to come into contact with the players. The decision is for the jury and the intoxication defense set forth in MCL 600.2955(a) must be decided by the jury in this matter.

### Relief Requested

WHEREFORE, Defendant Indiana Pacers respectfully requests that this Honorable Court deny Plaintiff's Motions in Limine.

           POTTER, DeAGOSTINO, O'DEA & PATTERSON

           s/RICK J. PATTERSON (P55706)
           Attorney for Defendant Indiana Pacers
           2701 Cambridge Court, Suite 223
           Auburn Hills, Michigan 48326
           (248) 377-1700
Dated: October 9, 2006           rjpatterson@potterlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record to this cause of action.

           s/RICK J. PATTERSON (P55706)
           Attorney for Defendant Indiana Pacers
           2701 Cambridge Court, Suite 223
           Auburn Hills, Michigan 48326
           (248) 377-1700
           rjpatterson@potterlaw.com