UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

vs.

Case No. 04-CV74932
Hon. Anna Diggs Taylor

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION,
an Indiana Corporation, JERMAINE O'NEAL,
and ANTHONY JOHNSON,
Jointly and Severally,

    Defendants.
_____/

| | |
|---|---|
| CHARFOOS & CHRISTIANSON, P.C.<br>L.S. CHARFOOS P11799<br>JASON J. THOMPSON P47184<br>Attorneys for Plaintiff<br>5510 Woodward Avenue<br>Detroit, MI 48202<br>(313) 875-8080 | DICKINSON WRIGHT PLLC<br>LAWRENCE G. CAMPBELL (P11553)<br>BRIAN M. AKKASHIAN (P55544)<br>RICHARD M. APKARIAN JR. (P66206)<br>Attorneys for Defendant Jermaine O'Neal<br>500 Woodward, Suite 4000<br>Detroit, MI 48226-3425<br>(313) 223-3500 |
| POTTER, DEAGOSTINO, CAMPBELL & O'DEA<br>STEVEN M. POTTER (P33344)<br>Attorney for Indiana Pacers<br>2701 Cambride Court, Suite 223<br>Auburn Hills, MI 48326<br>(248) 377-1700 | MUNGER, TOLLES & OLSON LLP<br>WILLIAM D. TEMKO<br>JOSEPH YBARRA<br>Admission Pending<br>Co-Counsel for Defendant Jermaine O'Neal<br>355 South Grand Avenue<br>35th Floor<br>Los Angeles, California 90071<br>(213) 683-9266 |
| MILLER, CANFIELD, PADDOCK and STONE, PLC<br>THOMAS W. CRAMMER (P25252)<br>MATTHEW F. LEITMAN (P48999)<br>HIDEAKI SANO (P61877)<br>Attorneys for Defendant Anthony Johnson<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226<br>(313) 496-7651 | |

_____/

## DEFENDANT JERMAINE O'NEAL'S RESPONSE
## TO PLAINTIFF'S MOTION IN LIMINE

## **ISSUE PRESENTED**

Whether the defenses of trespass, waiver and intoxication should be stricken based on Plaintiff's allegation that comparative fault does not apply to intentional tort claims.

Defendants' Answer: No.

# INDEX OF MOST CONTROLLING AUTHORITIES

**Cases**
Lamp v. Reynolds, 249 Mich. App. 591, 596 (2002) .......................................................2
Wysocki v. Felt, 248 Mich. App. 346, 364 (2001).........................................................2

**Statutes**
MCL § 600.2955a ............................................................................................................1
MCL § 600.2957 .............................................................................................................2
MCL § 600.2959 .............................................................................................................2
MCL § 600.6304 .............................................................................................................2
MCL § 600.6304(8).........................................................................................................2

## INTRODUCTION

In his Motion in Limine, Plaintiff Charlie Haddad ("Plaintiff") requests the Court to strike three defenses raised by the Defendants. The defenses are as follows: (1) that Plaintiff committed a trespass by walking onto the basketball court during the brawl, (2) that Plaintiff waived his assault and battery claim via the waiver language on the back of his ticket, and (3) that Plaintiff's intoxication must be considered in assessing Plaintiff's comparative fault and in relation to MCL § 600.2955a, Michigan's intoxication statute. Defendant Jermaine O'Neal ("Defendant O'Neal") will not argue the waiver defense in this case, and he will voluntarily withdraw it. However, the trespass and intoxication defenses are valid defenses under the law and must be submitted to the jury for appropriate consideration.

## LEGAL ARGUMENT

Plaintiff argues that the trespass and intoxication defenses should be stricken because Defendants have stipulated that Defendant O'Neal struck Plaintiff and the defenses allegedly have no application to an assault and battery claim. Plaintiff is effectively arguing that, because this is an intentional tort case, Plaintiff's conduct – whether it be negligent or otherwise wrongful – is irrelevant and cannot be considered. Plaintiff is wrong as a matter of current Michigan law.

