UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES HADDAD,

                              Plaintiff,

vs.                                                  Civil Action
                                                     No. 04-CV74932

INDIANA PACERS, an assumed name, a/k/a
PACERS BASKETBALL CORPORATION, an                    Hon. Anna Diggs Taylor
Indiana corporation, JERMAINE O'NEAL and             Mag. Judge Donald A. Scheer
ANTHONY JOHNSON, Jointly and Severally,

          Defendants.

_____/

**L.S. CHARFOOS (P11799)**              **THOMAS W. CRANMER (P25252)**
**JASON J. THOMPSON (P47184)**          **MATTHEW F. LEITMAN (P48999)**
Charfoos & Christensen, P.C             **HIDEAKI SANO (P61877)**
Attorneys for Plaintiff                 Miller, Canfield, Paddock & Stone, P.L.C.
5510 Woodward Avenue                    Attorneys for Defendant Anthony Johnson
Detroit, MI  48202                      150 West Jefferson, Suite 2500
(313) 875-8080                          Detroit, MI  48226
                                        (313) 496-7651


**LAWRENCE G. CAMPBELL (P11553)**       **WILLIAM D. TEMKO**
**BRIAN M. AKKASHIAN (P55544)**         **JOSEPH YBARRA**
**RICHARD M. APKARIAN, JR. (P66206)**   Admission Pending
Dickinson Wright PLLC                   Munger, Tolles & Olson LLP
Attorneys for Defendant Jermaine O'Neal Co-Counsel for Defendant Jermaine O'Neal
500 Woodward Avenue, Suite 4000         355 South Grand Avenue, 35th Floor
Detroit, MI  48226-3425                 Los Angeles, CA   90071
(313) 223-3500                          (213) 683-9266

**STEVEN M. POTTER (P33344)**
Potter, DeAgostino, Campbell & O'Dea
Attorneys for the Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, MI   48326
(248) 377-1700

_____/


### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
### FOR TAXATION OF COSTS


Plaintiff, CHARLIE HADDAD, through his attorneys CHARFOOS &

CHRISTENSEN, P.C., respectfully requests that this Honorable Court deny Defendant

Dockets.Justia.com

INDIANA PACERS, Motion for Taxation of Costs.  Defendant has claimed items of costs which are not taxable under 28 USC § 1920.  Furthermore, as to those costs which are arguably properly taxed, Defendant has failed to provide the documentation required by the Office of the Clerk Bill of Costs Handbook.  Since they are not properly supported, they cannot properly be taxed.

In further response to numbered paragraphs in Defendant's Motion, Plaintiff states as follows:

1.      Plaintiff agrees that on Thursday, October 19, 2006, the jury returned its verdict in the above referenced matter in favor of Defendants and against Plaintiff, Charlie Haddad.  Plaintiff further notes that this verdict was reduced to judgment by Court Order dated October 24, 2006.

2.      Plaintiff agrees that 28 USC § 1920 allows for certain costs to be taxed by the prevailing party in an action.  In this District, the taxation of those costs permitted by statute is governed by the Bill of Costs Handbook, which is freely available at the website of the Eastern District of Michigan, and in the office of the Clerk for the United States District Court for the Eastern District of Michigan.  The Bill of Costs Handbook sets down guidelines which Defendant has ignored in this matter.  First, only those items permitted by 28 USC § 1920 are allowed to be taxed as costs, as explained in the handbook.  Second, even those permitted items must be properly documented, or they cannot be taxed, as explained in the handbook.

3.      As to Defendant's request of individual items of taxation, Plaintiff responds as follows:

A – D.        The expert witness fees requested by Defendant are not taxable as costs under 28 USC § 1920 (3) and 28 USC § 1821.  As pointed in the handbook, Part II, § C, Part 2(b), compensation paid to an expert witness in excess of the statutory fees is not taxable.  See e.g., *Crawford Fitting Co. v. J.T. Gibbons*, 428 US 437; 97 L Ed 2nd 385; 107 SCT 2494 (1987); *Tiedel v. Northwestern Michigan College*, 865 F 2nd 88 (6th Circuit 1988).

