UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HADDAD,

    Plaintiff,

-vs-

INDIANA PACERS, an assumed name a/k/a PACERS BASKETBALL CORPORATION, an Indiana corporation, JERMAINE O'NEAL and ANTHONY JOHNSON,

    Defendants.

Case No. 04-CV-74932

Hon. ANNA DIGGS TAYLOR

Mag. Judge Donald A. Scheer

---

L.S. CHARFOOS (P11799)
JASON J. THOMPSON (P47184)
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, Michigan 48202
(313) 875-8080/FAX 8522

LAWRENCE G. CAMPBELL (P11553)
BRIAN M. AKKASHIAN (P55544)
RICHARD M. APKARIAN, JR. (P66206)
Attorneys for Jermaine O'Neal
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

WILLIAM D. TEMKO
JOSEPH YBARRA
Co-Counsel for Jermaine O'Neal
355 S. Grand Avenue, 35th Floor
Los Angeles, California 90071
(213) 683-9266

Potter, DeAgostino, O'Dea & Patterson
STEVEN M. POTTER (P33344)
Attorney for Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700/FAX 0051

MATTHEW F. LEITMAN (P48999)
HIDEAKI SANO (P61877)
Attorneys for Anthony Johnson
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
(248) 267-3294/ FAX (248) 879-2001

---

**DEFENDANT INDIANA PACERS' MOTION TO REQUIRE SUBMISSION OF SETTLEMENT AMOUNT FROM CO-DEFENDANT TO COURT PENDING RESOLUTION OF DEFENDANT INDIANA PACERS' MOTION FOR TAXATION OF COSTS**

NOW COMES Defendant, INDIANA PACERS, an assumed name a/k/a PACERS BASKETBALL CORPORATION, an Indiana corporation, by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and for its Motion to Require Submission of Settlement Amount from Co-defendant to Court Pending Resolution of Defendant Indiana Pacers' Motion for Taxation of Costs, states as follows:

1. Prior to trial in this matter, Plaintiff reached a settlement with Co-Defendant Anthony Johnson.

2. On Thursday, October 19, 2006, the jury returned its verdict in the above-referenced matter in favor of Defendants and against Plaintiff, CHARLIE HADDAD.

3. That pursuant to 28 USC §1920, costs are allowed to the prevailing party in an action.

4. Defendant Indiana Pacers previously filed a Motion for Taxation of Costs seeking reimbursement of costs.

5. Defendant submits that the settlement funds to be paid by Co-Defendant Anthony Johnson must be placed with the Court pending resolution of Defendant's Motion for Taxation of Costs.

6. Such a requirement is appropriate in light of the evidence regarding Plaintiff's annual income being less than $10,000 for the years 2003 through 2005 (Exhibit A, Defendant's Trial Exhibit QQ).

WHEREFORE, Defendant requests that this Honorable Court enter an Order granting Defendant's Motion to Require Submission of Settlement Amount from Co-defendant to Court Pending Resolution of Defendant Indiana Pacers' Motion for Taxation of Costs. Defendant requests an Order requiring Co-Defendant Anthony Johnson to pay the settlement amount to the Court to be held until Defendant's Motion Taxation of Costs is resolved and to satisfy any award of costs from the settlement amount prior to releasing the money to Plaintiff.

                                      Respectfully submitted,

                                      POTTER, DeAGOSTINO, O'DEA & PATTERSON

                                      s/ RICK J. PATTERSON (P55706)
                                      Attorney for Defendant Indiana Pacers
                                      2701 Cambridge Court, Suite 223
                                      Auburn Hills, Michigan 48326
                                      (248) 377-1700
Dated:   November 27, 2006          rjpatterson@potterlaw.com

### **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR TAXATION OF COSTS**

Defendant Indiana Pacers has filed the instant motion because it fears that it will be unable to recover its costs in this matter due to Plaintiff's limited income. Defendant previously filed a Motion for Taxation of Costs to recover the costs permitted by 28 U.S.C. 1920. At trial in this matter, the evidence revealed that Plaintiff had limited income (Exhibit A), which would limit and/or prevent him from satisfying the award of costs to Defendant Indiana Pacers in this matter.