Prior to 1996, Michigan law provided that comparative negligence should only be applied in tort actions sounding in negligence where defendant's misconduct fell short of being intentional. In 1996, the Michigan Legislature enacted tort reform. Among its enactments, the Legislature determined that **all actions based on tort** or another legal theory seeking damages for personal injury must apply **comparative fault**. "Fault" is

1

defined to include "an act, an omission, [or] conduct, **including intentional conduct** . . . that is a proximate cause of damages sustained by a party." MCL § 600.6304(8) (emphasis added). With the enactment of a comparative fault system, the trier of fact must now consider Plaintiff's fault even where Plaintiff asserts an intentional tort claim. Given the new state of the law, Plaintiff's fault, including his wrongful trespass on the basketball court and his intoxication, must be presented to the jury for appropriate consideration when determining liability and apportioning damages.

Michigan's comparative fault system, as it applies to this case, was thoroughly analyzed by the Michigan Court of Appeals in Lamp v. Reynolds, 249 Mich. App. 591, 596 (2002). "The enactment of several in pari materia statutes, most notably, MCL § 600.6304, MCL § 600.2957, and MCL § 600.2959, reveals a legislative intent to allocate liability according to the relative fault of all persons contributing to the accrual of a plaintiff's damages." *Id.* (*citing* Wysocki v. Felt, 248 Mich. App. 346, 364 (2001)). These statutes do not distinguish between the types of at-fault conduct. *Id.* at 605. Thus, even where defendant's conduct is intentional, or willful and wanton, Plaintiff's at-fault conduct is nonetheless considered. *Id.* at 603. If plaintiff's conduct is found to be a proximate cause of his injuries, the trier of fact must allocate fault and apportion damages accordingly. *Id.* at 605.

The comparative fault statutes include MCL § 600.2957, MCL § 600.2959 and MCL § 600.6304. MCL § 600.2957 provides, in pertinent part:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall

2

consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

MCL § 600.2959 provides, in pertinent part:

In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the damages are based as provided in section 6306.

MCL § 600.6304 provides, in pertinent part:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

    (a) The total amount of each plaintiff's damages.

    (b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff . . .

(2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed.

\* \* \*

(8) As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party.

In Lamp, *supra,* a motorcross racer brought an action against the operators of a racetrack for injuries he suffered when his motorcycle struck a concealed tree stump. *Id.* at 593. The tree stump was located on the perimeter of the racetrack. *Id.* The plaintiff alleged that the defendants' failure to remove the tree stump amounted to willful and wanton misconduct. *Id.* Among their defenses, the defendants argued that the plaintiff's negligent driving was a proximate cause of his injuries. *Id.* After rendering a

3

verdict in favor of the plaintiff, the trial court refused to reduce the damages award in proportion to the plaintiff's percentage of comparative fault. The trial court held that "comparative negligence would not be assessed against plaintiff's damages award because the defense was not available in a claim based on willful and wanton misconduct." *Id*.

On appeal, the defendants argued that the trial court erred by failing to reduce plaintiff's damages award in proportion to his percentage of fault for his negligent driving. *Id*. at 596. As a matter of first impression, the Michigan Court of Appeals engaged in a thorough analysis of the comparative fault statutes. The Lamp Court held, "[a]fter consideration of the principles of statutory construction and the relevant comparative fault statutes, we conclude that the Legislature's intent is clear – a plaintiff, . . . will be considered at fault if his conduct was a proximate cause of his damages and any damages awarded must be reduced by the percentage of fault attributed to him by the trier of fact." Lamp, *supra* at 598-599. A plaintiff's at-fault conduct will be considered even where the defendant's conduct was intentional, or willful and wanton. *Id*. at 603. The Lamp Court explained:

> Our comparative fault statutes, particularly MCL § 600.2957, MCL § 600.2959, and MCL § 600.6304, are just that, *comparative fault* statutes. Although the bench and bar may still refer to the defense as one of "comparative negligence," that description is a misnomer and defies the true nature of the statutes as legislatively enacted. This Court may not assume that the Legislature's use of one word or phrase over another was inadvertent. (citation omitted). Because the statutes refer only to "fault" and the word "negligence" is not used in any of the relevant statutes, we must deem the absence a deliberate omission and an intent by the Legislature that all at-fault conduct, not just negligence, be within the reach of the statutes.
>
> Further, MCL § 600.6304(8) specifically defines "fault" as "an act, an omission, conduct, including intentional conduct . . . that is a proximate cause of damage sustained by a party." Consequently, the application of