E – L.        Defendant also seeks to recover witness fees in various amounts for various witnesses.  Defendant has failed to set out the day that these witnesses testified, and the Bill of Costs Handbook, at Part 2, 6, C, 1(a) specifically states that witness fees are only available for the days that the witness testifies.  Plaintiff further points out that Item K involves a claimed witness fee mileage costs for Dewayne Sabourin.  However, this witness did not testify.  The Bill of Costs Handbook specifically points out that "if a witness is subpoenaed to the trial, but does not testify . . . the taxation clerk will not tax the fees and disbursement as to that witness."

Plaintiff concedes that with a proper fundamental showing, items E – J, and L, may be properly taxed by this Court.

M – CC.        Defendant seeks to recover thousands of dollars for deposition costs.  The Defendant, however, has not properly documented when and how the deposition was used in Court, or in support of a motion.  As the Bill of Costs Handbook states, § 2 B, "if the transcript was used in support of a motion, counsel if required to provide the taxation clerk with the title of the motion and approximate date it was filed.  If transcript was used at trial, the date the

transcript was read into the record is to be noted on the supporting documentation."

None of this information is made available to the Court, or to the Plaintiff in preparing this challenge, as to the 17 items claimed as taxable costs.  Plaintiff do not recall the Defendant using the depositions of Bradley Sewick, Jermaine O'Neal, John Bederka, Michael Dowling, Sami Khal, Timothy Smith, and Ronda Wilson, either being read into the record in trial, or being used to impeach a witness at trial.  It is up to the Defendant to provide the date on which such was done, if in fact it was.

Finally, as to all of the claims transcripts Defendant has made no showing that such were filed with the Court, as required by p. 2 of the handbook.  Defendant must make such a showing, in order to tax such costs.

Item DD is a $150.00 Subpoena fee for Alvin Shackleford, yet the attached invoice shows that it was a rush service done August 15, 2006.  To counsel's knowledge, Mr. Shackleford did not appear in court in October, as a result of being served with a Subpoena.  With a proper foundational showing, Plaintiff concedes that this amount is taxable.

Item EE, Trial Costs, in the amount of $1,572.41, is simply not taxable. Defendant does not justify this item under any thong of § 1920, or any part of the Trial Handbook.  The invoices submitted to justify this expense clearly shows that the money was spent for things which simply are not taxable.

Finally, Item FF, the costs of obtaining an expedited trial transcript, is not taxable. As the Costs Handbook points out, in § B 2 A, the costs of a daily or expedited copy produced solely for the convenience of counsel of a trial transcript, is not taxable.  There

is no showing that this trial transcript was procured at the direction of the court, or ordered for appeal purposes, or for any other purpose provided for in the Bill of Costs Handbook.  Furthermore, Defendant makes no showing that this item of cost is properly taxable under § 1920.

Each item charged by Ambassador Legal Service, attached as an exhibit to Defendant's Cost Motion, carries with it a quote "appearance fee" or an "after hours fee" or a "surcharge."  None of these are taxable under the court rule.

## CONCLUSION

For these reasons, Plaintiff respectfully request that this Honorable Court deny Defendant's Bill of Costs in its entirety.  To the extent that this Court wishes to allow Defendant to support certain items of the Bill of Costs as properly taxable, the Court may do so at its discretion.

CHARFOOS & CHRISTENSEN, P.C.

BY:   s/L.S. CHARFOOS
        L.S. CHARFOOS P11799
        JASON J. THOMPSON P47184
        CHARFOOS & CHRISTENSEN, P.C.
        Attorneys for Plaintiffs
        5510 Woodward Avenue
        Detroit, MI  48202
        313-875-8080
        lcharfoos@c2law.com
        jthompson@c2law.com
        Attorneys for Plaintiff

Dated:  November 15, 2006

# CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2006, I presented the foregoing Plaintiff's Response to Defendant's Indiana Pacers Motion for Taxation of Costs and Certificate of Service to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the following: Brian M. Akkashian @ bakkashian@dickinsonwright.com; Richard M. Apkarian @ rapkarian@dickinsonwright.com; Hiaeaki Sano @ sano@millercanfield.com; and Steven M. Potter @ spotter@potterlaw.com; notice will be delivered by other means to: NONE


        s/L.S. CHARFOOS_____
                L.S. CHARFOOS P11799
                JASON J. THOMPSON P47184
                CHARFOOS & CHRISTENSEN, P.C.
                Attorneys for Plaintiffs
                5510 Woodward Avenue
                Detroit, MI  48202
                313-875-8080
                lcharfoos@c2law.com
                jthompson@c2law.com
                Attorneys for Plaintiff