Prior to trial in this matter, Plaintiff settled his claims with Co-Defendant Anthony Johnson for an amount in excess of the costs requested by Defendant in its Motion for Taxation of Costs. The concern regarding the collection of costs is eliminated if Co-Defendant Anthony Johnson is required to submit the amount of the settlement to the Court pending resolution of Defendant's motion.

The instant motion is akin to a request for security for costs. There is no general federal or civil rule governing the matter, therefore, the issue of requiring security rests in the sound discretion of the district judge. *Soo Hardwoods, Inc. v. Universal Oil Products Company*, 493 F.Supp. 76 (W.D. Mich 1980) (citing *Urbain v. Knapp Brothers Manufacturing Company*, 217 F.2d 810 (6th Cir 1954)). In *Soo*

*Hardwoods* an insolvent plaintiff filed an anti-trust claim against the defendant. The defendant filed a motion to require the plaintiff to post security for anticipated legal fees and costs in the litigation. The court noted that if the defendant prevailed, it would be entitled to make a claim for costs pursuant to Fed.R.Civ.P. 54(d), but that defendant would not be able to collect such costs from the dissolved and insolvent plaintiff. "The cases establish that a court may require security for costs when the plaintiff's claim is of dubious merit, plaintiff lacks financial responsibility, and defendant will incur substantial expense." *Id*. at 77. Based on the difficulty of the defendant recovering its fees in the future and the court's determination that the plaintiff's claims were of little merit, the court exercised its discretion to direct plaintiff to post an amount to cover the costs associated with the action.

While the *Soo Hardwoods* case is obviously factually different than the circumstances now present before the Court, the reasoning is equally applicable and the factors making security for costs are all present. First, in *Soo Hardwoods* the court determined that the plaintiff's claims had little merit. Here, the jury determined that Plaintiff's claims had no merit. Thus, the issue of whether or not costs could be recovered was at issue in *Soo Hardwoods* but is no longer at issue in this case based on the jury verdict of no cause of action.

Second, the court in *Soo Hardwoods* found that the plaintiff lacked financial responsibility because it was insolvent. Here, the evidence presented demonstrates that Plaintiff lacks financial responsibility based on his level of income, as demonstrated by Exhibit A. The caveat to this lack of financial responsibility is, of course, the settlement proceeds to be paid to Plaintiff by Co-Defendant Anthony Johnson. This source of funds is sufficient to satisfy the costs sought by Defendant Indiana Pacers in this

matter and provides the best means for Plaintiff to satisfy his obligation with regard to the costs awarded to Defendant.

Third, Defendant's Motion for Taxation of Costs sets forth a portion of the substantial expense incurred by Defendant in defending against Plaintiff's claims. Any question regarding the amount of the costs to be awarded will be determined by the Court in ruling on Defendant's motion. The amount of the settlement proceeds in excess of the amount awarded by the Court pursuant to 28 USC §1920 can then be disbursed to Plaintiff.

The exercise of the Court's discretion in this matter to require Co-Defendant Anthony Johnson to submit the settlement proceeds to the Court pending the resolution of Defendant's Motion for Taxation of Costs is appropriate based on (1) the jury verdict of no cause of action in this matter, (2) the lack of financial responsibility by Plaintiff, and (3) the substantial expense incurred by Defendant in defending against Plaintiff's claims.

WHEREFORE, Defendant requests that this Honorable Court enter an Order granting Defendant's Motion to Require Submission of Settlement Amount from Co-defendant to Court Pending Resolution of Defendant Indiana Pacers' Motion for Taxation of Costs. Defendant requests an Order requiring Co-Defendant Anthony Johnson to pay the settlement amount to the Court to be held until Defendant's Motion Taxation of Costs is resolved and to satisfy any award of costs from the settlement amount prior to releasing the money to Plaintiff.

POTTER, DeAGOSTINO, O'DEA & PATTERSON

s/ RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700

Dated:   November 27, 2006           rjpatterson@potterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record to this cause of action.

s/ RICK J. PATTERSON (P55706)
Attorney for Defendant Indiana Pacers
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700

Dated:   November 27, 2006           rjpatterson@potterlaw.com