4

> the comparative fault statutes in Michigan does not depend on the type of at-fault conduct of either a plaintiff or a defendant. Instead, the comparative fault statutes are operative against each person, including a plaintiff, whose conduct is found to be a proximate cause of the plaintiff's damages. (citation omitted). In effect, by defining "fault" so broadly, the Legislature vaporized the skeletal remains of the long-defunct contributory negligence doctrine. That doctrine required the contributorily negligent plaintiff to assert "willful and wanton" or "gross negligence" claims simply to avoid the doctrine's harsh effect of totally barring the plaintiff's recovery of damages. (citation omitted). Our comparative fault statutes do not require, or permit, such linguistic maneuvering.

*Id.* at 602-603.

* * *

> **Consequently, under the comparative fault statutes at issue here, there will be cases in which a plaintiff's at-fault conduct will be compared to a defendant' willful and wanton misconduct or intentional conduct and the plaintiff's damages will be reduced in proportion to his fault, if any.** This result is consistent with the goal of the "comparative fault doctrine" at its inception; it promotes "a fair system of apportionment of damages."

*Id.* at 603 (emphasis added).

* * *

> In summary, our comparative fault statutes . . . mandate the allocation of liability among all persons who contributed to the accrual of a plaintiff's damages. These statutes do not distinguish between types of at-fault conduct that resulted in the plaintiff's sustaining damages. Consequently, the comparative fault statutes apply to all persons, *i.e.*, whose conduct is a proximate cause of the plaintiff's damages.

* * *

> Once the at-fault persons are determined, the trier of fact assigns percentages of fault to each person after considering the nature of each person's conduct and the extent of the causal relation between the conduct and the resulting damages.

*Id.* at 605.

Due to the Michigan Legislature's enactment of a comparative fault system, the defenses that relate to Plaintiff's fault as a proximate cause for his injuries, including his wrongful trespass on the basketball court and his intoxicated state, are viable defenses

5

and should be submitted to the jury. Even when defending an intentional tort claim, Defendants are nonetheless entitled to argue that Plaintiff was at fault and a proximate cause of his injuries. If Plaintiff had not been intoxicated, he likely would not have run onto the basketball court. If Plaintiff had not been on the basketball court, he would not have engaged in an altercation with Defendants Anthony Johnson and Jermaine O'Neal, both of whom never left the basketball court during the brawl. Thus, because Plaintiff's wrongful conduct was a proximate cause of his injuries, these defenses must be submitted to the jury for appropriate consideration.

## CONCLUSION

Based on the foregoing, Defendant Jermaine O'Neal respectfully requests this Court to deny Plaintiff's Motion in Limine and allow the defenses with respect to Plaintiff's comparative fault – his trespass and intoxicated state – be submitted to the jury.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By:   /s Richard M. Apkarian Jr.
      Lawrence G. Campbell (P11553)
      Brian M. Akkashian (P55544)
      Richard M. Apkarian Jr. (P66206)
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

Dated: October 9, 2006

## PROOF OF SERVICE

STATE OF MICHIGAN   )
                    ) SS.
COUNTY OF OAKLAND   )

Richard M. Apkarian Jr., being first duly sworn, deposes and says that on the 9th day of October, 2006, he caused to be served a copy of Defendant Jermaine O'Neal's Response to Plaintiff's Motion in Limine, and this Proof of Service via electronically filing using the ECF system with the clerk of court who will send notice to all counsel of record, including, Jason J. Thompson, Steven M. Potter, and Hideaki Sano.

/s/ Richard M. Apkarian

Richard M. Apkarian Jr. (P66206)
DICKINSON WRIGHT PLLC
Attorneys for Defendant Jermaine O'Neal
500 Woodward, Suite 4000
Detroit, MI  48226-3425
(313) 223-3500
Rapkarian@dickinsonwright.com

BLOOMFIELD 28552-1 794581v1

7